**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:21-CV-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of
W.H., a minor, ROBYN MCCARTHY and JOHN
MCCARTHY, individually and on behalf of L.M., a minor,
AMANDA BANEK, individually and on behalf of D.B.
and B.B, minor children, KAS ARONE-MILLER,
individually and on behalf of R.M. and L.M., Minor
children, LISHA TODD, individually and on behalf of J.T,
a minor, JAMIE KINDER, individually and on behalf of
R.K., a minor, CHRIS RODRIGUEZ, individually and on
behalf of J.D.-F., a minor, JACK KOCH, individually and
on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of
P.T., a minor, EREN DOOLEY, individually and on behalf
of G.D., a minor, TOM COLLINS, individually and on
behalf of Q.C., a minor,

Plaintiffs,

vs.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD
CORCORAN, in his official capacity as Commissioner of
the Florida Department of Education, ORANGE COUNTY
SCHOOL BOARD, MIAMI DADE COUNTY SCHOOL
BOARD, HILLSBOROUGH COUNTY SCHOOL
BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO
COUNTY SCHOOL BOARD, ALACHUA COUNTY
SCHOOL BOARD and VOLUSIA COUNTY SCHOOL
BOARD.

Defendants.

_____/

**DEFENDANT, PASCO COUNTY SCHOOL BOARD'S,**
**RESPONSE TO PLAINTIFF'S AMENDED REQUEST FOR PRELIMINARY**
**INJUNCTION**

   **COMES NOW**, Defendant, PASCO COUNTY SCHOOL BOARD ("Pasco"), and

hereby responds to the Plaintiffs' amended request for Preliminary Injunction as directed by the

*Hayes, et al., v. DeSantis, et al.,*
*Case No. 1:21-cv-22863-KMM*
*Page 2 of 7*
_____

Court's August 10, 2021, Order Setting Briefing Schedule on Motion for Preliminary Injunction

[20], and opposes Plaintiffs' request for reasons that follow:

## PRELIMINARY STATEMENT AND BACKGROUND

1.      On July 30, 2021, Defendant, Governor DeSantis signed Executive Order 21-175,

which prevents Florida school boards from mandating Florida K-12 public school students wear

face coverings/masks at public schools, and which otherwise grants the parents of such students

the right to determine whether to require their student(s) to wear face coverings at public schools.

2.       Plaintiffs are a collection of parents who seek to enjoin the Governor,

Department of Education and the Chancellor of the Department of Education from enforcing its

Executive Order regarding face covering mandates by various School Boards throughout the

State of Florida, both **within** and **outside** of the geographical venue of the Southern District.

3.      Plaintiffs Robyn McCarthy, John McCarthy, L.M., Amanda Banek, D.B., B.B.,

Alisha Todd, J.T., Chris Rodriguez, J.D.-F., Tom Collins, Q.C., all reside in, and attend public

schools operated by school boards with authority over counties **within** this venue.

4.      Plaintiffs Judith Anne Hayes, W.H., Kas Arone-Miller, R.M., L.M., Jamie Kinder,

R.K., Jack Koch, R.K., B.K., A.K., Kristen Thompson, P.T., Eren Dooley, G.D., all reside in and

attend public schools operated by school boards with authority over counties **outside** this venue.

5.      Each student Plaintiff has identified that student's unique disability and health

concern. (See ¶¶ 2, 5, 7, 8, 10, 11, 13, 15, 17, 19 – 21, 23, 25, and 26.)

6.      Of the student Plaintiffs in Pasco County, Florida, R.K receives educational

services from Pasco for disabilities under a 504 plan (Complaint ¶ 138), and B.K. and A.K. each

receive services for their respective disabilities from Pasco under an Individual Educational Plan

(I.E.P.) (See ¶¶ 139-140).  None has alleged to have nor pursued any remedies to amend their

students' existing accommodations to address the concerns raised in this Complaint/Motion prior

to their filing of this action.

  7.  Pasco, like co-Defendant School Boards Orange, Hillsborough, Alachua, and

Volusia County, are school boards charged with the operation and authority over their respective

counties' public schools ***outside*** this venue.

  8.  The Plaintiffs acknowledge that each school board is the "corporate and

governmental agency duly empowered by the constitution and statutes of the State of Florida to

administer, manage, and operate" public schools within its respective county.  (See ¶¶ 31, 33, 36,

37, and 38).

  9.  As part of a comprehensive set of COVID-19 related mitigation measures, Pasco

currently has in place procedures which strongly recommend (but do not require) students, staff,

and school visitors to wear face coverings/masks while in school facilities based upon CDC

guidelines.  Such procedures are subject to modification as recommended by the CDC and other

State and local health authorities.

## RESPONSE IN OPPOSITION

  10.  Pasco opposes the request based upon its objections to this venue for the

following reasons.

  11.  First, Pasco has no contacts with this venue.  Pasco is not alleged to have any

interactional contact or jurisdictional authority over any of the Plaintiffs in this venue; nor to

have conducted any business activity or been involved in any enterprise giving rise to this action

with the Plaintiffs within this venue.  Moreover, Pasco has no jurisdiction nor authority to act

within this venue.  Pasco respectfully asserts that the Southern District is an inappropriate venue for litigation against it in this matter.

12.     Secondly, the Plaintiffs' acknowledge that Pasco, (like each of the other school board defendants) is the "corporate and governmental agency duly empowered by the constitution and statues of the State of Florida to administer, manage, and operate" public school within its respective county.  (See ¶¶ 31, 33, 36, 37, and 38).  Under State Law, School Boards as political subdivisions are entitled to a home venue privilege to be sued within the venue assigned to its principal geographical location – for Pasco, this would be Pasco County Florida, or the Federal Court for the Middle District of Florida.

