UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 21-cv-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of
W.H., a minor, ROBYN MCCARTHY and JOHN
MCCARTHY, individually and on behalf of L.M., a minor,
AMANDA BANEK, individually and on behalf of D.B.
and B.B, minor children, KAS ARONE-MILLER,
individually and on behalf of R.M. and L.M., Minor
children, LISHA TODD, individually and on behalf of J.T,
a minor, JAMIE KINDER, individually and on behalf of
R.K., a minor, CHRIS RODRIGUEZ, individually and on
behalf of J.D.-F., a minor, JACK KOCH, individually and
on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of
P.T., a minor, EREN DOOLEY, individually and on behalf
of G.D., a minor, TOM COLLINS, individually and on
behalf of Q.C., a minor,

    Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD
CORCORAN, in his official capacity as Commissioner of
the Florida Department of Education, ORANGE COUNTY
SCHOOL BOARD, MIAMI DADE COUNTY SCHOOL
BOARD, HILLSBOROUGH COUNTY SCHOOL
BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO
COUNTY SCHOOL BOARD, ALACHUA COUNTY
SCHOOL BOARD and VOLUSIA COUNTY SCHOOL
BOARD,

    Defendants.
_____/

## DEFENDANT, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA'S[1], RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION

---

[1]     The proper name for the Defendant is The School Board of Hillsborough County, Florida. *See* § 1001.40, Fla. Stat.

59600987;4

Defendant, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA ("HCSB"), by and through undersigned counsel, pursuant to the Court's Order Setting Briefing Schedule [Doc. 20], responds in opposition to the Amended Motion for Preliminary Injunction ("Amended Motion") filed by Plaintiffs, JUDITH ANNE HAYES, individually and on behalf of W.H., a minor, ROBYN MCCARTHY and JOHN MCCARTHY, individually and on behalf of L.M., a minor, AMANDA BANEK, individually and on behalf of D.B. and B.B, minor children, KAS ARONE-MILLER, individually and on behalf of R.M. and L.M., Minor children, LISHA TODD, individually and on behalf of J.T, a minor, JAMIE KINDER, individually and on behalf of R.K., a minor, CHRIS RODRIGUEZ, individually and on behalf of J.D.-F., a minor, JACK KOCH, individually and on behalf of R.K, B.K., and A.K., minor children, KRISTEN THOMPSON, individually and on behalf of P.T., a minor, EREN DOOLEY, individually and on behalf of G.D., a minor, TOM COLLINS, individually and on behalf of Q.C., a minor (collectively, "Plaintiffs") [Doc. 17], and states:

## INTRODUCTION

Plaintiffs' Amended Motion does **not** appear to seek relief against HCSB. Nevertheless, HCSB responds, in an abundance of caution, pursuant to this Court's August 24, 2021 Order. To the extent the Amended Motion seeks relief against HCSB with respect to an Executive Order from Governor Ron DeSantis, this Court should deny the same, because venue for any such claim against HCSB should be in the Middle District of Florida, and independently because HCSB has no authority to issue or retract Executive Orders.

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

1.    On August 6, 2021, Plaintiffs filed their Complaint against Governor Ron DeSantis, the Florida Department of Education, Commissioner Richard Corcoran, and eight (8) Florida

school boards, including HCSB, for alleged violations of the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act (the "Rehabilitation Act"). *See* Doc. 1. On the same day, Plaintiffs also filed their Motion for Preliminary Injunction – Expedited Motion. *See* Doc. 2.

2. On August 9, 2021, Plaintiffs served HCSB with the Complaint and Motion for Preliminary Injunction. *See* Doc. 15.

3. On August 10, 2021, Plaintiffs filed their Amended Motion. *See* Doc. 17.

4. Plaintiffs are a collection of parents and students which reside in the eight (8) different counties involved in this action. *See* Doc. 1, ¶¶ 1-27.

5. Specifically, Plaintiff, Kas Arone-Miller, is an individual that resides in Hillsborough County, Florida, and she is the mother of R.M. and L.M. *Id*. at ¶ 6.

