**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 1:21-cv-22863-KMM**

JUDITH ANNE HAYES, individually and on behalf of W.H., a minor, ROBYN MCCARTHY and JOHN MCCARTHY, individually and on behalf of L.M., a minor, AMANDA BANEK, individually and on behalf of D.B. and B.B., minor children, KAS ARONE-MILLER, individually and on behalf of R.M. and L.M., minor children, ALISHA TODD, individually and on behalf of J.T, a minor, JAMIE KINDER, individually and on behalf of R.K., a minor, CHRIS RODRIGUEZ, individually and on behalf of J.D.-F., a minor, JACK KOCH, individually and on behalf of R.K, B.K., and A.K., minor children, KRISTEN THOMPSON, individually and on behalf of P.T., a minor, EREN DOOLEY, individually and on behalf of G.D., a minor, TOM COLLINS, individually and on behalf of Q.C., a minor,

    Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official Capacity as Governor of the State of Florida; FLORIDA DEPARTMENT OF EDUCATION, RICHARD CORCORAN, in his official capacity as Commissioner of the Florida Department of Education, ORANGE COUNTY SCHOOL BOARD, MIAMI DADE COUNTY SCHOOL BOARD, HILLSBOROUGH COUNTY SCHOOL BOARD, PALM BEACH SCHOOL BOARD, BROWARD COUNTY SCHOOL BOARD, PASCO COUNTY SCHOOL BOARD, ALACHUA COUNTY SCHOOL BOARD and VOLUSIA COUNTY SCHOOL BOARD,

    Defendants.

_____/

**DEFENDANT ORANGE COUNTY SCHOOL BOARD'S RESPONSE OPPOSING**
**PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION**

DEFENDANT ORANGE COUNTY SCHOOL BOARD ("OCSB"), by and through undersigned counsel and pursuant to this Court's Order Setting Briefing Schedule [20], responds to and opposes Plaintiff's Amended Motion for Preliminary Injunction [17] and states:

1. On August 6, 2021, Plaintiffs filed a Complaint [1] and Motion for Preliminary Injunction [3] against the Defendants, including OCSB. Plaintiffs served OCSB with the Complaint and Motion for Preliminary Injunction on August 9, 2021. Plaintiffs subsequently filed an Amended Motion for Preliminary Injunction [17] on August 10, 2021 ("Motion").

2. Plaintiff Judith Anne Hayes ("Hayes") and her minor child W.H., reside in Orange County, Florida.

3. Hayes seeks to enjoin OCSB from following Governor DeSantis's July 30, 2021, Executive Order 21-175, which prevents Florida school boards from mandating student mask wearing in public school and instead vests the right to determine mask wearing with the parents of public school students. In the Complaint [1], Hayes alleges the Executive Order conflicts with OCSB's obligations to W.H. under the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("Section 504"). *See* ¶49.

4. As of the date of this filing, OCSB has not enacted a mask mandate. OCSB's current policy requires masks unless a parent or guardian opts a student out of wearing a mask.

5. OCSB opposes the Motion on three grounds.

6. First, OCSB has home venue privilege under Florida law, which grants governmental defendants the right to be sued in the jurisdiction where the governmental defendant maintains its principal headquarters. This is an absolute right, which OCSB does not waive and to which no applicable exception applies. Under this privilege, it is the Middle District of Florida, Orlando Division, not the Southern District, where venue properly lies. The Southern District has no jurisdiction over Hayes' claims against OCSB.

7. Second, the relief Hayes seeks is against Defendants Governor DeSantis and the State Board of Education. In the Complaint, Plaintiff expressly alleges that OCSB is not an adverse party and

acknowledges that the Governor's Executive Order 21-175 threatened non-compliant school boards with penalties, including withholding of funds. *See* ¶¶31, 42, and 44. In the Motion [17], Plaintiff argues that Governor DeSantis does not have the authority to threaten school districts with loss of funding in order to enforce the mask mandate ban. *See* pg. 4. The operative arguments for injunction are solely against the state actors.

8. Lastly, OCSB opposes the Motion on *forum non conveniens* grounds. In the interest of justice and for the convenience of parties and witnesses, Hayes' case against OCSB should be transferred to the Middle District, Orlando Division.

## MEMORANDUM OF LAW

A. <u>OCSB is Entitled to Home Venue Privilege</u>.

Under Florida common law, venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision maintains its principal headquarters. *See Bush v. State of Florida*, 945 So.2d 1207, 1212 (Fla. 2006). The home venue privilege is an "absolute right." *Id*.; *see also Osceola County v. State Board of Education*, 903 So.2d 963 (Fla. 5th DCA 2005).

