`

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Hayes et al.,                          CASE NO.: 21-22863-CIV-MOORE

    Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS,
et al.,

    Defendants.
_____/

## DEFENDANT, SCHOOL BOARD OF PALM BEACH COUNTY'S MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW, Defendant, SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA (Palm Beach), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) hereby moves to dismiss the claims against it in Plaintiffs' Complaint for Injunctive Relief (Complaint) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, based on the Plaintiffs' failure to exhaust administrative remedies. Palm Beach also submits this document as its response to Plaintiffs' Amended Motion for Preliminary Injunction (ECF No. 17).

**Legal Standard**

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  A motion to dismiss under Rule 12(b)(6) asserts that even if the facts asserted in the Complaint are accepted as true, the Complaint fails to state a claim upon which relief can be granted.

**Preliminary Injunction**

As a preliminary matter, it should be noted that Counts 1 and 2 of the Complaint seek declaratory and injunctive relief against the Defendants. Palm Beach acknowledges that the minor Plaintiffs and their parents are challenging Governor DeSantis' Executive Order 21-175, entitled "Ensuring Parents' Freedom to Choose – Masks in School," claiming the Governor's directives are having the effect of subjecting the minor Plaintiffs to discrimination on the basis their disabilities because the Executive Order has made it impossible for school districts to implement appropriate protections, such as masking mandates and distance or virtual learning. However, Palm Beach notes that effective August 23, 2021, it does require that masks be worn by all students and employees unless a student has a medical exemption to be determined by a compliant 504 Team. Prior to this date, masks were mandated but allowed parents to opt out of the mandate. Accordingly, the Executive Order being challenged in this matter has no bearing upon plaintiffs located in Palm Beach County, and Palm Beach takes no position as to the merits of Plaintiffs' claims for injunctive relief regarding the Executive Order and only addresses herein the issue of Plaintiffs' failure to exhaust administrative remedies. To the extent Plaintiffs seek injunctive relief against Palm Beach, that request should be denied for the reasons provided herein.

**Plaintiffs' Failure to Exhaust Administrative Remedies Requires Dismissal**

The claims against Palm Beach in the Complaint must be dismissed for failure to exhaust administrative remedies. The exhaustion of administrative remedies is a prerequisite to commencing litigation under the Individuals with Disabilities Education Act (IDEA). Sch. Bd. Broward County, Fla. v. C.B., 315 F. Supp. 3d 1312 (S.D. Fla. 2018).

2

In Florida, the Division of Administrative Hearings (DOAH) has jurisdiction over the subject matter and parties to challenges regarding FAPE to children under the IDEA. Fla. Admin. Code R. 6A-6.03311(9). None of the Plaintiffs have alleged that they filed Petitions with DOAH to raise the issues brought before this Court. Indeed, Plaintiffs implicitly concede that they have not, alleging that "exhaustion would be futile." Complaint, para. 164. But Plaintiffs provide no explanation for why exhaustion would be futile. As a result of their failure to plead that they exhausted administrative remedies, Plaintiffs have failed to satisfy a jurisdictional requirement requiring dismissal under Rule 12(b)(1), or in the alternative, have failed to satisfy a condition precedent to suit requiring dismissal under Rule 12(b)(6).

In accordance with 34 CFR 300.507, a parent may request a due process hearing on any issue "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." The underlying claims in this case although creatively pled as violations of the ADA, Section 504 and/or the Florida Educational Equity Act, are premised upon Plaintiffs' assertions they have the right to a "free appropriate public education (FAPE)" as eligible students with disabilities. These claims properly fall under the Individuals with Disabilities Education Act (IDEA) 20 U.S.C.A. §1400, *et. seq.* Plaintiffs cannot circumvent the IDEA's Exhaustion requirement by suing for a Free Appropriate Public Education (FAPE) deprivation under a different federal statute. Id. Plaintiffs are also required by IDEA to administratively exhaust disability claims brought under Section 504 of the Rehabilitation Act of 1963 and/or the Americans with Disabilities Act. Durbrow v. Cobb County Sch. Dist., 887 F. d 1182 (11th Cir. 2018). "The exhaustion requirement also applies to claims under the Florida Educational Equity Act." T.W. v. Franklin County Sch. Bd., 4:16CV29-RH/CAS, 2016 WL

3

4536408, at *2 (N.D. Fla. Aug. 30, 2016).  The only exception to the exhaustion requirement is where the remedy sought is not for the denial of a free appropriate public education Fry v. Napoleon Comm. Schools, 137 S.Ct. 743 (U.S. 2017).

