IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:21-CV-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of
W.H., a minor, ROBYN MCCARTHY and JOHN
MCCARTHY, individually and on behalf of L.M., a minor,
AMANDA BANEK, individually and on behalf of D.B.
and B.B, minor children, KAS ARONE-MILLER,
individually and on behalf of R.M. and L.M., Minor
children, ALISHA TODD, individually and on behalf of J.T,
a minor, JAMIE KINDER, individually and on behalf of
R.K., a minor, CHRIS RODRIGUEZ, individually and on
behalf of J.D.-F., a minor, JACK KOCH, individually and
on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of
P.T., a minor, EREN DOOLEY, individually and on behalf
of G.D., a minor, TOM COLLINS, individually and on
behalf of Q.C., a minor,

                  Plaintiffs,

FILED BY PCS D.C.
AUG 25 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

vs.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD
CORCORAN, in his official capacity as Commissioner of
the Florida Department of Education, ORANGE COUNTY
SCHOOL BOARD, MIAMI DADE COUNTY SCHOOL
BOARD, HILLSBOROUGH COUNTY SCHOOL
BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO
COUNTY SCHOOL BOARD, ALACHUA COUNTY
SCHOOL BOARD and VOLUSIA COUNTY SCHOOL
BOARD.

                  Defendants.
_____/

**DEFENDANT, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA'S,
RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR
PRELIMINARY INJUNCTION**

Defendant, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA (hereinafter,

"VCSB"), by and through its undersigned attorneys, hereby files its Response in Opposition to

Plaintiffs' Amended Motion for Preliminary Injunction, and pursuant to the Court's Order Setting Briefing Schedule, and states as follows:

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

1. On July 30, 2021, Defendant, Florida Governor Ronald DeSantis, issued Executive Order 21-175, entitled "Ensuring Parents' Freedom to Choose – Masks in School" directing the Florida Department of Health and the Florida Department of Education to implement safety protocols for controlling the spread of COVID-19 in schools, but without violating parents' right under Florida law to make health care decisions including masking for their children in relation to COVID-19.

2. The Executive Order empowered the Florida Commissioner of Education to withhold state funds from noncompliant school boards.

3. On August 6, 2021, Plaintiffs filed their Complaint for Injunctive Relief and Motion for Preliminary Injunction against the Defendants. [Doc. #1, 3.]

4. Plaintiffs subsequently filed their Amended Motion for Preliminary Injunction on August 10, 2021. [Doc. #17.] Plaintiffs' Amended Motion for Preliminary Injunction seeks to enjoin the enforcement of Defendant Governor DeSantis' Executive Order 21-175. [Doc. #3, p. 22.]

5. On August 16, 2021, Plaintiffs served VCSB with the Complaint and Motion for Preliminary Injunction. [Doc. # 34.]

6. Plaintiffs comprise of parents, individually and on behalf of minors, residing in eight different counties across the state of Florida. Four of those counties are in the jurisdiction of the Middle District of Florida. [Doc. #1, ¶§31, 33, 36, 38.]

7. In relation to Volusia County, Plaintiff, Jamie Kinder, is the mother of R.K., a minor who resides in Volusia County, Florida and attends a public school in Volusia County. [Doc. #1, ¶130.]

8. VCSB operates the Volusia County Schools and its principal headquarters is in Volusia County, Florida. [*Id.* at ¶ 38.] It has no ties, contact or headquarters in the Southern District of Florida.

9. On June 14, 2021, VCSB voted to amend its policy to make masks optional for students. This is still its current policy.

10. The Complaint alleges that venue is proper in the Southern District of Florida pursuant 28 U.S.C. § 1391(b), where three (3) of the Defendants, Miami Dade County School Board, Palm Beach County School Board, and Broward County School Board reside in this judicial district and six (6) children, L.M., D.B., B.B., J.T., J.D.-F. and Q.C. reside and go to schools in this judicial district. [Doc. #1, ¶41.]

11. Among the twenty seven (27) named Plaintiffs, there are thirteen (13) Plaintiffs who reside in counties located in the Middle District of Florida, eight (8) of whom are minor children who attend public schools in the Middle District of Florida.

12. Of the eight (8) named school boards, four of them are located in the Middle District of Florida, and one is located in the Northern District of Florida.

