IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:21-cv-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of W.H., a minor,
ROBYN MCCARTHY and JOHN MCCARTHY, individually
and on behalf of L.M., a minor, AMANDA BANEK, individually
and on behalf of D.B. and B.B., minor children, KAS ARONE-
MILLER, individually and on behalf of R.M. and L.M.,
minor children, ALISHA TODD, individually and on behalf
of J.T, a minor, JAMIE KINDER, individually and on
behalf of R.K., a minor, CHRIS RODRIGUEZ, individually
and on behalf of J.D.-F., a minor, JACK KOCH, individually
and on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of P.T., a
minor, EREN DOOLEY, individually and on behalf of G.D.,
a minor, TOM COLLINS, individually and on behalf of Q.C., a minor,

 Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD CORCORAN,
in his official capacity as Commissioner of the Florida Department
of Education, ORANGE COUNTY SCHOOL BOARD, MIAMI
DADE COUNTY SCHOOL BOARD, HILLSBOROUGH
COUNTY SCHOOL BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO COUNTY
SCHOOL BOARD, ALACHUA COUNTY SCHOOL BOARD and
VOLUSIA COUNTY SCHOOL BOARD,

 Defendants.
_____/

**DEFENDANT ORANGE COUNTY SCHOOL BOARD'S MOTION TO DISMISS**

DEFENDANT ORANGE COUNTY SCHOOL BOARD ("OCSB"), by and through undersigned counsel, moves to dismiss the Complaint [1] pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), and states as grounds:

**Background and Parties**

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

1. On August 6, 2021, Plaintiffs filed a Complaint [1] and Motion for Preliminary Injunction [3] against the Defendants, including OCSB. Plaintiffs served OCSB with the Complaint and Motion for Preliminary Injunction on August 9, 2021.

2. Plaintiff Judith Anne Hayes ("Hayes") is the mother of W.H., a minor, who resides in Orange County, Florida, and attends a public school in Orange County.

3. OCSB operates the public school system in Orange County and its principal headquarters is in Orlando, Orange County, Florida. OCSB has no ties, contact, or headquarters in the Southern District of Florida.

4. In this suit, the minor Plaintiffs and their parents are challenging Defendant DeSantis' Executive Order 21-175, claiming the Governor's directives subject the minor Plaintiffs to discrimination on the basis of their disabilities because the Order has made it impossible for school districts to implement appropriate protections for students, including mask mandates. Specifically, Hayes alleges the Executive Order conflicts with OCSB's obligations to W.H. under the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("Section 504"). *See* ¶49.

5. However, effective August 30, 2021, for a period of sixty (60) days, OCSB requires that *all* students wear a mask unless a student has a medical exemption. *See* Orange County School Board 2021-2022 Back to School FAQs, COVID-19 Safety, August 26, 2021, 4:11 PM, https://tinyurl.com/vwm88w7w.

6. Prior to August 30, parents of OCSB students could opt students out of mask wearing.

**Grounds for Dismissal**

7. OCSB is entitled to dismissal of the Complaint, as a matter of law. OCSB has an absolute right to home venue privilege under Florida law, which grants governmental defendants the right

to be sued in the jurisdiction where the governmental defendant maintains its principal headquarters. OCSB does not waive this right and no applicable exception applies. Under this privilege, it is the Middle District of Florida, Orlando Division, not the Southern District, where venue properly lies. Thus, the Southern District has no jurisdiction over Hayes' claims against OCSB.

8. Additionally, OCSB is entitled to dismissal and a transfer of venue to the Middle District of Florida on *forum non conveniens* grounds, in the interest of justice and for the convenience of parties and witnesses.

## MEMORANDUM OF LAW

### A. OCSB is Entitled to Home Venue Privilege

Under Florida common law, venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision maintains its principal headquarters. *See Bush v. State of Florida*, 945 So.2d 1207, 1212 (Fla. 2006). The home venue privilege is an "absolute right." *Id*.; *see also Osceola County v. State Board of Education*, 903 So.2d 963 (Fla. 5th DCA 2005).

OCSB is a subdivision of the State of Florida that maintains its principal headquarters in Orange County, Florida. OCSB has not and does not waive its home venue privilege, nor have Plaintiffs established that the claims against OCSB fall within one of the exceptions to the home venue privilege. Further, the home venue privilege can be asserted and must be honored in a matter pending in a federal district court. *See, e.g., MSPA Claims 1, LLC v. Halifax Health, Inc.*, 2017 WL 7803813 *4 (S.D. Fla. October 13, 2017)(federal question cause of action against special taxing district with its principal place of business in Volusia County, Florida, was transferred from the Southern to the Middle District, since Volusia County lies in the Middle District of Florida).

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

There are four recognized exceptions to the home venue privilege: (1) where the legislature has waived the privilege by statute; (2) the sword-wielder exception; (3) where the governmental defendant is a joint tortfeasor; and (4) where a party petitions the court for an order to gain access to public records. *Pinellas County v. Baldwin*, 80 So.3d 366 (Fla. 2nd DCA 2012). Plaintiffs have not established that any of the four exceptions to the privilege apply. There has been no waiver of the privilege by statute, OCSB is not sued as a joint tortfeasor, and Plaintiffs have not petitioned the court for an order to gain access to public records.

The sword-wielder exception does not apply because the acts complained of by Plaintiff Hayes did not occur in any counties encompassed by the Southern District. The sword-wielder doctrine applies where the official action complained of has in fact been or is being performed in the county where the suit is filed or when the threat of such action in said county is both real and imminent. *See Sink v. East Coast Public Adjusters, Inc.*, 40 So.3d 910, 915 (Fla. 3d DCA 2010), (quoting *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So.2d 362, 365 (Fla. 1977)). Here, Hayes is complaining about an Executive Order issued in the Northern District that OCSB has been mandated to follow, to W.H.'s alleged detriment, in the Middle District. The operative facts in this case as it pertains to Hayes and OCSB did not occur in the Southern District.

