UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 21-cv-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of
W.H., a minor, ROBYN MCCARTHY and JOHN
MCCARTHY, individually and on behalf of L.M., a minor,
AMANDA BANEK, individually and on behalf of D.B.
and B.B, minor children, KAS ARONE-MILLER,
individually and on behalf of R.M. and L.M., Minor
children, LISHA TODD, individually and on behalf of J.T,
a minor, JAMIE KINDER, individually and on behalf of
R.K., a minor, CHRIS RODRIGUEZ, individually and on
behalf of J.D.-F., a minor, JACK KOCH, individually and
on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of
P.T., a minor, EREN DOOLEY, individually and on behalf
of G.D., a minor, TOM COLLINS, individually and on
behalf of Q.C., a minor,

                          Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD
CORCORAN, in his official capacity as Commissioner of
the Florida Department of Education, ORANGE COUNTY
SCHOOL BOARD, MIAMI DADE COUNTY SCHOOL
BOARD, HILLSBOROUGH COUNTY SCHOOL
BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO
COUNTY SCHOOL BOARD, ALACHUA COUNTY
SCHOOL BOARD and VOLUSIA COUNTY SCHOOL
BOARD,

                          Defendants.

_____/

## DEFENDANT, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA'S[1], MOTION TO DISMISS COMPLAINT FOR INJUNCTIVE RELIEF

Defendant, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA

("HCSB"), pursuant to Fed. R. Civ. P. Rules 21 and 12(b)(6), (3) and (1), moves the Court for an

---

[1]     The proper name for the Defendant is The School Board of Hillsborough County, Florida. *See* § 1001.40, Fla. Stat.

Order dismissing the Complaint for Injunctive Relief ("Complaint") filed by Plaintiffs, JUDITH ANNE HAYES, individually and on behalf of W.H., a minor, ROBYN MCCARTHY and JOHN MCCARTHY, individually and on behalf of L.M., a minor, AMANDA BANEK, individually and on behalf of D.B. and B.B, minor children, KAS ARONE-MILLER, individually and on behalf of R.M. and L.M., Minor children, LISHA TODD, individually and on behalf of J.T, a minor, JAMIE KINDER, individually and on behalf of R.K., a minor, CHRIS RODRIGUEZ, individually and on behalf of J.D.-F., a minor, JACK KOCH, individually and on behalf of R.K, B.K., and A.K., minor children, KRISTEN THOMPSON, individually and on behalf of P.T., a minor, EREN DOOLEY, individually and on behalf of G.D., a minor, TOM COLLINS, individually and on behalf of Q.C., a minor (collectively, "Plaintiffs"), *with prejudice*, and states:

### RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint against Governor Ron DeSantis, the Florida Department of Education, Commissioner Richard Corcoran (the "State Defendants"), and eight (8) Florida school boards, including HCSB, for alleged violations of the Americans with Disabilities Act (the "ADA"), Section 504 of the Rehabilitation Act (the "Rehabilitation Act"), and the Florida Educational Equity Act on August 6, 2021. *See* Doc. 1. On the same day, Plaintiffs also filed their Motion for Preliminary Injunction – Expedited Motion. *See* Doc. 2. On August 9, 2021, Plaintiffs served HCSB with the Complaint and Motion for Preliminary Injunction. *See* Doc. 15. On August 10, 2021, Plaintiffs filed an Amended Motion for Preliminary Injunction ("Amended Motion"). *See* Doc. 17.

Plaintiffs are a collection of parents and students who reside in the eight (8) different counties involved in this action. *See* Doc. 1, ¶¶ 1-27. Specifically, Plaintiff, Kas Arone-Miller, is an individual that resides in Hillsborough County, Florida, and she is the mother of R.M. and L.M.

*Id*. at ¶ 6. Plaintiffs, R.M. and L.M., are students that reside in Hillsborough County, Florida. *Id*. at ¶¶ 7-8. Plaintiff, Eren Dooley, is an individual that resides in Hillsborough County, Florida, and she is the mother of G.D. *Id*. at ¶ 24. Plaintiff, G.D., is a student that resides in Hillsborough County, Florida. *Id*. at ¶ 25. HCSB operates the Hillsborough County Public Schools, and its principal headquarters is in Hillsborough County, Florida. *Id*. at ¶ 33.

