UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-22863-KMM

JUDITH ANNE HAYES, individually and
on behalf of W.H., a minor, et al

      Plaintiffs,

vs.

GOVERNOR RONALD DION DESANTIS,
in his official Capacity as Governor of the
State of Florida et al

      Defendants.

_____/

## DEFENDANT BROWARD SCHOOL BOARD'S MOTION TO DISMISS

The Defendant School Board of Broward County ("Broward School Board"), by and through its undersigned attorneys, and pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure request that the Court enter an order dismissing Plaintiff's Complaint [ECF No. 1] as against said Defendant for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and as grounds therefore would show:

    1.    Plaintiffs Chris Rodriguez, individually, and on behalf of J.D.-F., a minor, seeks relief against the Broward School Board. [ECF No. 1 at ¶¶133-137] The Complaint alleges that J.D.-F is a four year old child with chronic kidney disease and his doctors "have informed his parents, that it is too dangerous to return to brick and mortar school without such precautions as following the recommended CDC guidelines of mandatory masking and regular testing in

1

schools". [ECF No. 1 at ¶¶133 and 135]

2.     Count 1 asserts that the Defendant Broward School Board's actions violate the Americans with Disabilities Act (ADA) and Count 2 asserts that the Defendant Broward School Board's actions violate Section 504 of the Rehabilitation Act of 1973 (§504).  Both counts request that the Court declare that the Defendant Broward School Board's actions violate the ADA and §504 and issue an permanent injunction enjoining the Broward School Board "from interfering with their rights to a free and appropriate public education in the least restrictive environment by refusing to allow them to go to public school in a safe environment…."  Count 3 is a supplemental claim under Florida law and seeks damages on behalf of Chris Rodriguez individually, and on behalf of J.D.-F., a minor, for a claimed violation of the Florida Educational Equity Act. (s. 1000.05, Florida Statutes).

3.     Counts 1 and 2 fail to state federal claims upon which relief can be granted as against the Defendant Broward School Board for the following reasons:

(a)     While the Complaint contains numerous references to the Governor's Executive Order 21-175 and rules promulgated by the state departments of health and education, the Complaint fails to set forth any policy, practice or action of the Broward School Board which interferes with Plaintiff J.D.-F.'s right to a free and appropriate public education in the least restrictive environment.   Instead, the documents filed on behalf of Plaintiffs Chris Rodriguez, individually and J.D.-F. [63 at pg. 5 n. 9 and pg. 13 n. 31] and other documents which have been made part of the record in this action. [ECF 44-1] demonstrate that the policy and practices utilized by the Broward School Board include a mandatory mask requirement which satisfies Plaintiff's safe access concerns.

(b)     The gravamen of the claim asserted on behalf of J.D.-F. is that he is a disabled student who was been deprived of a free and appropriate public education.   As a result, Plaintiffs Chris Rodriguez and J.D.-F. were required to pursue and exhaust available administrative remedies under the Individuals with Disabilities Education Act (IDEA).   The Complaint fails to allege that Chris Rodriguez either individually, or on behalf of J.D.-F. has exhausted those available administrative remedies.   As such, there is a lack of subject matter jurisdiction and/or Counts 1 and 2 fail state federal claims upon which relief may be granted. *Dubrow v. Cobb County School District,* 887 F.3d 1182 (11th Cir. 2018), *M.T.V. v. DeKalb Cty. Sch. Dist.,* 446 F.3d 1153 (11th Cir. 2006) and *Babicz v. School Board of Broward County,* 135 F.3d 1420 (11th Cir. 1998)

(c)     Plaintiff Chris Rodriguez individually does not allege that he is a disabled person and as such fails to state a violation of the ADA or §504 in his individual capacity.

4.     The supplemental state law claim asserted in Count 3 should also be dismissed for the following reasons:

(a)     In the absence of a viable federal claim, the Court has the discretion to decline to exercise jurisdiction over the supplemental state law claim asserted in Count 3. Should the Court decline to exercise supplemental jurisdiction over the claim, Count 3 should be dismissed without prejudice.  28 U.S.C.§1367(c)(3)

(b)     The Florida Educational Equity Act does not provide relief in the form of damages as requested by the Plaintiffs.   Instead, a person aggrieved by a violation of the Florida Educational Equity Act, or a violation of a rule adopted under the Act "has a right of action for such equitable relief as the court may determine."   See section 1000.05(8), Florida Statutes.   As such, Plaintiff's claims for damages should be dismissed.

