**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:21-CV-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of
W.H., a minor, ROBYN MCCARTHY and JOHN
MCCARTHY, individually and on behalf of L.M., a minor,
AMANDA BANEK, individually and on behalf of D.B.
and B.B, minor children, KAS ARONE-MILLER,
individually and on behalf of R.M. and L.M., Minor
children, LISHA TODD, individually and on behalf of J.T,
a minor, JAMIE KINDER, individually and on behalf of
R.K., a minor, CHRIS RODRIGUEZ, individually and on
behalf of J.D.-F., a minor, JACK KOCH, individually and
on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of
P.T., a minor, EREN DOOLEY, individually and on behalf
of G.D., a minor, TOM COLLINS, individually and on
behalf of Q.C., a minor,

          Plaintiffs,

vs.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD
CORCORAN, in his official capacity as Commissioner of
the Florida Department of Education, ORANGE COUNTY
SCHOOL BOARD, MIAMI DADE COUNTY SCHOOL
BOARD, HILLSBOROUGH COUNTY SCHOOL
BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO
COUNTY SCHOOL BOARD, ALACHUA COUNTY
SCHOOL BOARD and VOLUSIA COUNTY SCHOOL
BOARD.
          Defendants.
_____/

**DEFENDANT, PASCO COUNTY SCHOOL BOARD'S
<u>MOTION TO DISMISS FOR IMPROPER VENUE</u>**

  **COMES NOW**, Defendant, PASCO COUNTY SCHOOL BOARD ("Pasco"), and

hereby moves to dismiss the Plaintiffs Complaint for Injunctive Relief, and states as follows:

*Hayes, et al., v. DeSantis, et al.,*
*Case No. 1:21-cv-22863-KMM*
*Defendant Pasco's Motion to Dismiss*
*Page 2 of 6*
_____

## PRELIMINARY STATEMENT AND BACKGROUND

1. On July 30, 2021, Defendant, Governor DeSantis signed Executive Order 21-175, which prevents Florida school boards from mandating Florida K-12 public school students wear face coverings/masks at public schools, and which otherwise grants the parents of such students the right to determine whether to require their student(s) to wear face coverings at public schools.

2. Plaintiffs are a collection of parents who seek to enjoin the Governor, Department of Education, and the Chancellor of the Department of Education from enforcing its Executive Order regarding face covering mandates by various School Boards throughout the State of Florida, both *within* and *outside* of the geographical venue of the Southern District, under provisions of the Federal ADA and 504, and assert claims for damages and other equitable relief under Federal and State law.

3. Of the total 27 Plaintiffs, only four (4) reside in Pasco County, Florida: Jack Koch, R.K., B.K., A.K. (Doc 1, ¶¶ 18 – 21).

4. None of these four Plaintiffs has alleged that Pasco performed or failed to perform any act required of it within the venue of this Court.

5. The Plaintiffs acknowledge that each school board is the "corporate and governmental agency duly empowered by the constitution and statutes of the State of Florida to administer, manage, and operate" public schools within its respective county. (Doc 1, ¶¶ 31, 33, 36, 37, and 38).

6. Pasco is a district school board, charged by state law with the operation and authority only over public schools in Pasco County, Florida.

7. Pasco has no corporate or physical presence within the Southern District.

*Hayes, et al., v. DeSantis, et al.,*
Case No. 1:21-cv-22863-KMM
*Defendant Pasco's Motion to Dismiss*
*Page 3 of 6*
_____

## MOTION TO DISMISS

8.  No allegation asserts that Pasco has or had any contacts with this venue. Pasco is not alleged to have any jurisdictional authority over any of the Plaintiffs in this venue; nor to have conducted any business activity or been involved in any enterprise giving rise to this action with the Plaintiffs within this venue. Pasco respectfully asserts that the Southern District is an inappropriate venue for litigation against it in this matter.

9.  Plaintiffs acknowledge that Pasco is the "corporate and governmental agency duly empowered by the constitution and statues of the State of Florida to administer, manage, and operate" public school within its Pasco county. (Doc 1, ¶¶ 31, 33, 36, 37, and 38). Under State Law, School Boards as political subdivisions are entitled to a home venue privilege to be sued within the venue assigned to its principal geographical location – for Pasco, this would be Pasco County Florida, or the Federal Court for the Middle District of Florida.

10. To the extent that the Plaintiffs seek to utilize *equitable relief* under Florida State law, §1000.05, Fla. Stat. (2109) (also referred to as the "FEEA")[1] to support their claims for relief, it more clearly evokes the application and protection of the Florida home venue privilege.

