UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:  21-CV-22863-MOORE

JUDITH ANNE HAYES, individually and on behalf of W.H., a minor,
ROBYN MCCARTHY and JOHN MCCARTHY, individually
and on behalf of L.M., a minor, AMANDA BANEK, individually
and on behalf of D.B. and B.B, minor children, KAS ARONEMILLER,
individually and on behalf of R.M. and L.M.,
Minor children, ALISHA TODD, individually and on behalf
of J.T, a minor, JAMIE KINDER, individually and on
behalf of R.K., a minor, CHRIS RODRIGUEZ, individually
and on behalf of J.D.-F., a minor, JACK KOCH, individually
and on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of P.T., a
minor, EREN DOOLEY, individually and on behalf of G.D.,
a minor, TOM COLLINS, individually and on behalf of Q.C., a minor,

     Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD CORCORAN,
in his official capacity as Commissioner of the Florida Department
of Education, ORANGE COUNTY SCHOOL BOARD, MIAMI
DADE COUNTY SCHOOL BOARD, HILLSBOROUGH
COUNTY SCHOOL BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO COUNTY
SCHOOL BOARD, ALACHUA COUNTY SCHOOL BOARD and
VOLUSIA COUNTY SCHOOL BOARD,

     Defendants.

_____/

## DEFENDANT SCHOOL BOARD OF ALACHUA COUNTY'S
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND
## INCORPORATED MEMORANDUM OF LAW

1

Defendant School Board of Alachua County ("Alachua School Board"), through undersigned counsel and per Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), and pursuant to Local Rule 7.1 of the United States District Court for the Southern District of Florida, moves to dismiss Plaintiffs' Complaint with prejudice and states the following:

## BACKGROUND

1.      On August 6, 2021, Plaintiffs, Judith Anne Hayes, individually and on behalf of W.H., a minor, et. al., filed their Complaint and Motion for Preliminary Injunction against Defendants, Governor Ronald Dion DeSantis, in his official capacity as Governor of the State of Florida, et. al. Doc. 1, Doc. 3. On August 10, 2021, Plaintiffs filed their Amended Motion for Preliminary Injunction. Doc. 17.

2.      Governor DeSantis issued an Executive Order 21-175 on July 30, 2021 titled "Ensuring Parents Freedom to Choose – Masks in School" "in response to several Florida school boards considering or implementing mask mandates in their school districts." Doc. 1 at ¶ 42; Doc. 17 at p.2. From this Executive Order, Plaintiffs state that "[a]s a penalty for non-compliance, Governor DeSantis directed his Commissioner of Education to withhold state fund from non-compliant school boards…." Doc. 1 at ¶ 44. Plaintiffs also allege that the Governor "does not have the authority to threaten school districts with loss of funding if they protect their students with disabilities health

and rights…By doing so, he is violating the Americans with Disabilities Act and Rehabilitation Act." *Id.* at ¶ 44

3.    Among other allegations regarding disabled students' inability to receive a proper education, Plaintiffs allege that "[s]tudents with disabilities who are unable to safely return to brick-and-mortar schools because of continued health concerns, are being excluded from the public school system." *Id.* at ¶ 50.

4.    Plaintiffs further allege that "[b]y refusing to allow school districts to implement mask mandates, Governor DeSantis has placed an illegal barrier for students with disabilities which is preventing our state's most vulnerable students from returning to public schools." *Id*. at ¶ 51.

5.    Plaintiffs believe that "the Governor and the State are forcing children out of the public school system[,]" and parents are being "put into an impossible situation of having to choose between the health and life of their child and returning to school." *Id*. at ¶¶ 53-54.

6.    Plaintiff P.T. is the only named Plaintiff who resides in Alachua County. No other plaintiff has brought a claim against Alachua County nor is entitled to relief from the Alachua School Board.

7.    Plaintiff P.T. remains enrolled in Alachua County Schools and has been attending school for this current 2021-22 school year. Plaintiff P.T. attends an Alachua County public school. *Id*. at ¶ 146.

