# Exhibit - 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:21-cv-22863-KMM

JUDITH ANNE HAYES, individually and on behalf
of W.H., a minor, et. al.,

    Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; et.al.,

    Defendants.

_____/

## **SECOND DECLARATION OF JACK KOCH**

COMES NOW, Jack Koch and pursuant to 28 U.S.C. § 1748, declares under penalty of

perjury that the foregoing is true and correct:

1. My name is Jack Koch, and I am over 18 years old and have personal knowledge of the facts as stated herein.

2. I am a resident of Pasco County, Florida.

3. I have three children zoned for Pasco County public schools.

4. School began on August 10, 2021.

5. B.K. is twelve years old son and has an autism spectrum disorder, attention deficit hyperactive disorder and a speech impairment. B.K. has an IEP.

6. Two of my children are currently in public school attending in person education. My youngest child was removed, because not only is she too young to be vaccinated, but the students and staff at her school were unmasked which put my son B.K. at greater risk of severe infection and hospitalization if he should contract Covid-19. We instead placed her in Florida Virtual School (FLVS).

7. All three of my children have been identified by the Pasco County public schools as students with disabilities. Two have been provided with individualized education plans (IEP) and one has been provided with a 504 plan.

8. R.K. is fourteen years old and has attention deficit hyperactive disorder and a specific learning disability. R.K. has a 504 plan.

9. A.K, is eight years old and has a Speech Impairment. A.K. has an IEP.

10. B.K. who has an autism spectrum disorder is more susceptible to severe illness, hospitalization and death should he contract Covid-19.

11. As such all three of my children have been provided with facemasks and hand sanitizer, which they are instructed to wear daily (masks) and use frequently (sanitizer).

12. Outside of school, all three children have very limited in person interaction with friends or family and are limited to interaction in outdoor areas where distancing can be maintained.

13. All members of the immediate family who are eligible to be vaccinated against COVID 19 were fully vaccinated at the earliest possible opportunity.

14. B.K. and R.K. go to different public schools.

15. B.K. and R.K. are both vaccinated and are both enrolled in school choice programs in Pasco County. It is the affiant's understanding that should they be withdrawn from school for safety reasons, their spots in the choice programs will not be protected. As such, we made the painful decision to keep them in school at this time. Both kids wear masks all day at school, distance when they can and eat lunch with distance when they can. We also have been testing them regularly to ensure that their safety.

16. Since the start of the school year, however, B. K. has missed four (4) days of school due to possible exposures to Covid 19 on campus. As of September 1, 2021 we have been notified of at least 6 potential exposures on campus.

17. As of September 2, 2021, R. K. has missed five (5) days of school due to possible exposures to Covid 19 on campus. As of September 1, 2021, we have been notified of at least 4 potential exposures on campus.

18. While home, in isolation and quarantine, the district has not offered any direct academic instruction.

19. R.K. has reported that most teachers and staff on campus are not masked, the majority of students are not masked, and distancing on campus particularly during passing periods is not practical.

20. A.K. was enrolled in virtual school after she attended the first day of in person instruction on August 10th, 2021. A.K. reported that her teacher and most students in her class did not wear masks, she sits in a cluster in close proximity to other students all day, and no distancing was possible in the cafeteria where all students were unmasked during lunch.

21. It took a week for FLVS to accept A.K. enrollment. During that time A.K. received no education and none of the supports or services contained in her IEP.

22. In order to accommodate A.K. who is now going to school at home, my wife needed to put her own education on hold to allow A.K. the time necessary to utilize her laptop and to provide A.K. with the supports she needs to get through the virtual platform and the school day.

23. A.K. now only receives two hours of instruction by video, 4 days per week. In school she received six hours of direct instruction from her teacher. In addition, she now only receives speech therapy 30 minutes weekly by video. The rest of the time the virtual program is self-directed by the student. As such, my wife and I have become her teacher, her support and service provider and help her navigate through the materials and teach her the information contained on the virtual platform.

24. In order to accommodate supporting A.K.'s education at home, affiant has to take time away from income generating work activities to provide her support and assistance during the school day.

25. Enrolling her in virtual school required us to waive her right to receive the in person supports and services contained in A.K.'s IEP and give up hours of direct instruction from a certified teacher. A.K. is further unable to partake in free lunch and breakfast being provided at school.

26. While we monitored the situation and evaluated options before making the final decision to accept enrollment in FLVS for A.K., on August 17th Superintendent Browning disclosed at the regular schoolboard meeting that the information the district was providing to families on cases on schools' campuses was incomplete and the district could not keep up with the number of positive cases being reported.

27. While monitoring the situation, we also noticed that the district's limited protocols, such as they were, were self-contradictory and not consistently enforced. We noticed this when, on August 11th, R.K. was sent home from school after an unexplained vomiting episode. The clinic aid, without knowing R.K.'s vaccination status, directed that he could return to school in 24 hours as long he was symptom free. At the time, the district protocols (online) stated that an unexplained illness such as this required a negative PCR test, yet one was never requested.

28. The schools are not currently conducting contact tracing. Students are simply notified when they have possibly been in a class with a reported positive case. With every notification, my family is left to try to figure out whether it may or may not have been a close contact and make the judgment call of whether or not to isolate.

29. This difficulty is compounded by knowing that all other families impacted lack the same information, and it is impossible to know whether a student that was in fact in close contact and poses a transmission risk will still be in class on any given day.

DocuSign Envelope ID: 6A384612-03B8-4B29-B3D9-51B8CA1C9D81
Case 1:21-cv-22863-KMM   Document 80-6   Entered on FLSD Docket 09/03/2021   Page 5 of 5

*Declaration of Jack Koch*
*Page 4 of 4*

30. B.K. receives therapy services in home. Since the start of the school year, his last 3 visits have either been missed or had to be conducted remotely due to a combination of B.K., R.K., and his therapist's potential exposure to Pasco County students with Covid-19.

FURTHER DECLARANT SAYETH NAUGHT.

_____*Jack Koch*_____   9/3/2021
Jack Koch                         Date