# Exhibit - 14



FLORIDA DEPARTMENT OF

fldoe.org

**State Board of Education**

Tom Grady, *Chair*
Ben Gibson, *Vice Chair*
*Members*
Monesia Brown
Marva Johnson
Ryan Petty
Andy Tuck
Joe York

**Richard Corcoran**
Commissioner of Education

August 27, 2021

Mr. Addison Davis
Superintendent
Hillsborough County Public Schools
901 East Kennedy Boulevard
Tampa, FL  33602

Ms. Lynn Gray
School Board Chair
Hillsborough County Public Schools
901 East Kennedy Boulevard
Tampa, FL  33602

Dear Superintendent Davis and Chair Gray:

This letter is sent to express my grave concern regarding your district's response to the recently adopted Emergency Rule 64DER21-12 from the Florida Department of Health. This rule, issued on August 6, 2021, by the Florida Surgeon General, Dr. Scott Rivkees, explicitly requires that any mandated mask policy imposed by a district or school "must allow for a parent or legal guardian of the student to opt-out the student from wearing a face covering or mask." The emergency rule does not require parents to submit medical documentation in order to opt-out.

Executive Order 21-175 directed the Florida Department of Health and the Florida Department of Education to execute rules to ensure safety protocols for controlling the spread of COVID-19 in schools. The Order directs further that any such action must "at minimum be in accordance with Florida's Parents' Bill of Rights and protect parents' right to make decisions regarding masking of their children in relation to COVID-19." Because the Florida Department of Health, under section 1003.22(3), Florida Statutes, is the agency authorized to adopt rules governing the control of communicable diseases, the Florida Department of Health adopted an emergency rule establishing protocols for controlling COVID-19 in public schools. The rule provides, in part, as follows:

> Students may wear masks or facial coverings as a mitigation measure; however, the school must allow for a parent or legal guardian of the student to opt-out the student from wearing a face covering or mask.

Rule 64DER21-12(1)(d), Florida Administrative Register, Vol. 47/No. 153, August 9, 2021.

Recent reports in the media indicate that the Hillsborough School Board has taken action inconsistent with the emergency rule by limiting or conditioning the parental ability to opt-out of a face covering or mask mandate. Section 1008.32, Florida Statutes, states, "The State Board of

Education shall oversee the performance of district school boards and the Florida College System institution board of trustees in enforcement of all laws and rules." Further, section 1008.32(2)(a), Florida Statutes, states that the "Commissioner of Education may investigate allegations of noncompliance with law or state board rule and determine probable cause."

Based on this authority, I am immediately initiating an investigation of non-compliance with the rule adopted by the Florida Department of Health on August 6, 2021. In commencing this investigation, I am demanding that you provide a written response by 5:00 p.m. on Wednesday, September 1, 2021, documenting how your district is complying with Florida Department of Health Emergency Rule 64DER21-12. Should you fail to document full compliance with this rule, in accordance with section 1008.32, Florida Statutes, I intend to recommend to the State Board of Education that the Department withhold funds in an amount equal to the salaries for all the members of the School Board, as well as other sanctions authorized by law, until the district comes into compliance.

Parents have a fundamental right to direct the upbringing, education and care of their minor children. The Department of Education will protect that right.

Sincerely,

Richard Corcoran
Commissioner

School Board
Lynn L. Gray, Chair
Stacy A. Hahn, Ph.D., Vice Chair
Nadia T. Combs
Karen Perez
Melissa Snively
Jessica Vaughn
Henry "Shake" Washington

Superintendent of Schools
Addison G. Davis



September 1, 2021

Mr. Richard Corcoran
Commissioner of Education
Florida Department of Education
Turlington Building, Suite 1514
325 West Gaines Street
Tallahassee, FL 32399

Commissioner Corcoran,

We appreciate the opportunity to respond to your letter dated August 27, 2021, regarding the Emergency Rule concerning facial coverings recently adopted by the School Board of Hillsborough County using its statutory emergency rule making powers pursuant to Section 120.54 Fla. Stat.

We have attached Hillsborough's Emergency Rule, with a complete set of the attachments incorporated into the Emergency Rule. The Hillsborough County Emergency Rule is consistent with state law and with Florida Department of Health Rule 64DER21-12.

Your letter expresses concerns based on media reports related to paragraph (1)(d) of this rule. Florida Department of Health Rule 64DER21-12(1)(d) permits the use of masks or face coverings as a mitigation measure. Significantly, the Florida Department of Health Emergency Rule does not prohibit the requirement of a medical certificate for the parental opt-out option. While the rule requires schools to permit parents or legal guardians to opt-out on behalf of their student, the rule does not condition or limit the parameters the schools may apply for such opt-outs. This discretion rests with the local school board, which is empowered by the Florida Constitution, in Article IX, Section 4, with the governance of the local school district.

The School Board of Hillsborough County is complying with Florida Department of Health Rule 64DER21-12.

Even though Hillsborough's Emergency Rule is in compliance with state law and the Florida Department of Health Emergency Rule, Florida law bars the sanctions threatened in your letter. Notably, the Honorable John C. Cooper, a judge in the Second Judicial Circuit of Florida ruled on August 27, 2021 in the matter of McCarthy et. al v. Desantis:

"I grant a permanent injunction and enjoin defendants, except for the governor, from violating the Florida Parents' Bill of Rights by taking any action on whatever basis they take it, by taking any action effect a blanket ban on face mask mandates with no parent opt-out by local school boards." (emphasis added)

Judge Cooper further ruled:

"I also enjoin the defendants, but not the governor,….from enforcing the executive order and the policies it caused to be generated and any resulting policy or action which violates the Parents' Bill of Rights." (emphasis added)

### Factual Background

The first day of the 21-22 school year began on August 10, 2021, in Hillsborough County. On August 18, 2021, the school district released information showing 10,384 students in isolation or quarantine, and 338 district employees in isolation or quarantine. During the first week of school in August 2021, 307 students and 59 staff reported a positive

COVID-19 diagnosis, compared to 51 students and 17 during the first week of school in August 2020 when facial coverings were mandated. Further, the 7-day average positivity rate for COVID-19 in Hillsborough County as of August 14, 2021 was 21.73%, compared to a 7-day average positivity rate of 8.65% on August 14, 2020, again, when facial coverings were mandated.

