# Exhibit – 19

**FLORIDA DEPARTMENT OF**

.fldoe.org

**State Board of Education**

Tom Grady, *Chair*
Ben Gibson, *Vice Chair*
*Members*
Monesia Brown
Marva Johnson
Ryan Petty
Andy Tuck
Joe York

**Richard Corcoran**
Commissioner of Education

August 27, 2021

Dr. Brennan Asplen
Superintendent
Sarasota County Schools
1960 Landings Boulevard
Sarasota, FL 34231

Ms. Shirley Brown
School Board Chair
Sarasota County Schools
1960 Landings Boulevard
Sarasota, FL 34231

Dear Superintendent Asplen and Chair Brown:

This letter is sent to express my grave concern regarding your district's response to the recently adopted Emergency Rule 64DER21-12 from the Florida Department of Health. This rule, issued on August 6, 2021, by the Florida Surgeon General, Dr. Scott Rivkees, explicitly requires that any mandated mask policy imposed by a district or school "must allow for a parent or legal guardian of the student to opt-out the student from wearing a face covering or mask." The emergency rule does not require parents to submit medical documentation in order to opt-out.

Executive Order 21-175 directed the Florida Department of Health and the Florida Department of Education to execute rules to ensure safety protocols for controlling the spread of COVID-19 in schools. The Order directs further that any such action must "at minimum be in accordance with Florida's Parents' Bill of Rights and protect parents' right to make decisions regarding masking of their children in relation to COVID-19." Because the Florida Department of Health, under section 1003.22(3), Florida Statutes, is the agency authorized to adopt rules governing the control of communicable diseases, the Florida Department of Health adopted an emergency rule establishing protocols for controlling COVID-19 in public schools. The rule provides, in part, as follows:

> Students may wear masks or facial coverings as a mitigation measure; however, the school must allow for a parent or legal guardian of the student to opt-out the student from wearing a face covering or mask.

Rule 64DER21-12(1)(d), Florida Administrative Register, Vol. 47/No. 153, August 9, 2021.

Recent reports in the media indicate that the Sarasota School Board has taken action inconsistent with the emergency rule by limiting or conditioning the parental ability to opt-out of a face covering or mask mandate. Section 1008.32, Florida Statutes, states, "The State Board of

Education shall oversee the performance of district school boards and the Florida College System institution board of trustees in enforcement of all laws and rules." Further, section 1008.32(2)(a), Florida Statutes, states that the "Commissioner of Education may investigate allegations of noncompliance with law or state board rule and determine probable cause."

Based on this authority, I am immediately initiating an investigation of non-compliance with the rule adopted by the Florida Department of Health on August 6, 2021. In commencing this investigation, I am demanding that you provide a written response by 5:00 p.m. on Wednesday, September 1, 2021, documenting how your district is complying with Florida Department of Health Emergency Rule 64DER21-12. Should you fail to document full compliance with this rule, in accordance with section 1008.32, Florida Statutes, I intend to recommend to the State Board of Education that the Department withhold funds in an amount equal to the salaries for all the members of the School Board, as well as other sanctions authorized by law, until the district comes into compliance.

Parents have a fundamental right to direct the upbringing, education and care of their minor children. The Department of Education will protect that right.

Sincerely,

Richard Corcoran
Commissioner



240 South Pineapple Avenue
10th Floor
Sarasota, Florida 34236

o 941.366.6660
f 941.366.3999
shumaker.com

DANIEL J. DELEO
BOARD CERTIFIED IN BUSINESS LITIGATION
941.364.2740
ddeleo@shumaker.com

September 1, 2021

**VIA FEDERAL EXPRESS AND EMAIL**
Hon. Richard Corcoran, Esq.
Commissioner of Education
Florida Department of Education
325 W. Gaines St.
Tallahassee, FL, 32399-0400

Dear Commissioner Corcoran,

My law firm represents the School Board of Sarasota County ("School Board") – including its Chairperson Shirley Brown ("Board Chair") - and the Superintendent of the Sarasota County School District, Dr. Brennan Asplen ("Superintendent"). Please treat this letter as the formal response of both the Board Chair and Superintendent to your August 27, 2021 correspondence.

My clients contend that its emergency face mask policy adopted August 20, 2021 ("Emergency Policy[1]") is both lawful and compliant with the recently enacted HB 241 (2021) - the Parents' Bill of Rights ("PBoR").