13.     To the extent that the Plaintiffs seek to utilize *equitable relief* under Florida State law, §1000.05, Fla. Stat. (2109) (also referred to as the "FEEA")[1] to support their Preliminary Injunction, it more clearly evokes the application and protection of the Florida home venue privilege.

14.     With regard to the remainder of the substance of the Plaintiffs' request for injunctive relief, Pasco reserves its defenses and opposition as no affirmative relief was sought of it by Plaintiffs in the Amended Motion for Preliminary Injunction.  (See Amended Motion page 21).[2]

## **MEMORANDUM OF LAW**

---

[1] In the "wherefore" clause of Count 3 of the Plaintiff's Complaint, the Plaintiff requests "such relief as the court deems just and equitable."

[2] In the "wherefore" clause of the Plaintiff's Motion for Preliminary Injunction, the Plaintiff is requesting the Court to "immediately enjoin enforcement of Defendant Governor DeSantis' Executive Order 21-175."   Pasco has no legal authority to enforce such executive order, and Pasco has otherwise developed its procedures regarding face coverings accordingly.

*Hayes, et al., v. DeSantis, et al.,*
*Case No. 1:21-cv-22863-KMM*
*Page 5 of 7*
_____

15.    As to the first objection, for the purposes of determining the authorized and appropriate venue for litigation of Federal questions, 28 U.S.C. 1331, provides in pertinent part as follows:

> (b) Venue in general.--A civil action may be brought in--
>     (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;…
>
> (d) Residency of corporations in States with multiple districts.--For purposes of venue under this chapter, <u>in a State which has more than one judicial district</u> <u>and</u> in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, <u>such corporation shall be deemed to reside in any district in that State</u> <u>within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State</u>, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

16.    This provision has been interpreted to require courts to "focus on relevant activities of the defendant, not of the plaintiff."  Moreover, the court's analysis regarding venue should "ensure that a defendant is not hailed into a remote district having no real relationship to the dispute."  See *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F.Supp.2d 1353, 1357 - 1358 (2009) (citing, *Jenkins Brick Co., v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003), and *Woodke v Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

17.    In this preliminary matter, the Plaintiffs principal dispute appears to be with the Governor.

18.    Both the Complaint and Amended Motion fail to allege that Pasco has any contacts within this Court's District, or that Pasco has engaged in any relevant action or conduct within the venue of this Court's District, or that Pasco has the legal authority to act within this Court's District.

*Hayes, et al., v. DeSantis, et al.,*
*Case No. 1:21-cv-22863-KMM*
*Page 6 of 7*
_____

19.     Likewise, the Complaint and Amended Motion fail to allege any of the Plaintiffs

***within*** the Southern District's geographical venue have been or will be affected by any specific

action taken by or conduct of Pasco.

20.     As to the second objection, under State law, the authorized and appropriate venue

for litigation on such statute is established by §47.011, Fla. Stat., which provides as follows:

> Actions shall be brought only in the county where the defendant resides,
> where the cause of action accrued, or where the property in litigation is
> located.

21.     As acknowledged by the Plaintiffs, Pasco is the "corporate and governmental

agency empowered by the constitution and statutes of the State of Florida to administer, manage,

and operate" the public schools within Pasco County, Florida.  (See, ¶ 36)

22.     Since Pasco has not, through any action or conduct, submitted itself to the venue

of this Court's District, Pasco has and hereby asserts its State and common law "home venue

privilege" to be sued in the county where it maintains its principal headquarters.   See, § 47.011,

Fla. Stat.; and *School Bd. of Osceola County v. State Bd. of Educ*., 903 So.2d 963, 966 (Fla. 5th

DCA 2005).

23.      Such home venue privilege was created by common law, and among other things,

the privilege is intended to "promote orderly, efficient, and economical government" by allowing

governmental entities to be sued in the county of their headquarters, "where such suits can be

defended at a minimum expenditure of effort and public funds."  *Smith v. Williams*, 35 So.2d 844

(Fla. 1948); *Florida Dept. of Children and Families v. Sun-Sentinel*, 865 So.2d 1278, 1287 (Fla.

2004) ("Sun-Sentinel II").  See also, *Fish & Wildlife Conservation Com'n v. Wilkinson*, 799

So.2d 258, 263 (Fla. 2d DCA 2001).

*Hayes, et al., v. DeSantis, et al.,*
*Case No. 1:21-cv-22863-KMM*
*Page 7 of 7*
_____

24.     In consideration of these principles, Pasco asserts that the Plaintiffs' venue

selection in this venue is inappropriate as it relates to any claim against Pasco.

## CONCLUSION

For the aforementioned reasons, Pasco should be dismissed from the relief requested by

the Complaint and Amended Motion for lack of personal jurisdiction, based upon Plaintiff's

choice of improper venue against Pasco, and based upon Pasco's home venue privilege.

Dated 24 August 2021

**MCCLAIN ALFONSO, P.A.**
Post Office Box 4
37908 Church Avenue
Dade City, Florida 33526-0004
Telephone:   (352) 567-5636
Facsimilie:  (352) 567-6696
Email:  DAlfonso@mcclainalfonso.com
Secondary email:  Eserve@mcclainalfonso.com
Attorney for the Defendant,
        Pasco County School Board

s/ *Dennis J. Alfonso*
_____
DENNIS J. ALFONSO, Esquire
Florida Bar Number:  843271

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the undersigned electronically filed the foregoing with the

Clerk of the Court via the CM/ECF system on August 24, 2021, and requested the Clerk provide

electronic notification to all counsel of record.

s/ *Dennis J. Alfonso*
_____
DENNIS J. ALFONSO, Esquire
Florida Bar Number:  843271