6. Plaintiffs, R.M. and L.M., are students that reside in Hillsborough County, Florida. *Id*. at ¶¶ 7-8.

7. Plaintiff, Eren Dooley, is an individual that resides in Hillsborough County, Florida, and she is the mother of G.D. *Id*. at ¶ 24.

8. Plaintiff, G.D., is a student that resides in Hillsborough County, Florida. *Id*. at ¶ 25.

9. HCSB operates the Hillsborough County Public Schools and its principal headquarters is in Hillsborough County, Florida. *Id*. at ¶ 33.

10. Plaintiffs seek to enjoin enforcement of Defendant Governor Ron DeSantis's July 30, 2021, Executive Order 21-175 ("Ensuring Parents' Freedom to Choose – Masks in School"). *See* Amended Motion, p. 9 ("Plaintiffs seek a **mandatory preliminary injunction commanding that Governor DeSantis and the Florida Department of Education refrain from enforcing Executive Order 21-175**."), and p. 21 ("WHEREFORE, Plaintiffs, on behalf of their children with

disabilities, respectfully request that this **Court immediately enjoin enforcement of Defendant Governor DeSantis' Executive Order 21-175**") (emphasis added).

11. In the Complaint, Plaintiffs allege that the Executive Order conflicts with each school board's obligations to students under the Individuals with Disabilities Education Act ("IDEA"), the ADA, and the Rehabilitation Act. *See* Doc. 1, ¶ 49.

12. On August 18, 2021, HCSB held an emergency board meeting where a motion to require mandatory face coverings for all students and staff for a period of 30 days was approved (the "HCSB Emergency Rule"). *See* Emergency Rule of the School Board of Hillsborough County, attached as **Exhibit 1**. The HCSB Emergency Rule requires facial coverings for all students, teachers, staff, and employees, subject only to medical exemptions evidenced by medical certification from a doctor. *Id*.

13. The Complaint alleges that venue in the Southern District of Florida is proper because Defendants, Miami Dade County School Board, Palm Beach County School Board, and Broward County School Board reside in this judicial district, and because children L.M., D.B., B.B., J.T., J.D.-F, and Q.C. reside and go to school in the judicial district. *Id*. at ¶ 41.

14. HCSB does **not** have its principal headquarters in the Southern District of Florida. *See id*. at ¶ 33.

15. HCSB opposes the Amended Motion because: (1) the home venue privilege permits HCSB to insist venue for any claim against it be adjudicated in the Middle District of Florida; (2) the case against HCSB should be transferred to the Middle District of Florida, Tampa Division for convenience of the witnesses and the parties under 28 U.S.C. § 1404; and (3) the relief sought by Plaintiffs is not sought from HCSB.

## **MEMORANDUM OF LAW**

### A. *Venue in the Southern District of Florida is Improper due to the Home Venue Rule.*

"The district court of a district in which is filed a case laying venue in the wrong division or district **shall dismiss**, **or** if it be in the interest of justice, **transfer** such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Venue is improper in the Southern District of Florida due to the Home Venue Privilege Rule. "The home venue rule provides that actions against municipal corporations are inherently local and that, in the absence of statutory provisions to the contrary, **venue of such actions is in the county where the municipalities are located.**" *MSPA Claims 1, LLC v. Halifax Health, Inc.*, 2017 WL 7803813, at *4 (S.D. Fla. Oct. 13, 2017) (citing *Boca Raton Hous. Auth. v. Carousel Dev, Inc.*, 482 So. 2d 543. 544 (Fla. 3d DCA 1986) (emphasis added). It is a long-established common law that when the state or one of its agencies it sued, venue properly lies where the agency maintains its principal headquarters. *Id*. "The primary purpose of this rule is to promote the orderly and uniform handling of litigation against governmental entities and to help minimize expenditures of public funds and manpower." *Sch. Bd. v. State Bd. of Educ.*, 903 So.2d 963, 966 (Fla. 5th DCA 2008). "Absent waiver or application of an identified exception, the home venue privilege appears to be a matter of right." *Id*.; *Bush v. State*, 945 So. 2d 1207, 1212 (Fla. 2006) (stating that the privilege is an "**absolute right**") (emphasis added); *see also Osceola Cnty. v. State Bd. of Educ.*, 903 So.2d 963 (Fla. 5th DCA 2005).