OCSB is a subdivision of the State of Florida that maintains its principal headquarters in Orange County, Florida. OCSB has not and does not waive its home venue privilege, nor have Plaintiffs established that the claims against OCSB fall within one of the exceptions to the home venue privilege. Further, the home venue privilege can be asserted and must be honored in a matter pending in a federal district court. *See, e.g., MSPA Claims 1, LLC v. Halifax Health, Inc*., 2017 WL 7803813 *4 (S.D. Fla. October 13, 2017)(federal question cause of action against special taxing district with its principal place of business in Volusia County, Florida, was transferred from the Southern to the Middle District, since Volusia County lies in the Middle District of Florida).

There are four recognized exceptions to the home venue privilege: (1) where the legislature has waived the privilege by statute; (2) the sword-wielder exception; (3) where the governmental defendant is a joint tortfeasor; and (4) where a party petitions the court for an order to gain access to public records. *Pinellas County v. Baldwin*, 80 So.3d 366 (Fla. 2nd DCA 2012). Plaintiffs have not established that any of the four exceptions to the privilege apply. There has been no waiver of the privilege by statute, OCSB is not sued as a joint tortfeasor, and Plaintiffs have not petitioned the court for an order to gain access to public records.

The sword-wielder exception does not apply because the acts complained of by Plaintiff Hayes did not occur in any counties encompassed by the Southern District. The sword-wielder doctrine applies where the official action complained of has in fact been or is being performed in the county where the suit is filed or when the threat of such action in said county is both real and imminent. *See Sink v. East Coast Public Adjusters, Inc.*, 40 So.3d 910, 915 (Fla. 3d DCA 2010), (quoting *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So.2d 362, 365 (Fla. 1977)). Here, Hayes is complaining about an Executive Order issued in the Northern District that OCSB has been mandated to follow, to W.H.'s alleged detriment, in the Middle District. The operative facts in this case as it pertains to Hayes and OCSB did not occur in the Southern District.

In addition to the home venue privilege being recognized in federal suits, this Court has also held that "[a] central purpose of the federal venue statute is to ensure that a defendant is not 'hailed into a remote district having no real relationship to the dispute.'" *Hemispherx Biopharma, Inc. v. MidSouth Capital Inc.*, 669 F.Supp.2d 1353, 1357 (S.D. Fla. 2009)(internal citations omitted). Congress's intent in enacting the federal venue statute – 28 U.S.C. §1391 – was to protect defendants; this requires courts to focus on the relevant activities *of the defendant* when

determining proper venue. *Hemispherx,* 669 F.Supp.2d at 1356. Here, OCPS has taken no action nor has it failed to act in any geographic location encompassed by the Southern District of Florida.

    B.  <u>The Motion Seeks Relief against Defendant Governor DeSantis, not OCSB.</u>

In the final paragraph of the Motion, Plaintiffs request that the Court "immediately enjoin enforcement of Defendant Governor DeSantis' Executive Order 21-175 and allow the school districts to implement these children's IEP and 504 plans…" *See* pg. 21, Wherefore Clause. It is clear from the Motion that the injunction Plaintiffs seek is against Defendants Governor DeSantis and the State Board of Education. Plaintiffs seek to enjoin enforcement of the Executive Order so that school districts may "follow through with their [Plaintiffs'] IEP and 504 plans as required by Federal law *without state preconditions* that may cause them harm." *See* pg. 4 (emphasis added).

Were OCSB to flout Order 21-175, OCSB would be in the same position as co-Defendants Broward and Alachua County School Boards, who both received Orders from the Defendant State Board of Education on August 20, 2021, demanding that Broward and Alachua comply with Order 21-175. In a press release concerning these Orders, the Defendant State Board of Education stated that "[s]chool board members of [these] districts have willingly and knowingly violated the rights of parents by denying them the option to make health care decisions for their children – a blatant violation of the Parents' Bill of Rights, which Governor DeSantis signed into law on June 29, 2021." Florida Department of Education. (August 20, 2021) *State Board of Education Orders School Boards of Alachua and Broward Counties to Follow the Law* [Press Release]. In the press release, Defendant Richard Corcoran remarked that "[w]e cannot have government officials pick and choose what laws they want to follow." *Id*. He further deemed the actions of these school boards in enacting mask mandates "unacceptable." *Id*.

The Order came from the Governor; it is being enforced by the State Board of Education. Adjudication of injunctive relief in this matter is by and between Plaintiffs and the state actors, not OCSB.