Plaintiffs cite the school districts' obligation under the IDEA, ADA, and Section 504 to "ensure that all children with disabilities have a free and appropriate public education [i.e., FAPE] in the most integrated and least restrictive environment." (Complaint, Paragraph 45)  They are "seeking to have their IEP and 504 plan implemented with care and heed taken for their individual circumstances as demanded by the educational laws, and not because of political whims or pressure of the majority that will endanger their health." (Complaint, Paragraph 47)  They further state they "would like the school district to implement their IEP and 504 plans as required by Federal Law without state preconditions that may cause them harm." Complaint, Paragraph 48)  To the extent Plaintiffs are alleging a failure by the School District to implement the IEPs, provide FAPE or maintain students in placements that are least restrictive, pursuant to Fry and C.B., such claims must be brought before the Division of Administrative Hearings (DOAH) to exhaust administrative remedies as a prerequisite to bring the present suit, and Plaintiffs' failure to do so mandates dismissal.

In Fry, the Supreme Court suggested courts ask and answer two hypothetical questions in conducting this analysis.

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school— say, a public theater or library? And second, could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when the answer is no, then the complaint probably does concern a FAPE, even if it does not

> explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

137 S.Ct. 743 at 755. It is clear in the present case the answer to both questions is an emphatic "no." The gravamen of Plaintiffs' allegations is the purported denial of FAPE. Therefore, the Complaint must be dismissed for failure to exhaust administrative remedies.

In exhausting administrative remedies, Plaintiffs must also segregate their claims due to the unique and individual nature of each circumstance. Different disabilities, individual needs, unique circumstances all require and deserve individual attention to each claim made. It defies logic that these individual plaintiffs under the IDEA coming from various schools and even school districts with varying services, placements and circumstances, could all have suffered sufficiently similar harms to be aggregated into a single claim. Accordingly, each individual plaintiff student/parent(s) team must proceed individually in exhausting administrative remedies.

Wherefore, Defendant Palm Beach County School Board respectfully requests an order Granting its Motion to Dismiss with direction that each individual Plaintiff Family proceed individually in exhausting administrative remedies. Defendant Palm Beach County School Board further respectfully requests that Plaintiffs' Amended Motion for Preliminary Injunction be denied with respect to Defendant Palm Beach County School Board.

Respectfully submitted, this 24th day of August 2021.

The School Board of Palm Beach County, Florida
Shawn Bernard, Esquire, General Counsel

By: /s/ *Laura E. Pincus*
Laura Esterman Pincus, Esq.
Florida Bar No. 90018
Jon Erik Bell, Esq.
Florida Bar No. 328900
Lisa Anne Carmona, Esq.

Florida Bar No. 843490
Anna Patricia Morales, Esq.
Florida Bar No. 27634
Sean Fahey, Esq.
Florida Bar No. 101083
Office of General Counsel
3318 Forest Hill Boulevard, Suite C-331
West Palm Beach, Florida 33406
Tel: (561) 434-8748
Fax: (561) 434-8105
laura.pincus@palmbeachschools.org
merrie.mckenziesewell@palmbeachschools.org

**SERVICE LIST:**
Matthew W. Dietz
Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, FL 33133
Tel: (305) 669-2822
Fax: (305) 442-4181
e-mail: mdietz@justdigit.org
Stephanie Langer
Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, FL 33133
Tel: (305) 669-2822
Fax: (305) 442-4181
e-mail: slanger@justDIGit.org

Michael T. Burke
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
Telephone 954-463-0100
Burke@jambg.com
Cardona@jambg.com

JASON L. MARGOLIN, ESQ.
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

jason.margolin@akerman.com
ZARRA R. ELIAS, ESQ.
zarra.elias@akerman.com
MELISSA TORRES, ESQ.
melissa.torres@akerman.com

Raymond F. Treadwell
Chief Deputy General Counsel
Executive Office of the Governor
The Capitol, PL-5
400 S. Monroe Street
Tallahassee, Florida 32399
Telephone: (850) 717-9310
Ray.Treadwell@eog.myflorida.com
Gov.legal@eog.myflorida.com

AMY PITSCH, ESQ.
GREENSPOON MARDER LLP
201 E. Pine Street, Suite 500
Orlando, FL 32801
Telephone: (407) 425-6559
Facsimile: (407) 244-8143
amy.pitsch@gmlaw.com
SUSANA CRISTINA GARCIA, ESQ.
tina.garcia@gmlaw.com
Melissa.spinner@gmlaw.com


Leanetta McNealy
Chair of the Alachua County School Board
620 East University Avenue
Gainesville, Florida 32601

Jordan Madrigal
Attorney for Miami Dade County School Board
1450 NE 2nd Avenue, Suite 700
Miami, Florida 33132

Teresa Jacobs
Chair of the Orange County School Board
445 West Amelia Street
Orlando, Florida 32801

7

Allen Altman
Chair of the Pasco County School Board
7227 Land O'Lakes Boulevard
Land O'Lakes, Florida 34638

Linda Cuthbert
Chair of the Volusia County School Board
200 North Clara Avenue
DeLand, Florida 32720

Anastasios Kamoutsas
anastasios.kamoutsas@fldoe.org
General Counsel
Florida Department of Education
325 West Gaines Street, Room 1544
Tallahassee, Florida 32399
Telephone: (850) 245-0442