13. VCSB opposes the Plaintiffs' Amended Motion for Preliminary Injunction to the extent (1) VCSB is entitled to home venue privilege; (2) this matter must be transferred to the Middle District of Florida, Orlando division pursuant to 28 U.S.C. §1404(a), and (3) the relief sought by the Plaintiffs is not directed towards VCSB.

## MEMORANDUM OF LAW

### A. Plaintiffs' Amended Motion for Preliminary Injunction Against VCSB Must Be Denied Where VCSB Is Entitled to Home Venue Privilege.

It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency or subdivision, maintains its principal headquarters. Such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.

*MSPA Claims 1, LLC v. Halifax Health Inc.*, 2017 WL 7803813, * 4(S.D. Fla. October 13, 2017)(citing *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So.2d 362, 363-64 (Fla. 1977))(citations omitted). Further, absent waiver or application of an identified exception, the home venue privilege appears to be an absolute right. *Id.* (citing *Bush v. Florida*, 945 So.2d 1207, 1212 (Fla. 2006)).

VCSB is an agency or subdivision of the State of Florida, and maintains its principal headquarters in Volusia County, Florida. There has been no waiver of venue by VCSB or identified exceptions by the Plaintiffs. See generally *Pinellas County v. Baldwin*, 80 So.3d 366 (Fla. 2d DCA 2012)("A trial court lacks the discretion to deny an assertion of the home venue privilege. On the contrary, 'a trial court must apply the home venue privilege unless one of the exceptions to the privilege is satisfied.'") The Plaintiff has the burden to assert exceptions to the privilege. See *id.*

Therefore, where VCSB asserts home venue privilege, the Court must apply it.

### B. Plaintiffs' Amended Motion for Preliminary Injunction Against VCSB Must Be Denied Where the Middle District of Florida, Orlando Division Is the More Appropriate Venue to Hear the Plaintiffs' Motion Pursuant to 28 U.S.C. §1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought…" 28 U.S.C. § 1404(a). The decision to transfer the case pursuant to Section 1404(a) should be based on "an 'individualized, case-by-case consideration of convenience and fairness.'" *MSPA Claims 1, LLC v. Halifax Health Inc.*, 2017 WL 7803813, * 1(S.D. Fla. October 13, 2017)(quoting *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

> Courts embark on a two-prong inquiry when considering the several factors used to determine whether to transfer venue. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. Second, courts are to balance private and public factors to determine if transfer is justified."

*MSPA Claims 1, LLC, supra*, 2017 WL 7803813, at *1 (citations omitted). There can be no dispute that this action against VCSB could have been brought in the Middle District of Florida where the Middle District of Florida has subject matter jurisdiction over the action, personal jurisdiction over VCSB, and venue is proper in the Middle District of Florida where VCSB's principal headquarters is in the Middle District of Florida.

As for the second prong, section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.* at *1.

(1) <u>Convenience of the witnesses and the parties necessitate a transfer of venue to the Middle District of Florida.</u>

While the Plaintiffs assert that venue is proper in the Southern District of Florida because there are three Defendant school boards located in this judicial district, the totality of witnesses and parties' locations necessitate a transfer to the Middle District of Florida. There are **four**

Defendant school boards in the Middle District of Florida: Orange County School Board, Hillsborough County School Board, Pasco County School Board and Volusia County School Board. Moreover, there are three Defendants, Alachua County School Board, Governor DeSantis and Commissioner Corcoran, who are located in the Northern District of Florida, which makes it extremely inconvenient for such Defendants and their witnesses to appear in the Southern District of Florida. The Middle District of Florida would be the middle-ground for all the Defendants.

Additionally, of the fifteen (15) Plaintiffs who are minor children in this lawsuit, eight (8) of the minor children bringing suit in this case reside in and attend public schools in the Middle District of Florida. Thus, arguably, it would be more convenient for those Plaintiffs to litigate their claims in the Middle District of Florida. Furthermore, it would be also be more convenient for the Plaintiffs residing in the Northern District of Florida to litigate their claims in the Middle District of Florida than in the Southern District of Florida.

(2) <u>The location of the relevant documents and the relative ease of access to sources of proof</u>

The location of relevant documents and sources of proof for the eight minor children Plaintiffs and four Defendant school boards would be in the Middle District of Florida.