In addition to the home venue privilege being recognized in federal suits, this Court has ruled to transfer venue under 28 U.S.C. §1391 in cases similar to the instant action. Judge Moore, in a case construing 28 U.S.C. §1391, held that "[a] central purpose of the federal venue statute is to ensure that a defendant is not 'hailed into a remote district having no real relationship to the dispute.'" *Hemispherx Biopharma, Inc. v. MidSouth Capital Inc.*, 669 F.Supp.2d 1353, 1357 (S.D. Fla. 2009)(internal citations omitted). Congress's intent in enacting the federal venue statute was to protect defendants and this requires courts to focus on the relevant activities *of the defendant*

when determining proper venue. *Hemispherx,* 669 F.Supp.2d at 1356. Here, OCSB has taken no action with respect to Hayes in any geographic location encompassed by the Southern District of Florida.

### B.  OCSB is Entitled to a Transfer to the Middle District Under 28 U.S.C. §1404(a)

OCSB has the absolute right of home venue privilege, so the Southern District has no jurisdiction over OCSB with respect to the pending Complaint. Additionally, 28 U.S.C. §1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…" *See Hight v. United States Dep't of Homeland Sec.*, 391 F.Supp.3d 1178, 1182 (S.D. Fla. 2019).

When deciding to transfer, "[f]irst, courts look to whether the case could have been brought in the alternative venue." *Hight,* 391 F.Supp.3d at 1183 (internal citation omitted). Under the first prong, the court must determine whether an action "might have been brought" in any court that has subject matter jurisdiction, where venue is proper, and where the defendant is amenable to process issuing out of the transferee court. *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 157 F. Supp.3d 1219, 1223 (S.D. Fla. 2016) (citing *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985)).

Here, the Middle District would have subject matter jurisdiction over federal question claims Hayes and W.H., who are residents of Orange County, Florida, assert against OCSB, a governmental entity with its principal place of business in Orange County, Florida. Venue in the Middle District is proper. And lastly, OCSB, is amenable to this transfer of forum.

Second, courts evaluate whether "convenience and the interest of justice require transfer." *Rothschild v. Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (USA) Inc.,* 2015 WL 224952, at *2 (S.D. Fla. Jan. 15, 2015)(internal quotation marks and citation omitted). Under this

prong, courts weigh the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Hight*, 391 F. Supp.3d at 1183.

Here, Hayes and all OCSB witnesses reside in Orange County, Florida, so it would not be convenient for OCSB to mount a defense in the Southern District, which is over 200 miles away. All relevant documents concerning W.H. are housed at OCSB. With respect to prong (3), the balance of convenience of the parties strongly favors OCSB, as demonstrated in the home venue privilege analysis, *supra*. The home venue privilege establishes, in the law, a governmental entity's right to convenience of forum.

With respect to factors (4) and (8), "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Hight*, at 1185. In determining whether to transfer venue, the locus of operative facts is considered a "primary" factor by courts. *Id*. Here, Hayes' choice of forum should not be accorded deference because neither Hayes nor OCSB have any nexus to the Southern District of Florida. Rather, the Southern District was selected for the convenience of the attorneys representing Hayes and the co-Plaintiffs, since the attorneys are based in Miami. The operative facts underlying Hayes' causes of action against OCSB did not occur in the Southern District. The operative facts occurred in the Northern District (Tallahassee), where the Executive Order issued, and in the Middle District (Orlando), where OCSB allegedly detrimentally impacted W.H.'s federal rights as a student with a disability.

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

The balance of the remaining factors weigh in OCSB's favor also. But at its core, Hayes is entitled to less deference in her choice of forum because the operative facts underlying the cause of action did not occur within the Southern District.

### C. Conclusion

The Southern District lacks jurisdiction over Hayes' case against OCSB because the Southern District is not the proper venue and the balance of factors weighs against Hayes' election of this forum under 28 U.S.C. § 1404(a). Without waiving its threshold position regarding venue and forum, OCSB reserves all other legal arguments and defenses for a later date, including but not limited to: (a) Plaintiff's failure to exhaust administrative and legal remedies, (b) Plaintiff's failure to mitigate damages, (c) Plaintiff's action against OCSB is moot because OCSB has enacted a mask mandate, and (d) any and all other arguments available to OCSB.

WHEREFORE, OCSB respectfully requests that this Honorable Court order the following relief:

(1)   dismiss the claims against OCSB;

(2)   transfer the claims against OCSB to the proper venue; and

(3)   any other relief this Court deems appropriate.

DATED: August 30, 2021

Respectfully submitted,

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

/s/ *Amy Pitsch*
**AMY PITSCH, ESQ.**
FL Bar No. 338280
Email: amy.pitsch@gmlaw.com
**SUSANA CRISTINA GARCIA, ESQ.**
FL Bar No. 92259
Email 1: tina.garcia@gmlaw.com
Email 2: Melissa.spinner@gmlaw.com
**GREENSPOON MARDER LLP**
201 E. Pine Street, Suite 500
Orlando, FL 32801
Telephone: (407) 425-6559
Facsimile:  (407) 244-8143
*Attorneys for Defendant,*
*Orange County School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed the foregoing with the Clerk of Court via CM/ECF this 30th day of August 2021.  I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

/s/ *Amy Pitsch*
AMY PITSCH, ESQ.