The Complaint alleges that venue in the Southern District of Florida is proper because Defendants, Miami Dade County School Board, Palm Beach County School Board, and Broward County School Board reside in this judicial district, and because children L.M., D.B., B.B., J.T., J.D.-F, and Q.C. reside and go to school in the judicial district. *Id*. at ¶ 41. HCSB does **not** have its principal headquarters in the Southern District of Florida. *See id*. at ¶ 33.

Plaintiffs seek to enjoin enforcement of Defendant Governor Ron DeSantis's July 30, 2021, Executive Order 21-175 ("Ensuring Parents' Freedom to Choose – Masks in School"). *See* Amended Motion, p. 9 ("Plaintiffs seek a **mandatory preliminary injunction commanding that Governor DeSantis and the Florida Department of Education refrain from enforcing Executive Order 21-175**."), and p. 21 ("WHEREFORE, Plaintiffs, on behalf of their children with disabilities, respectfully request that this **Court immediately enjoin enforcement of Defendant Governor DeSantis' Executive Order 21-175**") (emphasis added). In the Complaint, Plaintiffs allege that the Executive Order conflicts with each school board's obligations to students under the Individuals with Disabilities Education Act ("IDEA"), the ADA, and the Rehabilitation Act. *See* Doc. 1, ¶ 49. Plaintiffs do <u>not</u> allege any specific action by HCPS, which allegedly gives rise to any of Plaintiffs' claims. *See* Doc. 1, *generally*.

On August 18, 2021, HCSB held an emergency board meeting where a motion to require mandatory face coverings for all students and staff for a period of 30 days was **approved** (the

"HCSB Emergency Rule"). *See* Emergency Rule of the School Board of Hillsborough County, attached as **Exhibit 1**. The HCSB Emergency Rule requires facial coverings for all students, teachers, staff, and employees, subject only to medical exemptions evidenced by medical certification from a doctor. *Id.*

Plaintiffs' Complaint against HCSB should be dismissed for the following reasons: (1) HCSB is a nominal party improperly joined in this action; (2) the relief sought by Plaintiffs is not sought from HCSB; (3) the home venue privilege permits HCSB to insist venue for any claim against it be adjudicated in the Middle District of Florida; (4) the case against HCSB should be transferred to the Middle District of Florida, Tampa Division for convenience of the witnesses and the parties under 28 U.S.C. § 1404; and (5) Plaintiffs failed to exhaust their administrative remedies thus this Court lacks subject matter jurisdiction.

## LEGAL ANALYSIS

### A.  This Court Should Drop HCSB as a Party to this Action under Rule 21.

Federal Rule of Civil Procedure 21 specifically permits this Court to drop HCSB as a party to this action. Here, Plaintiffs seek to enjoin enforcement of Governor Ron DeSantis's July 30, 2021, Executive Order 21-175 ("Ensuring Parents' Freedom to Choose – Masks in School"). *See* Amended Motion, p. 21 ("WHEREFORE, Plaintiffs, on behalf of their children with disabilities, respectfully request that this Court immediately **enjoin enforcement of Defendant Governor DeSantis' Executive Order 21-175**") (emphasis added). Even Plaintiffs appear to recognize they do not seek relief against HCSB. *See* Amended Motion, p. 9 ("Plaintiffs seek a mandatory preliminary injunction **commanding that Governor DeSantis and the Florida Department of Education refrain from enforcing Executive Order 21-175**.") (emphasis added). As with the other defendant school boards, **HCSB neither issued the Executive Order nor has the power to retract it**. Thus, the Complaint, like Plaintiffs' Amended Motion, is not directed to HCSB.

59643553;4

Plaintiffs allege the Executive Order came from Governor Ron DeSantis and is being enforced by the State Board of Education. *See* Doc. 1, ¶¶ 42, 44. Adjudication of this matter is by and between Plaintiffs, the Governor, and the State Board of Education, and **not HCSB**. Accordingly, this Court should drop HCSB as a party to this action pursuant to Rule 21.

## B.   The Failure to State a Cause of Action against HCSB under Rule 12(b)(6).

If the Court is not inclined to drop HCSB as a party, it should dismiss any claims against HCSB for failure to state a claim. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach that the district courts must apply when considering a motion to dismiss. First, a court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, a court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's

complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* When the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Here, Plaintiffs fail to state any plausible claims for relief against HCSB. The few allegations made in the Complaint against HCSB do not amount to any plausible claim, do not suffice, and cannot withstand dismissal under applicable laws.[2] Accordingly, any and all claims against HCSB should be dismissed pursuant to Rule 12(b)(6).