3

(c)     The complaint further fails to allege that Plaintiffs have exhausted administrative remedies provided by rules adopted by the Florida Department of Education and as such, Count 3 should be dismissed.  See *Florida High School Athletic Association v. Melbourne Central Catholic School,* 867 So.2d 1281 (Fla. 5th DCA 2004).

WHEREFORE, the Defendant Broward School Board requests that the Court enter an order dismissing the action as against it in accordance with the reasons and authorities set forth above and in the following memorandum of law.

## MEMORANDUM OF LAW

The Defendant Broward School Board, in accordance with Local Rule 7.1 submits the following Memorandum of Law in support of said Defendant's Motion to Dismiss.

### The Complaint Fails to State a Violation of the ADA or §504

The Complaint alleges that medical professionals have advised that it is not safe for J.D.-F. to attend classes and receive exceptional student education services unless the school follows CDC guidelines of mandatory masking and regular testing in schools. [ECF No. 1 at ¶135]  However, the Complaint does not allege that the Broward School Board fails to provide the mandatory masking requirement which J.D.-F. allegedly needs to attend school and receive a free and appropriate public education (FAPE).  While Plaintiffs complain of the Governor's Executive Order 21-175, the Complaint is devoid of any allegations that a policy or practice of the Broward School Board has violated Plaintiff J.D.-F.'s rights under the ADA or §504 to safely access and obtain a FAPE in the least restrictive environment.  Indeed, the filings submitted on behalf of Plaintiffs Chris Rodriguez and J.D.-F., as well as the Broward School Board include and refer to Broward School Board Policy 2170. [ECF 44-1 and ECF No. 63 at pg. 5 n.9 and pg. 13 n.31]  Plaintiffs do not assert that Broward School Board Policy 2170 violates the rights

4

under the ADA or §504 and instead the policy provides the mandatory mask requirements which Plaintiffs content they need to safely access a FAPE.

In summary, since the Complaint fails to allege that the Broward School Board has adopted or implemented a policy or practice which denies Plaintiff J.D.-F. safe access to a FAPE in the least restrictive environment, and instead the record affirmatively shows that the policy being utilized by the Broward School Board is in accord with what Plaintiff's medical professionals opine are necessary to provide him safe access to the Broward public schools, the Complaint fails to state a claim upon which relief can be granted as against the Broward School Board.[1]

**Plaintiffs Have Failed to Exhaust Administrative Remedies**

While Plaintiffs Chris Rodriguez and J.D.-F. seek relief for claimed violations of the ADA and §504, rather than the Individuals with Disabilities Education Act (IDEA) Plaintiffs are required to exhaust administrative remedies under the IDEA where the gravamen of the complaint is that the defendant violated the IDEA's requirement that disabled children receive a FAPE. *Fry v. Napoleon Cmty. Schs.,* 580 U.S._, 137 S.Ct. 743, 752, 197 L.Ed. 2d 46 (2017) Where the gravamen of the claim is that the defendants violated the IDEA's requirement that disabled children receive a FAPE, IDEA's exhaustion requirement must be complied with even if relief is sought pursuant to other statutes and the complaint should be dismissed if the

---

[1] This Court has the discretion to decide whether to consider matters outside the pleadings that have been presented to the Court. See *Jones v. Automobile Insurance Company of Hartford, Conn.,* 917 F.2d 1528, 1532-33 (11th Cir. 1990). If the Court decides to consider Broward School Board Policy 2170, the Court must generally notify the parties that the motion to dismiss is being converted into one for summary judgment so as to allow the submission of any additional evidence that the Plaintiffs wish to include in the record. Here the Plaintiffs are clearly on notice of Broward School Board Policy 2170 and have discussed its existence in the papers that it has filed with the Court. The Defendant Broward School Board request that this Court exercise its discretion to consider Policy 2170 since it is clearly dispositive of the claims asserted by Plaintiffs Chris Rodriguz and J.D.-F. as against the Defendant Broward School Board. See *Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1267-68 (11th Cir. 2002).