## MEMORANDUM OF LAW

11. For the purposes of determining the authorized and appropriate venue for litigation of Federal questions, 28 U.S.C. 1331, provides in pertinent part as follows:

> (b) Venue in general. --A civil action may be brought in--
>     (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; …

_____

[1] In the "wherefore" clause of Count 3 of the Plaintiff's Doc 1, the Plaintiff requests "such relief as the court deems just and equitable."

*Hayes, et al., v. DeSantis, et al.,*
*Case No. 1:21-cv-22863-KMM*
*Defendant Pasco's Motion to Dismiss*
*Page 4 of 6*
_____

> (d) Residency of corporations in States with multiple districts.--For purposes of venue under this chapter, <u>in a State which has more than one judicial district</u> and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, <u>such corporation shall be deemed to reside in any district in that State</u> <u>within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State</u>, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

12. This provision has been interpreted to require courts to "focus on relevant activities of the defendant, not of the plaintiff." Moreover, the court's analysis regarding venue should "ensure that a defendant is not hailed into a remote district having no real relationship to the dispute." See *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F.Supp.2d 1353, 1357 - 1358 (2009) (citing, *Jenkins Brick Co., v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003), and *Woodke v Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). See also, *Vivant Pharms., LLC v. Clinical Formula*, LLC, No. 10–21537, 2011 WL 1303218, (S.D. Fla. Mar. 31, 2011).

13. The Complaint fails to allege that Pasco has any contacts within this Court's District, or that Pasco has engaged in any relevant action or conduct within the venue of this Court's District, or that Pasco has the legal authority to act within this Court's District.

14. Likewise, the Complaint fails to allege any of the Plaintiffs ***within*** the Southern District's geographical venue have been or will be affected by any specific action taken by or conduct of Pasco.

15. Under state law, the authorized and appropriate venue for litigation on such statute is established by §47.011, Fla. Stat., which provides as follows:

*Hayes, et al., v. DeSantis, et al.,*
Case No. 1:21-cv-22863-KMM
*Defendant Pasco's Motion to Dismiss*
*Page 5 of 6*
_____

> Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.

16. As acknowledged by the Plaintiffs, Pasco is the "corporate and governmental agency empowered by the constitution and statutes of the State of Florida to administer, manage, and operate" the public schools within Pasco County, Florida.  (Doc 1, ¶ 36)

17. Since Pasco has not, through any action or conduct, submitted itself to the venue of this Court's District, Pasco has and hereby asserts its State and common law "home venue privilege" to be sued in the county where it maintains its principal headquarters.  See, § 47.011, Fla. Stat.; and *School Bd. of Osceola County v. State Bd. of Educ.*, 903 So.2d 963, 966 (Fla. 5th DCA 2005).

18. Such home venue privilege was created by common law, and among other things, the privilege is intended to "promote orderly, efficient, and economical government" by allowing governmental entities to be sued in the county of their headquarters, "where such suits can be defended at a minimum expenditure of effort and public funds." *Smith v. Williams*, 35 So.2d 844 (Fla. 1948); *Florida Dept. of Children and Families v. Sun-Sentinel*, 865 So.2d 1278, 1287 (Fla. 2004) ("Sun-Sentinel II").  See also, *Fish & Wildlife Conservation Com'n v. Wilkinson*, 799 So.2d 258, 263 (Fla. 2d DCA 2001).

19. In consideration of these principles, Pasco asserts that the Plaintiffs' venue selection in this venue is inappropriate as it relates to any claim against Pasco.

*Hayes, et al., v. DeSantis, et al.,*
*Case No. 1:21-cv-22863-KMM*
*Defendant Pasco's Motion to Dismiss*
*Page 6 of 6*
_____

## CONCLUSION

For the aforementioned reasons, Pasco should be dismissed from the relief requested by the Complaint for lack of personal jurisdiction, based upon Plaintiff's choice of improper venue against Pasco, and based upon Pasco's home venue privilege.

Dated 29 August 2021            **MCCLAIN ALFONSO, P.A.**
                                Post Office Box 4
                                37908 Church Avenue
                                Dade City, Florida 33526-0004
                                Telephone: (352) 567-5636
                                Facsimile: (352) 567-6696
                                Email: DAlfonso@mcclainalfonso.com
                                Secondary email: Eserve@mcclainalfonso.com
                                Attorney for the Defendant,
                                    Pasco County School Board

                                s/ *Dennis J. Alfonso*
                                _____
                                DENNIS J. ALFONSO, Esquire
                                Florida Bar Number: 843271

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the undersigned electronically filed the foregoing with the Clerk of the Court via the CM/ECF system on August 29, 2021, and requested the Clerk provide electronic notification to all counsel of record.

                                s/ *Dennis J. Alfonso*
                                _____
                                DENNIS J. ALFONSO, Esquire
                                Florida Bar Number: 843271