8.     Plaintiff P.T. and Plaintiff's mother, Kristen Thompson, both reside in Alachua County, Florida.  *Id*. at ¶¶ 22-23.

9.     Plaintiffs improperly sued the Alachua School Board, sued in the improper venue, and the Alachua School Board remains entitled to the home venue privilege.

10.    In Plaintiffs' Complaint (and Amended Motion for Preliminary Injunction), Plaintiffs' relief is not sought from the Alachua School Board and takes issue with the Governor's "executive order conflict[ing] with the school districts obligations under the Individuals with Disabilities' Education Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act…" *Id*. at ¶ 49. Plaintiffs request for relief sought in their Complaint is that they "request that this court find that such [executive] order violates 28 C.F.R. § 35.130(b)(3)….and that Governor DeSantis does not have the authority to interfere with these children's rights…" *Id*.

11.    In Plaintiffs' Complaint, they specifically note that the Alachua School Board is "not an adverse party." *Id.* at ¶ 37.

12.    The School Board of Alachua County enacted a mask mandate on August 3, 2021, effective for two weeks. *See* SBAC Minutes 8/3/21 at p.2-3 https://drive.google.com/file/d/1mHOhOo0I2Bgv9mU9CsSMNlt2IqcDQwHX/view.

13.    At the August 17, 2021 School Board of Alachua County meeting, the Alachua School Board extended the mask mandate in all schools for another eight weeks. *See*

Alachua County Public Schools Fall 2021 COVID-19 Response Plan at p. 8 https://fl02219191.schoolwires.net/Page/30119.

14.    For the reasons above and argued below, Plaintiffs' claims against the Alachua School Board should be dismissed.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALACHUA SCHOOL BOARD'S MOTION TO DISMISS

### THE PLAINTIFFS FILED IN AN IMPROPER VENUE AGAINST ALACHUA COUNTY

*i.     This Court does not have jurisdiction in this case over the Alachua School Board and the Southern District is an improper venue.*

Plaintiffs improperly filed their Complaint in the Southern District Court, which is an improper venue for the Alachua School Board for a number of reasons. The first being that the substantial events involving Plaintiff P.T. and their mother, Kristen Thompson (who are both Alachua County residents), occurs and continues to occur where the Plaintiff P.T. resides and attends school, in Alachua County, Florida. (Doc. 1 at ¶¶ 22-23, 146). Secondly, the Southern District is an inconvenient forum for the Alachua School Board as a Defendant given that its principal, and only, place of operation is in Alachua County, Florida – which is a part of the Northern District of Florida Court.

In order for the Court to determine if venue is proper in the current District Court, the Court must conduct a two-part inquiry test. First, "[t]he Court will first

consider what alleged acts by the Defendants "gave rise" to Plaintiff's claim." *NuTek Int'l, Inc. v. Moxley-W.*, 3:13-CV-494-J-34PDB, 2014 WL 12623811, at *4 (M.D. Fla. Mar. 26, 2014). "Next, the Court will consider whether a "substantial part" of those acts took place in this District." *Id.* "[T]he court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether 'significant events or omissions material to [those] claim[s] ... have occurred in the district in question." *Id.* "If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a)." *Mobile Diagnostic Imaging, Inc. v. Gormezano*, 12-60888-CIV, 2012 WL 3244664, at *2 (S.D. Fla. Aug. 9, 2012). Under 28 U.S.C. § 1391(b)(2), "venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..."" *Id.* (*quoting* 28 U.S.C. § 1391(b)(2)). "Courts have also held that substantial events occurred within a venue when harm or injury was suffered in that venue." *Id.* (internal citations omitted).

> [C]ourts give less deference to a Plaintiff's chosen forum "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff[.]" *Osgood v. Discount Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1267 (S.D. Fla. 2013) (*citing Windmere Corp.*, 617 F. Supp. at 10 (S.D. Fla. 1985) ); *Balloveras v. Purdue Pharma Co.*, 04-20360, 2004 WL 1202854, at *1 (S.D. Fla. 2004); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 987 (E.D.N.Y. 1991) ("[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and is in fact given reduced significance").