Based on these statistics, the Chair of the Hillsborough County School Board called an Emergency Meeting of the School Board to address the immediate danger to public health, safety, and welfare. At the Emergency Meeting, the School Board heard testimony from the Florida Department of Health in Hillsborough and from medical experts and doctors from Tampa General Hospital. The medical experts and doctors testified that the wearing of masks and vaccines are the most effective tools for controlling the spread of COVID-19. Also, the Board considered the recommendations of the Center for Disease Control (CDC) which recommends children in schools wear facial coverings. It is important to note that Judge Cooper found that, "face mask policies that follow CDC guidance are at this point in time reasonable and consistent with the best scientific and medical opinion and guidance in the country at this time."

Previously, facial coverings were mandated for the 20-21 school year as part of Hillsborough's Reopening Plan. Hillsborough's Reopening Plan was filed with and approved by the Florida Department of Education. The Reopening Plan, and specifically, the face-covering requirement was found to be constitutional. *See Levonas, et al. v. The School Board of Hillsborough County, Florida,* Case No. 2-CA-6542 Hillsborough County, Florida, December 15, 2020. A copy of the case is attached as Exhibit D in Hillsborough's Emergency Rule.

The Board approved the following motion at the Emergency Meeting:

**Based on the latest data on the impact of Covid on Hillsborough County Public Schools, there is an immediate danger to the public health, safety, and welfare. Therefore, I move that we reinstate the facial covering requirement found in the District's Reopening Plan for the 20-21 school year previously approved by the state for all students, teachers, and staff of Hillsborough County Public Schools for 30 days starting tomorrow, August 19.**

The action taken by the Hillsborough County School Board is consistent with the Reopening Plan for the 2020-2021 school year which the Department of Education had approved, and the Florida Parents' Bill of Rights.

### Hillsborough's Emergency Rule is Working to Mitigate the Impact of COVID-19

Since implementing the Emergency Rule on August 18, 2021, student positivity has decreased by 23% and the quarantines and isolations have decreased by nearly 15%. This preliminary data suggests the Emergency Rule has been a critical component in combating the spread of COVID-19.

### Florida Law

The Florida Constitution in Article IX, Section 4 provides that the responsibility and authority to "operate, control and supervise all free public schools within the school district" is within the power of the locally elected school board. The boundaries that govern the roles of the State Board and individual district school boards are further defined by Sections 1001.30 and 1001.32, Fla. Stat.

Section 1001.30, Fla. Stat., states in pertinent part as follows:

**District unit.**—... *Each district shall constitute a unit for the control, organization, and administration of schools. The responsibility for the actual operation and administration of all schools needed within the districts* in conformity with rules and minimum standards prescribed by the state, and also the responsibility for the provision of any desirable and

practicable opportunities authorized by law beyond those required by the state, *are delegated by law to the school officials of the respective districts. [Emphasis added]*.

Section 1001.32, Fla. Stat., states in pertinent part as follows:

**Management, control, operation, administration, and supervision.—**
The district school system must be managed, controlled, operated, administered, and supervised as follows:

(1) DISTRICT SYSTEM.—The district school system shall be considered as a part of the state system of public education. All actions of district school officials shall be consistent and in harmony with state laws and with rules and minimum standards of the state board. District school officials, however, shall have the authority to provide additional educational opportunities, as desired, which are authorized, but not required, by law or by the district school board.

(2) DISTRICT SCHOOL BOARD.—In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, *district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law....* *[Emphasis added]*.

Section 1001.30, Fla. Stat., requires district school boards to act "in conformity with rules and minimum standards prescribed by the state" and Section 1001.32, Fla. Stat., requires all actions of district school officials to "be consistent and in harmony with state laws and with rules and minimum standards of the state board." However, the State Board's supervisory rule-making authority is constrained, and defined by applicable law pursuant to Section 2, Article IX of the Florida Constitution.

The Florida Legislature by adopting the "Parents' Bill of Rights", recently reaffirmed the ability of a district school board to take action that is "reasonable and necessary to achieve a compelling state interest" so long as the action is "narrowly tailored and is not otherwise served by a less restrictive means." *See* Section 1014.03, Fla. Stat. (2021). That is exactly what the School Board of Hillsborough County did by adopting its Emergency Rule.

As Judge Cooper recognized, the Florida Department of Health Emergency Rule is <u>not</u> enforceable to the extent it violates the Florida Parents' Bill of Rights, including Section 1014.03. And here, Hillsborough's Emergency Rule is authorized by Section 1014.03, in addition to the constitutional authority provided to the Hillsborough County School Board.

Conclusion

Hillsborough County's Emergency Rule is in full compliance with all state laws, including the Parents' Bill of Rights. Additionally, the order of Judge Cooper enjoins the State Board of Education and the Commissioner of Education from enforcing "the executive order and the policies it caused to be generated and any resulting policy or action which violates the Parents' Bill of Rights."

We appreciate the opportunity to respond to you, and we look forward to our continued professional relationship as we all focus on the health, safety and welfare of our students and families.

Addison G. Davis
Superintendent of Schools

Lynn L. Gray
School Board Chair