As you know, one of the statutes enacted by the PBoR - FS 1014.03 - creates a statutory framework for evaluating the interplay between fundamental parental rights and conflicting governmental actions. Specifically, FS 1014.03 prohibits governmental institutions such as school boards from:

> [I]nfring[ing] on the fundamental rights of a parent to direct the upbringing, education, health care, and mental health of his or her minor child *without demonstrating that such action is reasonable and necessary to achieve a compelling state interest and that such action is narrowly tailored and is not otherwise served by less restrictive means.* (Italicized for emphasis)

As explained in the paragraphs below, the Emergency Policy satisfies this standard while the recent emergency DOH rule - 64DER21-12 ("Emergency DOH Rule") - inadequately implements the same statutory provision. Specifically, the Emergency DOH Rule - which requires absolute parental opt out to face mask mandates without satisfaction of any preconditions - is

---

[1] This policy passed by a 3-2 vote. Board Members, Karen Rose and Bridget Ziegler, voted against the Emergency Policy.

Hon. Richard Corcoran, Esq.
Commissioner of Education
September 1, 2021
Page 2 of 6

unlawful because it wholly fails to consider a school board's constitutional and statutory obligations to govern in furtherance of student health, safety, and welfare during a global pandemic. In other words, the Emergency Policy is within the lawful parameters of the PBoR's framework while the Emergency DOH Rule - at least as it is interpreted by DOE - is not. Because the Emergency DOH Rule fails to account for a school board's right to enact procedures that conflict with fundamental parental rights when warranted by compelling interests, it is arbitrary, overbroad in its application, beyond or inconsistent with delegated authority, ultra vires, and, as a result, unlawful.

Further we separately contend that the interplay between Article IX of the Florida Constitution and Florida Statutes 1001.42(8)(a) and 1001.43(7), respectively, provides an alternate legal basis for the School Board's actions.

My clients contend that the immediate and recent threat to student health, safety, and welfare posed by COVID-19 in Florida and Sarasota County is *compelling*. For example, as recently as August 6, 2021, Florida's Surgeon General - in its justification for bypassing the normal rule making process in favor of implementing the DOH Emergency Rule - deemed the "recent increase in COVID-19 infections, largely due to the spread of the COVID-19 delta variant" when combined with "the imminent start to the school year" a "specific reason for finding an immediate danger to the public health, safety, and welfare" such that it was "imperative" to "promulgate an emergency rule regarding COVID-19 protocols in public schools to encourage a safe and effective in-person learning environment for Florida's school children during the upcoming school year".

In light of this threat, it was *reasonable* for the School Board to enact the Emergency Policy – especially since, as described above, the DOH Emergency Rule failed to fully account for the PBoR's mandates. Additionally, adopting the Emergency Policy was *necessary* in light of the unique and pronounced health crisis occurring in Sarasota County and its corresponding impact on Sarasota County's healthcare system and public school operations.

For example, at its August 17, 2021 workshop, the School Board heard testimony from witnesses regarding this crisis and its impact. The testimony[2] included:

- Michael Drennon, the Disease Intervention Services Program Manager at the Florida Department of Health in Sarasota County, who testified that as of August 16, 2021, the COVID-19 positivity rate in Sarasota County was 14.41%, the seven-day average COVID-19 positivity rate in Sarasota County was 14.69%, and the fourteen-day average COVID-19 positivity rate in Sarasota County was 14.03%. These averages were well in excess of the positivity rates at the beginning of the 2020-2021 school year in Sarasota County. Mr. Drennon testified that on August 16, 2021, 62 individuals age 5-18 tested positive for

---

[2] A recording of the broadcast of the August 17, 2021 workshop can be viewed in its entirety at https://www.youtube.com/watch?v=zgoNilYNvMs. The portions relevant to this matter occur between 57:40 and 3:10:10 of the recording.

Hon. Richard Corcoran, Esq.
Commissioner of Education
September 1, 2021
Page 3 of 6

> COVID-19 in Sarasota County and that the seven-day average for individuals in this age range who were positive for COVID-19 in Sarasota County was 51.5/day. These figures for school age children were well in excess of the positivity figures at the beginning of the 2020-2021 school year in Sarasota County. Mr. Drennon testified that as of August 16, 2021, 325 individuals were hospitalized in three Sarasota County hospitals combined who were admitted because of COVID-19 and approximately 90% of those hospitalized were unvaccinated. This number of hospitalized individuals was the highest amount that had been recorded since the beginning of the COVID-19 pandemic. Mr. Drennon testified that the incubation period for the COVID-19 delta variant was 2-10 days with an average incubation period of 5 days. Mr. Drennon testified that in the 12-19 age range in Sarasota County as of August 16, 2021, the number of individuals who had been vaccinated with one shot was only 44% and the number of individuals who were fully vaccinated was only 30%.