HCSB is a subdivision of the State of Florida that maintains its principal headquarters in Hillsborough County, Florida. HCSB has not and does not waive its home venue privilege, nor have Plaintiffs established that the claims against HCSB fall within one of the exceptions to the

home venue privilege.[2] Further, the home venue privilege can be asserted and must be honored in a matter pending in a federal district court. *See MSPA Claims 1, LLC*, 2017 WL 7803813 *4 (federal question cause of action against special taxing district with its principal place of business in Volusia County, Florida, was transferred from the Southern to the Middle District of Florida, since Volusia County lies in the Middle District of Florida).

### B.    *Alternatively, HCSB is entitled to a transfer to the Middle District under 29 U.S.C. § 1404(a).*

If not dismissed or transferred under 28 U.S.C. § 1406, any claim against HCSB should still be transferred to the Middle District of Florida under 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Courts are given broad discretion to avoid unnecessary inconvenience to parties, their witnesses and the public, and to promote judicial economy. *See Watson v. Cmty. Educ. Centers, Inc.*, 2011 WL 3516150, at *2 (M.D. Fla. Aug. 11, 2011); *Gibson v. Scap*, 2012 WL 1288880, at *1 (M.D. Fla. Apr. 16, 2012) (granting motion to transfer venue).

"A court must consider two issues to determine whether transferring venue is appropriate: 1) whether the action might have been brought in the venue to which transfer is sought; and 2) whether various factors are satisfied to determine if transfer to a more convenient forum is justified." *Olivera v. W.S. Badcock Corp.*, 2020 WL 70973, at *1 (M.D. Fla. Jan. 7, 2020) (granting motion to transfer under section 1404). If the action might have been brought in the venue to which

---

[2] There are four recognized exceptions to the home venue privilege: (1) where the legislature has waived the privilege by statute; (2) the sword-wielder exception; (3) where the governmental defendant is a joint tortfeasor; and (4) where a party petitions the court for an order to gain access to public records. *Pinellas Cnty. v. Baldwin*, 80 So.3d 366 (Fla. 2d DCA 2012). Plaintiffs have not established that any of the four exceptions to the privilege apply.

transfer is sought, then the Eleventh Circuit has identified factors the Court should apply when considering a section 1404 motion to transfer which include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (quoting *Manuel v. Convergys Corp.*, 430 F. 3d 1132, 1135 n. 1 (11th Cir. 2005)); *see also Am. Aircraft Sales Int'l, Inc. v. Airwarsaw Inc.*, 55 F. Supp. 2d 1347 (M.D. Fla. Jul. 2, 1999) (granting motion to transfer venue from Middle District of Florida to the Northern District of Indiana); *Central Money Mortg. Co., [IMC], Inc. v. Holman, et al.*, 122 F. Supp. 2d 1345 (M.D. Fla. Sep. 29, 2000) (granting motion to transfer venue to District of Maryland). The purpose of section 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).

Here, the two-issue analysis is satisfied because this action could have been brought in the Middle District of Florida under the federal question claim; Plaintiffs Kas Arone-Miller, R.M., L.M., Eren Dooley, and G.D are residents of Hillsborough County, Florida; and they assert claims against HCSB, a governmental entity with its principal place of business in Hillsborough County, Florida.

The Middle District of Florida is not only the proper venue, but a more convenient venue for many of the parties and witnesses. In addition to HCSB, Defendants Orange County School Board, Pasco County School Board, and Volusia County School Board are located in the Middle District of Florida. Further, the Plaintiffs asserting claims against those school boards are also

located in the Middle District of Florida. Therefore, it would be less expensive to transfer venue to the Middle District of Florida. All relevant documents concerning students R.M., L.M., and G.D., are located in Hillsborough County with HCSB. With respect to prong (3), the balance of convenience of the parties strongly favors HCSB, as demonstrated in the home venue privilege analysis, *supra*. The home venue privilege establishes, in the law, a governmental entity's right to convenience of forum.