C.  OCSB is Entitled to a Transfer to the Middle District Under 28 U.S.C. §1404(a).

OCSB has the absolute right of home venue privilege, so the Southern District has no jurisdiction over OCSB with respect to the pending Motion and Complaint. Additionally, 28 U.S.C. §1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…" *See Hight v. United States Dep't of Homeland Sec.*, 391 F.Supp.3d 1178, 1182 (S.D. Fla. 2019).

When deciding to transfer, "[f]irst, courts look to whether the case could have been brought in the alternative venue." *Hight,* 391 F.Supp.3d at 1183 (internal citation omitted). Under the first prong, the court must determine whether an action "might have been brought" in any court that has subject matter jurisdiction, where venue is proper, and where the defendant is amenable to process issuing out of the transferee court. *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 157 F. Supp.3d 1219, 1223 (S.D. Fla. 2016) (citing *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985)).

Here, the Middle District would have subject matter jurisdiction over federal question claims Hayes and W.H., who are residents of Orange County, Florida, assert against OCSB, a governmental entity with its principal place of business in Orange County, Florida. Venue in the Middle District is proper. And lastly, OCSB, is amenable to this transfer of forum.

Second, courts evaluate whether "convenience and the interest of justice require transfer." *Rothschild v. Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (USA) Inc.,* 2015 WL

224952, at *2 (S.D. Fla. Jan. 15, 2015)(internal quotation marks and citation omitted). Under this prong, courts weigh the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Hight*, 391 F. Supp.3d at 1183.

Here, Hayes and all OCSB witnesses reside in Orange County, Florida, so it would not be convenient for OCSB to mount a defense in the Southern District, which is four-five hours away. All relevant documents concerning W.H. are housed at OCSB. With respect to prong (3), the balance of convenience of the parties strongly favors OCSB, as demonstrated in the home venue privilege analysis, *supra*. The home venue privilege establishes, in the law, a governmental entity's right to convenience of forum.

With respect to factors (4) and (8), "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Hight*, at 1185. In determining whether to transfer venue, the locus of operative facts is considered a "primary" factor by courts. *Id*. Here, Hayes' choice of forum should not be accorded deference because neither Hayes nor OCSB have any nexus to the Southern District of Florida. Rather, the Southern District was selected for the convenience of the attorneys representing Hayes and the co-Plaintiffs, since the attorneys are based in Miami. The operative facts underlying Hayes' causes of action against OCSB did not occur in the Southern District. The operative facts occurred in the Northern District (Tallahassee), where the Executive Order issued, and in the Middle District (Orlando), where OCSB allegedly detrimentally impacted W.H.'s

federal rights as a student with a disability when OCSB followed the Executive Order and declined to mandate masks.

The balance of the remaining factors weigh in OCSB's favor also. But at its core, Hayes is entitled to less deference in her choice of forum because the operative facts underlying the cause of action did not occur within the Southern District.

D. Conclusion

The Southern District lacks jurisdiction over Hayes' case against OCSB because the Southern District is not the proper venue and the balance of factors weighs against Hayes' election of this forum pursuant to 28 U.S.C. § 1404(a). Further, the language of the injunction indicates that it is being sought against the state actors, not against OCSB. Without waiving its position regarding jurisdiction and venue, OCSB reserves all other legal arguments and defenses for a later date, including but not limited to: (a) Plaintiff's failure to exhaust administrative and legal remedies, (b) Plaintiff's failure to mitigate damages, (c) whether the Executive Order was properly enacted under applicable state rules for rulemaking, and (d) any and all other arguments available to OCSB.

WHEREFORE, OCSB respectfully requests that this Honorable Court order the following relief:

(1) transfer any claims against OCSB to the Middle District, Orlando Division;

(2) dismiss the claims against OCSB for lack of personal jurisdiction;

(3) deny Plaintiff's Amended Motion for Temporary Injunction; and

(4) any other relief this Court deems appropriate.


DATED: August 24, 2021

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

Respectfully submitted,

/s/ *Amy Pitsch*
**AMY PITSCH, ESQ.**
FL Bar No. 338280
Email: amy.pitsch@gmlaw.com
**SUSANA CRISTINA GARCIA, ESQ.**
FL Bar No. 92259
Email 1: tina.garcia@gmlaw.com
Email 2: Melissa.spinner@gmlaw.com
**GREENSPOON MARDER LLP**
201 E. Pine Street, Suite 500
Orlando, FL 32801
Telephone: (407) 425-6559
Facsimile:   (407) 244-8143
*Attorneys for Defendant,*
*Orange County School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed the foregoing with the Clerk of Court via CM/ECF this 24th day of August 2021.  I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

/s/ *Amy Pitsch*
AMY PITSCH, ESQ.