(3) <u>Locus of Operative Facts necessitate a transfer of venue to the Middle District of Florida</u>

To determine the locus of operative facts, courts look to where the events from which the claim arises occurred. *Id.* at *5.

Plaintiffs seek a preliminary injunction against the Defendants seeking to enjoin the Governor from enforcing its Executive Order 21-175 and to allow the school districts to implement the children's IEP and 504 plans. VCSB maintains all of its records, operates and manages its public schools, votes on policies, and conducts its business all within Volusia

County, which is under the jurisdiction of the Middle District of Florida. Thus, the operative facts underlying the Plaintiffs', Jamie Kinder and R.K., claims against VCSB would arise from and occur in Volusia County and have no connection to the Southern District of Florida.

Moreover, the operative facts underlying the Executive Order at issue here occurred in Tallahassee, Florida, which is in the Northern District of Florida, and would have no connection to the Southern District of Florida.

As for factor (9), Courts give less deference to a Plaintiff's chosen forum 'where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, and where the Defendants' "home venue privilege" weighs heavily in favor of transferring this case to the Middle District of Florida. *Id.* at *3, 5.

For all the foregoing reasons, the totality of the circumstances necessitate a transfer of venue to the Middle District of Florida.

### C. Plaintiff's Amended Motion as to VCSB Must Be Denied Where It Does Not Seek Relief Against VCSB.

The requested relief stated in the Plaintiffs' Amended Motion for Preliminary Injunction is to "request that this Court **immediately enjoin enforcement** of Defendant Governor DeSantis' Executive Order 21-175." This is specific to Governor DeSantis and Commissioner Corcoran where the Governor issued the Executive Order and the Commissioner enforces it. VCSB has no authority over the Governor's Executive Order. Thus, the Amended Motion must be denied as to VCSB.

### CONCLUSION

For the aforementioned reasons, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA, respectfully requests that the Court enter an Order denying any injunctive relief against

VCSB and dismiss the Plaintiffs' Complaint. Without waiving personal jurisdiction or venue privilege, VCSB reserves all other legal arguments and defenses for a later date.

DORAN, SIMS, WOLFE & YOON

/s/ Carol A. Yoon
Theodore R. Doran, FBN 347515
Aaron Wolfe, FBN 766216
Carol A. Yoon, FBN 100804
1020 W. International Speedway Blvd.
Daytona Beach, Florida 32114
Telephone: (386) 253-1111
Primary Email: awolfe@doranlaw.com
Primary Email: cyoon@doranlaw.com
Secondary Email: klavassaur@doranlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24th, 2021, a copy of this *Response in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction* has been served via electronic mail to:

Stephanie Langer, Esquire
Slanger@langerlawpa.com

Matthew Wilson Dietz, Esquire
Mdietz@justdigit.org

Lee A. Peifer, Esquire
Leepeifer@eversheds-sutherland.com

Raymond Frederick Treadwell, Esquire
Ray-treadwell@eog.myflorida.com

Rocco E. Testani, Esquire
roocotestani@evershed-sutherland.com

Stacey M. Mohr, Esquire
Staceymohr@eversheds-sutherland.com

Anastasios Kamoutsas, Esquire
anaskam@mail.regent.edu

Amy J. Pitsch, Esquire
apitsch@gmlaw.com

Luis Michael Garcia, Esquire
Lmgarcia2@dadeschools.net

Jordan Alexander Madrigral, Esquire
jordanmadrigal@dadeschools.net

Susan M. Marken, Esquire
smarken@dadeschools.net

Jason L. Margolin, Esquire
Jason.margolin@akerman.com

Melissa Torres, Esquire
Melissa.torres@akerman.com

Zarra Ramirez Elias, Esquire
Zarra.elias@akerman.com

Jon Erik Bell, Esquire
Jon.bell@palmbeachschools.org

Laura Esterman Pincus, Esquire
Laura.pincus@palmbeachschools.com

Lisa A. Carmona, Esquire
Lisa.carmona@palmbeachschools.com

Patricia Morales Christiansen, Esquire
Anna.morales@palmbeachschools.com

Sean Christian Fahey, Esquire
Sean.fahey@palmbeachschools.com

Michael Thomas Burke, Esquire
burke@jambg.com

Dennis John Alfonso, Esquire
dalfonso@mcclainalfonso.com

                                              */s/ Carol A. Yoon*
                                              Carol A. Yoon