### C.  **Improper Venue under Rule 12(b)(3) pursuant to 28 U.S.C. 1406, or alternatively, transfer pursuant to 28 U.S.C. 1404(a).**

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss a case based upon improper venue. When a defendant moves to dismiss the complaint under Rule 12(b)(3), "the plaintiff bears the burden of showing that the venue selected is proper." *BPI Sports, LLC v. PHD Fitness LLC,* 2014 WL 11706458, at *1 (S.D. Fla. June 13, 2014) (granting motion to dismiss pursuant to Rule 12(b)(3)); *see also Home Legend, LLC v. Mannington Mills, Inc.,* 2014 WL 12489761, at *10 (N.D. Ga. July 2, 2014). "Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of a complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision." *Barber v. Cellco P'ship,* 2016 WL 2983884, at *3 (M.D. Ala. Apr. 20, 2016). Venue in the Southern District of Florida is improper with respect to HCSB. The Complaint against HCSB should be dismissed pursuant to 28

---

[2]       HCSB issued a 30-day mandatory mask requirement on August 18, 2021. *See* Doc. 41, Ex. 1. To the extent a claim exists against HCSB, this likely rendered it moot. "An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. A case is 'moot' when it presents no actual controversy or when the issues have ceased to exist." *Merkle v. Jacoby,* 912 So. 2d 595, 600 (Fla. 2d DCA 2005).

59643553;4

U.S.C. § 1406(a) or alternatively, transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

      ***1.   Venue in the Southern District of Florida is improper due to the Home Venue Privilege.***

      "The district court of a district in which is filed a case laying venue in the wrong division or district **shall dismiss**, **or** if it be in the interest of justice, **transfer** such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Venue is improper in the Southern District of Florida due to Home Venue Privilege. "The home venue rule provides that actions against municipal corporations are inherently local and that, in the absence of statutory provisions to the contrary, **venue of such actions is in the county where the municipalities are located."** *MSPA Claims 1, LLC v. Halifax Health, Inc*., 2017 WL 7803813, at *4 (S.D. Fla. Oct. 13, 2017) (citing *Boca Raton Hous. Auth. v. Carousel Dev., Inc*., 482 So. 2d 543. 544 (Fla. 3d DCA 1986) (emphasis added). It is a long-established common law that when the state or one of its agencies it sued, venue properly lies where the agency maintains its principal headquarters. *Id*.

      "The primary purpose of this rule is to promote the orderly and uniform handling of litigation against governmental entities and to help minimize expenditures of public funds and manpower." *Sch. Bd. v. State Bd. of Educ*., 903 So. 2d 963, 966 (Fla. 5th DCA 2008) ("In Florida, governmental defendants have a common law 'home venue privilege' to be sued in the county where they maintain their principal headquarters.") (internal citation omitted). "Absent waiver or application of an identified exception, the home venue privilege appears to be a matter of right." *Id*.; *Bush v. State*, 945 So. 2d 1207, 1212 (Fla. 2006) (stating that the privilege is an "**absolute right**") (emphasis added) (citation omitted); *see also Osceola Cnty. v. State Bd. of Educ.*, 903 So. 2d 963 (Fla. 5th DCA 2005).

HCSB is a subdivision of the State of Florida that maintains its principal headquarters in Hillsborough County, Florida. HCSB has not, and does not, waive its home venue privilege; nor have Plaintiffs established that the claims against HCSB fall within one of the exceptions to the home venue privilege.[3] Further, the home venue privilege can be asserted and must be honored in a matter pending in a federal district court. *See MSPA Claims 1, LLC*, 2017 WL 7803813 *4 (granting the motion to transfer venue from the Southern District of Florida to the Middle District of Florida because the defendant special taxing district's principal place of business was located in Volusia County which is within the Middle District of Florida). As such, the Complaint should be dismissed.

### 2. Alternatively, HCSB is entitled to a transfer to the Middle District under 29 U.S.C. § 1404(a).

If not dismissed or transferred under 28 U.S.C. § 1406, any claim against HCSB should still be transferred to the Middle District of Florida under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Courts are given broad discretion to avoid unnecessary inconvenience to parties, their witnesses and the public, and to promote judicial economy. *See Watson v. Cmty. Educ. Centers, Inc.,* 2011 WL 3516150, at *2

---

[3]     There are four recognized exceptions to the home venue privilege: (1) where the legislature has waived the privilege by statute; (2) the sword-wielder exception; (3) where the governmental defendant is a joint tortfeasor; and (4) where a party petitions the court for an order to gain access to public records. *Pinellas Cnty. v. Baldwin*, 80 So. 3d 366 (Fla. 2d DCA 2012). Plaintiffs have not established that any of the four exceptions to the privilege apply.