exhaustion requirement has not been satisfied. See *Durbrow v. Cobb County School District,* 887 F. 3d 1182 (11ᵗʰ Cir. 20185), *M.T.V. v. DeKalb Cty. Sch. Dist.,* 446 F.3d 1153, 1157-58 (11ᵗʰ Cir. 2006) and *Babicz v. School Board of Broward County,* 135 F.3d 1420, 1421 11ᵗʰ Cir. 1998).

**Plaintiff Chris Rodirguez Fails to State a Viable Claim In His Individual Capacity**

To plead a viable claim for relief under either the ADA or §504, the Complaint must allege that the Plaintiff is an individual with a qualifying disability. *J.S., III by & through J.S., Jr. v. Houston Cty. Bd. of Educ.,* 877 F.3d 979, 985 (11ᵗʰ Cir. 2017)   Section 504 prohibits entities receiving federal funds from discriminating against otherwise qualified individuals with disabilities. *Boyle v. City of Pell City,* 866 F.3d 1280, 1288 (11ᵗʰ Cir. 2017).   Under the ADA, Plaintiff Chris Rodriguez was required to allege that he (1) is disabled (2) is a qualified individual, and (3) experienced unlawful discrimination because of his disability.   Plaintiff Chris Rodriguez has not alleged that he has a disability and does not state a claim on his own behalf under the ADA or §504.   As a result, Plaintiff Chris Rodriguez fails to state a federal claim upon which relief can be granted in his individual capacity.

**The Supplemental State Law Claim Should Be Dismissed**

If the Court determines that Plaintiffs Chris Rodriguez individually and on behalf of J.D.-F. a minor have failed to state federal claims upon which relief can be granted as against the Defendant Broward School Board, 28 U.S.C. §1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over the supplemental state law claim asserted in Count 3. *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1088-89 (11ᵗʰ Cir. 2004) ("the decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court, we have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.") (citations omitted)  If the Court

declines to exercise supplemental jurisdiction over the state law claims asserted in Count III, the

dismissal of the claim should be without prejudice.  See *Carnegie Mellon University v. Cohill,*

484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed. 2d 720 (1988).

Count 3 seeks damages for a violation of the Florida Educational Equity Act.  However,

section 1000.05(8) provides:

> **A person aggrieved by a violation of this section (Florida Educational Equity Act - §1000.05(1)) where a violation of a rule adopted under this section has a right of action for such equitable relief as the court may determine.  The court may also award reasonable attorneys fees and court costs to a prevailing party.** (emphasis added)

Count 3 seeks damages on behalf of Chris Rodriguez individually and J.D.-F. a minor, and as

such fails to state a supplemental state law claim upon which relief can be granted.

## CONCLUSION

The Plaintiffs fails to state a viable federal claim against the Defendant Broward School

Board and as result Counts 1 and 2 should be dismissed.  In the absence of a viable federal

claim, the Court should dismiss the supplemental state law claim asserted in Count 3 for lack of

subject matter jurisdiction.

Dated:  _August 30, 2021_

<div style="margin-left:40%">

Respectfully submitted,

 _/s/Michael T. Burke_
Michael T. Burke, Esquire (338771)
Burke@jambg.com
Cardona@jambg.com
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone: 954-463-0100
*Counsel for Defendant, Broward School Board*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 30th of August, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOHNSON, ANSELMO, MURDOCH, BURKE,
PIPER & HOCHMAN, P.A.
*Counsel for Defendant, Broward School Board*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100


BY:   */s/Michael T. Burke*
       MICHAEL T. BURKE
       Florida Bar No. 338771

<u>**SERVICE LIST**</u>

Matthew W. Dietz, Esq.
Stephanie Langer, Esq.
Disability Independence Group, Inc.
2990 Southwest 35th Ave.
Miami, FL 33133
305-669-2822
slanger@justdigit.org
mdietz@justdigit.org
aa@justdigit.org
***Attorneys for Plaintiff***