6

> *MSPA Claims 1, LLC v. Halifax Health, Inc*., 17-20706-CIV, 2017 WL
> 7803813, at *3 (S.D. Fla. Oct. 13, 2017); *see also Hight v. United States
> Dep't of Homeland Sec*., 391 F. Supp. 3d 1178, 1185 (S.D. Fla. 2019).

In *MSPA*, the Court found that "the operative facts underlying the majority of Plaintiffs

claims occurred in the Middle District of Florida. For that reason alone the Court finds

that Plaintiff's choice of forum is entitled to "less than normal deference."" *Id.* (*citing

Balloveras v. Purdue Pharma Co*., No. 04–20360–CIV–MORENO, 2004 WL

1202854, at *1 (S.D. Fla. 2004)); *see also Hight*, 391 F. Supp. 3d at 1185 ("Plaintiff's

only nexus to the Southern District of Florida is his residence—while all the relevant

licensing decisions were made in the District of Columbia by residents of the District

of Columbia. Moreover, the licensing in question relates to Plaintiff's work as a pilot

on Lake Ontario and the St. Lawrence Seaway…The scales are further tilted in favor

of transfer given the locus of operative facts for Plaintiff's claims."). "[A] court must

focus its analysis on the activities of the defendant which give rise to the claim, not

those of the plaintiff." *NuTek Int'l, Inc. v. Moxley-W*., 3:13-CV-494-J-34PDB, 2014

WL 12623811, at *4 (M.D. Fla. Mar. 26, 2014). "[I]n accordance with Eleventh Circuit

precedent, the Court must focus its venue analysis not on all aspects of the relationships

between the parties, but on the location of the acts and omissions giving rise to the

claims asserted, those actions with a close nexus to the wrong." *Id.* Furthermore,

> [t]he general rule in suits against public officials is that a defendant's
> residence for venue purpose is the district where he performs his official

duties. 1 Moore's Federal Practice P 0.142(5.-1-2), at 1396 (2d ed. 1979). *See, e. g., Butterworth v. Hill*, 114 U.S. 128, 132, 5 S.Ct. 796, 798, 29 L.Ed. 119 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972), cert. denied sub nom. *Heitzler v. O'Neill*, 411 U.S. 964, 93 S.Ct. 2142, 36 L.Ed.2d 685 (1973). A number of the cases applying this principle have involved federal officials or agencies and have found only one official residence. *See, e. g., Ernst v. Secretary of the Interior*, 244 F.2d 344, 17 Alaska 133 (9th Cir. 1957); *Trueman Fertilizer Co. v. Larson*, 196 F.2d 910 (5th Cir. 1952); *Hartke v. Federal Aviation Administration*, 369 F.Supp. 741 (E.D.N.Y.1973).

*Florida Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds by Florida Dept. of Health & Rehab. Services v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981).

This Court has addressed similar issues previously and held that "[a] central purpose of the federal venue statute is to ensure that a defendant is not hailed into a remote district having no real relationship to the dispute." *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc*., 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009) (internal citation omitted). Here, the alleged potential "harm or injury" or "substantial events" with respect to Plaintiff P.T., and their mother Kristen Thompson (the only plaintiffs relating to Alachua County), per Plaintiffs' own allegations, all occurred or is going to occur in Alachua County, Florida. Moreover, the Alachua School Board's only "official residence" and place where the School Board performs its "official duties" is in Alachua County, Florida – part of the Northern District of Florida Court.

As stated above, another reason why the Alachua School Board is entitled to dismissal is based on the fact that this Court is inconvenient to witnesses and the Alachua School Board as a Defendant. By the time of this filing, the Alachua County

Public Schools will only be in its fourth week of school in what has already been a

hectic and demanding school year. All staff and district personnel are all hands-on deck

to assist with students and teachers returning in person to schools. 28 U.S.C. § 1404(a)

provides that "[f]or the convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district or division where it

might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404.