- Dr. Manuel Gordillo, M.D., an infectious disease specialist, who testified that as of August 17, 2021, 240 individuals were hospitalized at Sarasota Memorial Hospital, with more than 50 such individuals in that hospital's Intensive Care Unit (ICU), the majority of which were on ventilators. Dr. Gordillo indicated that COVID-19 was creating extreme pressure and stress at Sarasota Memorial Hospital, causing hospital staff exhaustion, and described the recent COVID-19 situation in Sarasota County as a "public health crisis". Dr. Gordillo testified that Sarasota Memorial Hospital currently has staffing problems with no current ability to augment staffing and no pool to draw from to currently augment staffing. Dr. Gordillo stated that "now is the worst of the [COVID-19] pandemic in Florida and Sarasota" and that it is a "dire difficult situation" and "the worst it has been in the last 18 months". Dr. Gordillo urged parents to utilize all mitigation measures to prevent the spread of COVID-19, including heeding public health advice, using masks, social distancing, avoiding crowds, and getting vaccinated. Dr. Gordillo testified that the delta variant is more transmissible than previous COVID-19 variants and is "as contagious as the Chicken Pox from a transmissibility standpoint". Dr. Gordillo testified that it is easier for the virus to infect unvaccinated people and masks are a tool to mitigate this transmissible virus. Dr. Gordillo indicated that the COVID-19 numbers "absolutely" justify the School Board in taking emergency action and that "all need to make sacrifices during a crisis to get us out of a hole". Dr. Gordillo testified that an acute crisis currently exists that is unpredictable and that no one knows how long it will last.

- Superintendent, who testified that so far this school year -- due largely to no remote school option and more people moving to Sarasota County – there were more children in Sarasota County schools than last year. The Superintendent testified that his number one priority was creating a safe environment for students and staff. The Superintendent testified that the recent spike in COVID-19 has strained school operations. The Superintendent indicated a big concern was quarantining of students and staff due to contacting tracing. The Superintendent testified that 30-40 individuals could be quarantined at a time based on one Covid-19 positive individual and that 30+ employees/day were quarantined this week (August 15 and August 16). The Superintendent testified that staff shortages

Hon. Richard Corcoran, Esq.
Commissioner of Education
September 1, 2021
Page 4 of 6

    caused by the number of employees quarantined was causing difficulty in tasks such as getting students to schools and serving lunches.

- Jody Dumas, the Sarasota County School District's Assistant Superintendent Chief Operations Officer, who testified that vacancies when combined with the absences caused by COVID-19 and other reasons were making it so the school district cannot fulfill services. Mr. Dumas testified that to fulfill operations, the school district is pulling from other areas to meet services needs but that the pool of employees to pull from is only so deep. Mr. Dumas testified that shortages in custodial services, food services, and transportation was creating a situation where it is difficult for the school to meet service levels and that the school district was only a few vacancies away from things such as kids getting to school late due to relying on "double runs" of busses due to staffing shortages.

    Based on this testimony and pursuant to the mandate in Florida Statute 1001.42(8) that it provide for proper attention to health, safety, and other matters related to the welfare of students, the School Board called an emergency meeting at its regularly scheduled August 17, 2021 school board meeting in order to consider emergency modification to its existing mask policy. The School Board felt there was insufficient time to adopt necessary policy modifications through the non-emergency process while still protecting the health, safety, and welfare of students.

    Following the School Board's announcement that it would be calling an emergency meeting at its August 17, 2021 board meeting but prior to adopting the Emergency Policy, the School Board took reasonable steps to ensure it followed fair procedures, as required by Florida Statute 120.54(4). These included:

- Publishing notice of the August 20, 2021 emergency meeting on the School Board's District Event Calendar on August 18, 2021;

- Ensuring the School Board satisfied the public comment requirements of Florida Statute 286.0114. After its Chairperson announced the intent to conduct the emergency meeting regarding masks, the School Board provided members of the public with more than three hours to be heard via public comment on the matter at the August 17, 2021 board meeting. Then prior to adopting the Emergency Policy at the August 20, 2021 emergency meeting, the School Board permitted an additional three hours of public comment;

- Complying with School Board Policy 2.22. This included affording each member of the public three minutes to speak at the August 20, 2021 emergency meeting, publishing a written emergency meeting agenda prior to the emergency meeting to adopt the Emergency Policy on multiple locations on the School Board's website, and posting the three distinct policy drafts in advance of the emergency meeting to the School Board's website so that public comment could be meaningful;