With respect to factors (4) and (8), "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Hight v. U.S. Dep't of Homeland Sec.,* 391 F. Supp. 3d 1178, 1185 (S.D. Fla. 2019). In determining whether to transfer venue, the locus of operative facts is considered a "primary" factor by courts. *Id*. Here, Plaintiffs' choice of forum should not be accorded deference because neither Plaintiffs nor HCSB have any nexus to the Southern District of Florida. *MSPA Claims 1, LLC*, 2017 WL 7803813, at *5 (finding "Plaintiff's choice of forum is entitled to little deference"). Rather, the Southern District of Florida was selected for the convenience of the attorneys representing Plaintiffs, since the attorneys are based in Miami, Florida. The operative facts underlying Plaintiffs' causes of action against HCSB did not occur in the Southern District of Florida. The operative facts occurred in the Northern District of Florida (Tallahassee), where the Executive Order issued, and in the Middle District of Florida (Tampa), where HCSB allegedly detrimentally impacted R.M.'s, L.M.'s, and G.D.'s federal rights as students with alleged disabilities.

Finally, HCSB is amenable to this transfer of forum. Accordingly, venue in the Middle District of Florida is proper. If not dismissed or transferred under Section 1406, this Court should

59600987;4

transfer venue to the Middle District of Florida under Section 1404, in the interest of justice and convenience for the parties and witnesses.

    C.    ***The Amended Motion seeks Relief from Defendants, Governor DeSantis and the Florida Department of Education, <u>not</u> HCSB.***

Plaintiffs seek to enjoin enforcement of Governor Ron DeSantis's July 30, 2021, Executive Order 21-175 ("Ensuring Parents' Freedom to Choose – Masks in School"). *See* Amended Motion, p. 21 ("WHEREFORE, Plaintiffs, on behalf of their children with disabilities, respectfully request that this Court immediately **enjoin enforcement of Defendant Governor DeSantis' Executive Order 21-175**") (emphasis added). As with the other defendant school boards, **HCSB neither issued the Executive Order nor has the power to retract it**. Thus, the Amended Motion is not directed to HCSB. Indeed, Plaintiffs appear to recognize that the Amended Motion does not seek relief against HCSB. *See* Amended Motion, p. 9 ("Plaintiffs seek a mandatory preliminary injunction **commanding that Governor DeSantis and the Florida Department of Education refrain from enforcing Executive Order 21-175**.") (emphasis added).[3]

Evidently, the Executive Order came from Governor Ron DeSantis, and it is being enforced by the State Board of Education. Adjudication of injunctive relief in this matter is by and between Plaintiffs, the Governor, and the State Board of Education, and **not HCSB**.

## CONCLUSION

For the aforementioned reasons, HCSB respectfully requests the Court to enter an Order denying any injunctive relief against HCSB and dismissing the Complaint against HCSB. Without

---

[3]     HCSB issued a 30-day mandatory mask requirement on August 18, 2021. *See* Ex. 1. "An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. A case is 'moot' when it presents no actual controversy or when the issues have ceased to exist." *Merkle v. Jacoby*, 912 So. 2d 595, 600 (Fla. 2d DCA 2005). HCSB will revisit the emergency rule in 30-days. But, at this time, there is no expressed need for a preliminary injunction against HCSB in the Amended Motion.

waiving personal jurisdiction and the venue privilege, HCSB reserves all other legal arguments and defenses for a later date.

Dated: August 24, 2021

Respectfully submitted,

*/s/ Jason L. Margolin*
**JASON L. MARGOLIN, ESQ.**
Florida Bar Number: 69881
Email: jason.margolin@akerman.com
**ZARRA R. ELIAS, ESQ.**
Florida Bar No. 089020
zarra.elias@akerman.com
**MELISSA TORRES, ESQ.**
Florida Bar Number: 1002646
Email: melissa.torres@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
***Attorneys for Defendant, The School Board of Hillsborough County, Florida***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2021, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, who will provide electronic notification to all counsel of record.

*/s/ Jason L. Margolin*
Jason L. Margolin