59643553;4

(M.D. Fla. Aug. 11, 2011); *Gibson v. Scap*, 2012 WL 1288880, at *1 (M.D. Fla. Apr. 16, 2012) (granting motion to transfer venue).

"A court must consider two issues to determine whether transferring venue is appropriate: 1) whether the action might have been brought in the venue to which transfer is sought; and 2) whether various factors are satisfied to determine if transfer to a more convenient forum is justified." *Olivera v. W.S. Badcock Corp.*, 2020 WL 70973, at *1 (M.D. Fla. Jan. 7, 2020) (granting motion to transfer under section 1404). If the action might have been brought in the venue to which transfer is sought, then the Eleventh Circuit has identified factors the Court should apply when considering a section 1404 motion to transfer which include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (quoting *Manuel v. Convergys Corp.*, 430 F. 3d 1132, 1135 n. 1 (11th Cir. 2005)); *see also Am. Aircraft Sales Int'l, Inc. v. Airwarsaw Inc.*, 55 F. Supp. 2d 1347 (M.D. Fla. Jul. 2, 1999) (granting motion to transfer venue from Middle District of Florida to the Northern District of Indiana); *Central Money Mortg. Co., [IMC], Inc. v. Holman, et al.*, 122 F. Supp. 2d 1345 (M.D. Fla. Sep. 29, 2000) (granting motion to transfer venue to District of Maryland). The purpose of section 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).

Here, the two-issue analysis is satisfied because this action could have been brought in the Middle District of Florida under the federal question claim; Plaintiffs Kas Arone-Miller, R.M.,

L.M., Eren Dooley, and G.D are residents of Hillsborough County, Florida; and they assert claims against HCSB, a governmental entity with its principal place of business in Hillsborough County, Florida.

The Middle District of Florida is not only the proper venue, but a more convenient venue for many of the parties and witnesses. Due to the lack of specific allegations against HCSB, or any other school board, it is unclear whether joinder of any two school boards is proper. To the extent such joinder would be proper, HCSB notes that in addition to itself, Defendants Orange County School Board, Pasco County School Board, and Volusia County School Board are located in the Middle District of Florida. Further, the Plaintiffs asserting claims against those school boards are also located in the Middle District of Florida. Therefore, it would be less expensive to transfer venue to the Middle District of Florida. All relevant documents concerning students R.M., L.M., and G.D., are located in Hillsborough County with HCSB. With respect to prong (3), the balance of convenience of the parties strongly favors HCSB, as demonstrated in the home venue privilege analysis, *supra*. The home venue privilege establishes, in the law, a governmental entity's right to convenience of forum.

With respect to factors (4) and (8), "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Hight v. U.S. Dep't of Homeland Sec.,* 391 F. Supp. 3d 1178, 1185 (S.D. Fla. 2019). In determining whether to transfer venue, the locus of operative facts is considered a "primary" factor by courts. *Id.* Here, Plaintiffs' choice of forum should not be accorded deference because neither Plaintiffs nor HCSB have any nexus to the Southern District of Florida. *MSPA Claims 1, LLC*, 2017 WL 7803813, at *5 (finding the plaintiff's "choice of forum is entitled to little deference"). Rather, the Southern District of Florida was selected for the convenience of the

attorneys representing Plaintiffs, since the attorneys are based in Miami, Florida. The operative facts underlying Plaintiffs' causes of action against HCSB did not occur in the Southern District of Florida. The operative facts occurred in the Northern District of Florida (Tallahassee), where the Executive Order issued, and in the Middle District of Florida (Tampa), where HCSB allegedly detrimentally impacted R.M.'s, L.M.'s, and G.D.'s federal rights as students with alleged disabilities.

Venue in the Middle District of Florida is proper. If not dismissed or transferred under Section 1406, this Court should transfer venue to the Middle District of Florida under Section 1404, in the interest of justice and convenience for the parties and witnesses.