Jason L. Margolin, Esq.
Zarra R. Elias, Esq.
Melissa Torres, Esq.
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
jason.margolin@akerman.com
zarra.elias@akerman.com
melissa.torres@akerman.com
***Attorneys for School Board of Hillsborough County***

J. Erik Bell, Esq.
Sean Fahey, Esq.
Anna Patricia Morales Christensen, Esq.
Laura Esterman Pincus, Esq.
Lisa A. Carmona, Esq.
Office of General Counsel
3318 Forest Hill Boulevard, Suite C-331
West Palm Beach, Florida 33406
jon.bell@palmbeachschools.org
sean.fahey@palmbeachschools.org
anna.morales@palmbeachschools.org
laura.pincus@palmbeachschools.org
lisacarmona@palmbeachschools.org
merrie.mckenziesewell@palmbeachschools.org
***Attorneys for Palm Beach County School Board***

Anastasios Kamoutsas, Esq.
Fla. Bar ID No. 109498
General Counsel
Florida Department of Education
325 West Gaines Street, Room 1544
Tallahassee, Florida 32399
Telephone: (850) 245-0442
anastasios.kamoutsas@fldoe.org
*Attys. for Commissioner Richard Corcoran and the Florida Department of Education*

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
Telephone:   954-463-0100
Burke@jambg.com
Cardona@jambg.com
*Attorneys for Broward County School Board*

Dennis J. Alfonso, Esq.
MCCLAIN ALFONSO, P.A.
Post Office Box 4
37908 Church Avenue
Dade City, Florida 33526-0004
Telephone: (352) 567-5636
DAlfonso@mcclainalfonso.com
Eserve@mcclainalfonso.com
*Attorney for the Defendant Pasco County School Board*

AMY PITSCH, ESQ.
SUSANA CRISTINA GARCIA, ESQ.
GREENSPOON MARDER LLP
201 E. Pine Street, Suite 500
Orlando, FL 32801
Telephone: (407) 425-6559
amy.pitsch@gmlaw.com
tina.garcia@gmlaw.com
Melissa.spinner@gmlaw.com
*Attorneys for Defendant Orange County School Board*

Sara M. Marken, Esq., Asst. School Board Attorney
Jordan A. Madrigal, Deputy Asst. School Board Attorney
Walter J. Harvey School Board Attorney
School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Suite 430
Miami, Florida 33132
smarken@dadeschools.net
jordanmadrigal@dadeschools.net
***Attorneys for School Board of Miami-Dade County***

Luis M. Garcia, Deputy Asst. School Board Attorney
Walter J. Harvey
School Board Attorney
The School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Suite 430
Miami, Florida 33132
lmgarcia2@dadeschools.net
***Attorneys for School Board of Miami-Dade County***

DELL GRAHAM, P.A.
David M. Delaney
Natasha S. Mickens
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
david.delaney@dellgraham.com
natasha.mickens@dellgraham.com
elizabeth.whisler@dellgraham.com
leann.campbell@dellgraham.com
***Attorneys for School Board of Alachua County***

DORAN, SIMS, WOLFE & YOON
Carol A. Yoon
Theodore R. Doran
Aaron Wolfe
1020 W. International Speedway Blvd.
Daytona Beach, Florida 32114
Telephone:(386)253-1111
awolfe@doranlam.com
cyoon@doranlam.com
lclavassaa@doranlaw.com
***Attorneys for School Board of Volusia County***

Leanetta McNealy
Chair of the Alachua County School Board
620 East University Avenue
Gainesville, Florida 32601

Jordan Madrigal
Attorney for Miami Dade County School Board
1450 NE 2nd Avenue, Suite 700
Miami, Florida 33132

Teresa Jacobs
Chair of the Orange County School Board
445 West Amelia Street
Orlando, Florida 32801

Allen Altman
Chair of the Pasco County School Board
7227 Land O'Lakes Boulevard
Land O'Lakes, Florida 34638

Linda Cuthbert
Chair of the Volusia County School Board
200 North Clara Avenue
DeLand, Florida 32720