> A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."
>
> *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp*., 549 U.S. 422, 429 (2007) (*quoting American Dredging Co. v. Miller*, 510 U.S. 443, 447–448, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994)).

"Dismissal for *forum non conveniens* reflects a court's assessment of a "range of

considerations, most notably the convenience to the parties and the practical difficulties

that can attend the adjudication of a dispute in a certain locality."" *Id.* (*quoting*

*Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 723, 116 S.Ct. 1712, 135 L.Ed.2d 1

(1996)). The Supreme Court noted in *Sinochem* that they "have characterized *forum*

*non conveniens* as, essentially, "a supervening venue provision, permitting

displacement of the ordinary rules of venue when, in light of certain conditions, the

trial court thinks that jurisdiction ought to be declined."" *Id.* at 429-430 (2007) (*quoting*

*American Dredging*, 510 U.S., at 453, 114 S.Ct. 981). While,

> [a] defendant invoking *forum non conveniens* ordinarily bears a heavy
> burden in opposing the plaintiff's chosen forum. When the plaintiff's
> choice is not its home forum, however, the presumption in the plaintiff's
> favor "applies with less force," for the assumption that the chosen forum
> is appropriate is in such cases "less reasonable."

> *Id.* at 430 (*quoting Piper Aircraft Co*., 454 U.S., at 255–256, 102 S.Ct.
> 252).

"To determine whether a case should be transferred pursuant to section 1404,

courts apply a two-prong test." *Hight*, 391 F. Supp. 3d at 1183.

> Courts embark on a two-prong inquiry when considering the several
> factors used to determine whether to transfer venue." *Steifel Labs., Inc. v.
> Galderma Labs, Inc*., 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008). "First,
> the alternative venue must be one in which the action could originally
> have been brought by the plaintiff." *Id.* (*citing* 28 U.S.C. § 1404(a);
> *Mason V. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355,
> 1359 (S.D. Fla. 2001) ). "Second, courts are to balance private and public
> factors to determine if transfer is justified." *Id.* (*citing Mason*, 146 F.
> Supp. 2d at 1359). "Section 1404 factors include (1) the convenience of
> the witnesses; (2) the location of relevant documents and the relative ease
> of access to sources of proof; (3) the convenience of the parties; (4) the
> locus of operative facts; (5) the availability of process to compel the
> attendance of unwilling witnesses; (6) the relative means of the parties;
> (7) a forum's familiarity with the governing law; (8) the weight accorded
> a plaintiff's choice of forum; and (9) trial efficiency and the interests of
> justice, based on the totality of the circumstances." *Manuel v. Convergys
> Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)."

> *MSPA Claims 1*, 17-20706-CIV, 2017 WL 7803813, at *1; *see also
> Hight*, 391 F. Supp. 3d at 1183.

Plaintiffs admit that Plaintiff P.T. resides in Alachua County. (Doc. 1 at ¶ 23). Plaintiff's mother, Kristen Thompson, resides in Alachua County. (*Id*. at ¶ 22). Plaintiff admits that Plaintiff P.T. attends school in Alachua County public schools. (*Id*. at ¶ 146). And, Plaintiff admits that Plaintiff P.T.'s parents are deciding whether to continue to enroll Plaintiff P.T. in Alachua County public schools, thereby showing that the entire events and circumstances surrounding any possible allegations against the Alachua School Board took place and/or are taking place in Alachua County, Florida. (*Id*. at ¶ 149).