- Ensuring said written emergency meeting agenda outlined the facts and reasons supporting the School Board's contention that an immediate danger to the public health, safety, or

Hon. Richard Corcoran, Esq.
Commissioner of Education
September 1, 2021
Page 5 of 6

welfare existed that listed the School Board's rationale for concluding the procedures it was implementing were fair under the circumstances;

- Scheduling the August 20, 2021 emergency meeting more than 67 hours after the School Board called for it so that the public had sufficient time to make arrangements to meaningfully attend and participate in it;

- Scheduling the August 20, 2021 emergency meeting in the same location it holds its regularly scheduled school board meetings; and

- Broadcasting the August 20, 2021 emergency meeting in the same manner it broadcasts its regularly-scheduled board meetings.

At its August 20, 2021 emergency meeting, the School Board adopted the Emergency Policy. By doing so, the School Board expressly determined the testimony from its August 17, 2021 workshop regarding COVID-19 was credible and authoritative, incorporated said testimony into the Emergency Policy as its findings of fact, and adopted the testimony in its entirety as its factual basis for the Emergency Policy. The Emergency Policy took effect immediately, and was implemented for only 90 days, as statutorily required.

A review of the Emergency Policy reveals that it is *narrowly tailored* to address the crisis caused by the COVID-19 pandemic and its impact on the operations of Sarasota County's public schools. First, the Emergency Policy calls for exceptions to its mask mandate for medical reasons and when consistent with a student's IEP. Second, the Emergency Policy permits all accommodations required by state and federal law. Third, importantly, and unlike the mandates adopted by other Florida school boards, the Emergency Policy is automatically suspended when the COVID-19 positivity rate in Sarasota County drops below a proscribed level with automatic re-activation of said suspension if the COVID-19 positivity rate in Sarasota County then rises above a certain proscribed level thereafter.

Lastly, there are *no less restrictive means available* to the School Board than the mask mandates in the Emergency Policy. Given the increase in students in Sarasota County public schools this school year, the fact that limited online schooling options are currently available, considering space constraints in the typical public school classroom designed prior to the COVID-19 pandemic, and given the DOH Emergency Rule's restrictions on isolating or segregating maskless students, attempts to socially distance in lieu of enacting the Emergency Policy would not be effective. Further, because the Florida Legislature adopted FS 381.00316(3) - which prohibits school from requiring documentation of COVID-19 vaccination from students and residents as a precondition to attending school and accessing school property, seeking to mitigate the COVID-19 crisis and its impact on Sarasota County public schools through a push for vaccinations in lieu of passing the Emergency Policy would likewise not be effective.

While my clients may disagree with the Department of Education on the best way to do so in this instance, there is no doubt that they share the same passion to further student educational objectives during the COVID-19 pandemic. Additionally, my clients continue to seek ways to

Hon. Richard Corcoran, Esq.
Commissioner of Education
September 1, 2021
Page 6 of 6

cooperate and collaborate with DOE in other ways to ensure the best interests of the students of this state and community are served. As such and for the reasons outlined herein, the Board Chair and Superintendent respectfully request that the Department of Education reconsider its position that the Emergency Policy is inconsistent and non-compliant with the DOH Emergency Rule, cease any corresponding investigation, and halt the imposition of any corresponding sanctions.

Alternatively, the Board Chair and Superintendent respectfully request that the Department of Education temporarily abate further proceedings regarding this matter so that the myriad similar legal challenges filed by other, more proactive school districts can determine the outcome of this dispute. This will enable the rule of law to settle this dispute and for both parties to more efficiently devote resources to educational matters instead of the pursuit of duplicative, time consuming, unnecessary, and costly litigation. As such, we urge both the Department of Education and Department of Health to take all necessary actions to advance the litigation of related matters by requesting they be deemed matters of great public importance, where practical, so that the Florida Supreme Court can swiftly and lawfully resolve these disputes.

Respectfully,

*[signature]*

Daniel J. DeLeo, Esq.

cc: Hon. Dr. Scott Rivkees, M.D., Florida Surgeon General
Hon. Jane Goodwin, School Board Member, School Board of Sarasota County
Hon. Bridget Ziegler, School Board Member, School Board of Sarasota County
Hon. Karen Rose, School Board Member, School Board of Sarasota County
Hon. Thomas Edwards, School Board Member, School Board of Sarasota County
Hon. Dr. Brennan Asplen, Superintendent, School Board of Sarasota County
Hon. Shirley Brown, School Board Member, Chair, School Board of Sarasota County