**D.** **Lack of Subject Matter Jurisdiction under Rule 12(b)(1) due to Plaintiffs' failure to exhaust their administrative remedies under the IDEA.**

"Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case." *Ramirez v. Gonzalez*, 2008 WL 190589, at *1 (M.D. Fla. Jan. 22, 2008) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)). Courts are to presume that they lack subject-matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Point Conversions, LLC v. Lopane*, 2021 U.S. Dist. LEXIS 5790, at *15 (S.D. Fla. Jan. 8, 2021) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). If at any point during a proceeding a court determines it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1323-24 (S.D. Fla. 2011).

The Individuals with Disabilities Education Act ("IDEA") guarantees that disabled students receive a "free and appropriate public education" ("FAPE") through the provision of various special education services. *J.P. v. Cherokee Cty. Bd. of Educ.*, 218 F. App'x 911, 912 (11th Cir. 2007). "The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate

11

administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." *N.B. by D.G. v. Alachua Cty. Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996) (citing *Ass'n for Retarded Citizens of Alabama v. Teague,* 830 F.2d 158, 160 (11th Cir. 1987) (dismissing IDEA claim for failure to exhaust administrative remedies). The IDEA's exhaustion requirement applies to a "broad" spectrum of claims. *See J.P.*, 218 F. App'x 911 at 913 (dismissing all of the parent's claims related to the IDEA due to failure to exhaust). In fact, the Supreme Court has explained that if a claim seeks relief for the denial of a FAPE, under the guise of another law or statute, then the party must still bring that claim through the IDEA's administrative process before filing suit in a court. *Sch. Bd. of Broward Cty. v. C.B.*, 315 F. Supp. 3d 1312, 1326 (S.D. Fla. 2018) (citing *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017)).

The claims, including ADA and Rehabilitation Act claims, against HCSB must be dismissed for failure to exhaust administrative remedies pursuant to the IDEA. *See Fry*, 137 S. Ct. at 750; *see also Babicz by & Through Babicz v. Sch. Bd.*, 135 F.3d 1420, 1422 (11th Cir. 1998) ("[C]laims asserted under Section 504 and/or the ADA are subject to [the IDEA's] requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the ADA."); *Barnett v. Baldwin Cty. Bd. of Educ.*, 60 F. Supp. 3d 1216, 1229 (S.D. Ala. 2014) ("[R]elief sought by the five IEP students . . . is inextricably intertwined with the development of an IEP plan and the ability of the students to receive appropriate educational services. Thus, the exhaustion requirement is applicable to their claims.").

Here, Plaintiffs expressly seek relief pursuant to the ADA and the Rehabilitation Act enjoining Defendants from "interfering with their rights to a **free and appropriate public education"** *See* Complaint, Wherefore Clause after ¶¶ 178, 187 (emphasis added). Plaintiffs'

claims under the ADA and the Rehabilitation Act are claims under the IDEA and require the parties to proceed through the administrative process before bringing this suit. Plaintiffs cannot circumvent the exhaustion requirement by attempting to plead their claims under the ADA or the Rehabilitation Act. Plaintiffs allege that they have "performed all conditions precedent prior to the filing of the instant action **as exhaustion would be futile**." *Id*. at 164 (emphasis added). Plaintiffs admittedly have **not** exhausted their administrative remedies. Plaintiffs provide no explanations as to why exhaustion would be futile; rather, they simply make the conclusory allegation. Accordingly, Plaintiffs have failed to satisfy the jurisdictional requirement requiring dismissal under Rule 12(b)(1) and thus, the Complaint must be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth in this Motion, Plaintiffs' Complaint fails to seek relief against HCSB, improperly sues HCSB outside its home district, lacks subject matter jurisdiction, and fails to state a claim – each of which is sufficient to warrant dismissal *with prejudice*.

**WHEREFORE**, HCSB respectfully request that the Court drop HCSB as a party, dismiss HCSB from this action *with prejudice*, or transfer any claim against HCSB to the Middle District of Florida, and award such other relief as the Court deems just and proper.

Dated: August 30, 2021   Respectfully submitted,

*/s/ Jason L. Margolin*
**JASON L. MARGOLIN, ESQ.**
Florida Bar Number: 69881
Email: jason.margolin@akerman.com
**ZARRA R. ELIAS, ESQ.**
Florida Bar No. 089020
zarra.elias@akerman.com
**MELISSA TORRES, ESQ.**
Florida Bar Number: 1002646
Email: melissa.torres@akerman.com

**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
***Attorneys for Defendant, The School Board of
Hillsborough County, Florida***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2021, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, who will provide electronic notification to all counsel of record.

*/s/ Jason L. Margolin*
Jason L. Margolin

59643553;4