### ii.     *Alachua School Board is entitled to the Home Venue Privilege*

Under Florida law, the "home venue privilege provides that, absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters." *Florida Dept. of Children & Families v. Sun-Sentinel, Inc*., 865 So. 2d 1278, 1286 (Fla. 2004). "Absent waiver or application of an identified exception, the home venue privilege appears to be an absolute right." *Bush v. State*, 945 So. 2d 1207, 1212 (Fla. 2006) (*quoting Jacksonville Elec. Auth. v. Clay County Util. Auth*., 802 So.2d 1190, 1192 (Fla. 1st DCA 2002)). Courts have recognized three exceptions to the home venue privilege: (1) where the Legislature has by statute waived the privilege; (2) the sword wielder exception; (3) where the governmental defendant is sued as a joint tortfeasor.  *Florida Dept. of Children &*

*Families*, 865 So. 2d at 1287–88. "The second exception, known as the "sword wielder" exception, "applies only where direct judicial protection is sought from an unlawful invasion of a constitutional right of the plaintiff, directly threatened in the county where the suit is instituted."" *Id.* at 1288 (*quoting Fla. Pub. Serv. Comm'n v. Triple "A" Enters., Inc*., 387 So.2d 940, 942 (Fla.1980)). Here, there has been no waiver by the Alachua School Board of its home venue privilege, the sword wielder exception does not apply as the only plaintiff relating to the Alachua School Board is an Alachua County resident (part of the Northern District, not Southern), and the Alachua School Board has not been sued as a joint tortfeasor.

> Defendant enjoys a common law "home venue privilege" entitling it to litigate in the county where it maintains its principal headquarters—i.e., Volusia County. *See Boca Raton Hous. Auth. v. Carousel Dev., Inc*., 482 So. 2d 543, 544 (Fla. Dist. Ct. App. 1986) ("The home venue rule provides that actions against municipal corporations are inherently local and that, in the absence of statutory provisions to the contrary, venue of such actions is in the county where the municipalities are located.").

> *MSPA Claims 1*, 17-20706-CIV, 2017 WL 7803813, at *4.

The Court found in *MSPA* that the Defendant's "home venue privilege" weighed heavily in favor of transferring the case to the Middle District of Florida where it maintained its principal headquarters. *Id*. at *5. For the Alachua School Board, its only place of business and "headquarters" is located in Alachua County, Florida. It does not operate any business or take any actions in the Southern District of Florida and therefore is entitled to its home venue privilege in the Northern District of Florida.

### III. <u>CONCLUSION</u>

Based on the foregoing, Defendant, School Board of Alachua County should be dismissed for lack of jurisdiction, home venue privilege, and on the basis of *forum non conviens*. Without waiving its argument regarding jurisdiction and venue, Defendant School Board of Alachua County reserves all other legal arguments and defenses for a later date, including but not limited to (1) failure to state a cause of action (2) failure to exhaust administrative and legal remedies, (3) failure to mitigate damages, (4) Plaintiffs' claims against the Defendant School Board of Alachua County are moot due to the Defendant School Board of Alachua County's actions regarding masks, and (5) any and all other arguments available to Defendant School Board of Alachua County.

Wherefore, Defendant School Board of Alachua County respectfully requests that this Honorable Court order the following relief:

(a)     dismiss the claims against Defendant School Board of Alachua County;

(b)     transfer any claims against Defendant School Board of Alachua County to the Northern District, Gainesville Division; and

(c)     any other relief this Court deems appropriate.

13

Dated: September 3, 2021.

Respectfully submitted,

**DELL GRAHAM, P.A.**

/s/ Natasha S. Mickens
David M. Delaney
Florida Bar No.:  121060
david.delaney@dellgraham.com
Natasha S. Mickens
Florida Bar No.: 0112709
natasha.mickens@dellgraham.com
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
Secondary email:
elizabeth.whisler@dellgraham.com
leann.campbell@dellgraham.com
Attorneys for School Board of
Alachua County

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 3rd day of September, 2021, a true and correct copy of the foregoing was served via the Court's CM/ECF system all counsel of record.

**DELL GRAHAM, P.A.**

/s/ Natasha S. Mickens
David M. Delaney

Florida Bar No.:  121060
david.delaney@dellgraham.com
Natasha S. Mickens
Florida Bar No.: 0112709
natasha.mickens@dellgraham.com
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
Secondary email:
elizabeth.whisler@dellgraham.com
leann.campbell@dellgraham.com
Attorneys for School Board of
Alachua County