# Exhibit – 20



**FLORIDA DEPARTMENT OF EDUCATION**
fldoe.org

**State Board of Education**

Andy Tuck, *Chair*
Marva Johnson, *Vice Chair*
*Members*
Ben Gibson
Tom Grady
Michael Olenick
Ryan Petty
Joe York

**Richard Corcoran**
**Commissioner of Education**

Alberto M. Carvalho
Superintendent
Miami-Dade County Public Schools
1450 N.E. Second Avenue, Suite 912
Miami, Florida 33132

Perla Tabares Hantman
Chair of the School Board of Miami-Dade County
Miami-Dade County Public Schools
1450 N.E. Second Avenue
Miami, Florida 33132

September 25, 2020

Dear Superintendent Carvalho and Chair Hantman:

I am writing today with grave concerns regarding the School Board of Miami-Dade County's recent vote to revoke parents' ability to choose brick-and-mortar schools for their children's education by forcing families to continue using only distance learning options, despite the fact that the entire county transitioned to Phase 2 nearly two weeks ago.

This blanket, district-wide decision directly contradicts the district's reopening plan, which was approved because it was consistent with the purpose and framework of Emergency Order 2020-EO-06. The Emergency Order seeks to empower parents with the ability to choose the education modality that best suits their child's needs, including in-person instruction, consistent with public safety. As you know, the Emergency Order gives school districts guaranteed funding at levels beyond what would otherwise be available in order to empower school districts to meet the diverse needs of students and families during the COVID-19 pandemic.

This delay is extremely difficult for the students with individualized educational plans whose families count on the public education system for critical specialized services. It is also harmful for students who are experiencing violence, abuse, and food insecurity in their homes going unnoticed, many of whom were already struggling to close the achievement gap and will now fall even further behind. These are urgent circumstances we cannot, and will not, ignore.

District-wide delays of in-person instruction for districts not in "phase 1" is inconsistent with the framework of the Emergency Order. Such decisions must be supported by a particularized analysis on a school-by-school basis. This is consistent with Emergency Order 2020-EO-06,

which provides: "the day-to-day decision to open or close a school must always rest locally with the board or executive most closely associated with a school."

Any district-wide delays of in-person instruction requires the submission of an amended plan that **must** include the following for **each** school in the district:

1. The student capacity of the school.

2. The number of students who have requested in-person instruction at the school.

3. The number of students who can receive in-person instruction at the school, given the local health conditions and the guidance of state and local health officials. This analysis must include a review of the layout of the school's facilities and make specific determinations about the number of students who can be educated in each classroom, consistent with state and local health guidance.

4. The number of students that you are unable to offer in-person instruction to at the school.

5. In any case where you are unable to accommodate all students, please explain how you are ensuring that priority for in-person instruction will be given to your most vulnerable students.

6. If you determine that not a single student can receive in-person instruction at a school facility within the timeframe reflected in your approved reopening plan, please provide a reasoned explanation to support that finding, citing the specific health and safety guidance you are relying upon.

For any schools that will not be open for in-person instruction by October 5, please provide the analysis set forth in items 1 through 6 above by no later than October 2.

To be consistent with the framework of the Emergency Order, superintendents and their teams must roll up their sleeves and go school-by-school, grade-by-grade, and classroom-by-classroom to thoughtfully determine how parents that desire in-person instruction for their children can be accommodated. School leaders should be working creatively and diligently to accommodate as many students as possible with in-person instruction. If less than 100 percent can be accommodated, please consider what thoughtful steps can you take to ensure that priority is given to students who are most vulnerable and who most need in-person instruction? And, how quickly can you expand in-person instructional capacity?

We encourage you to work with each member of your instructional and non-instructional staff as you implement your plan to open brick-and-mortar facilities. Which teachers and support staff are ready, willing and able to provide in-person instruction on day one? And, which teachers are best suited to support students who are receiving innovative instruction remotely? Again, this is not a district-wide decision, but rather a school-by-school, grade-by-grade, and classroom-by-classroom analysis.

While Miami-Dade County transitioned from Phase 1 to Phase 2 on September 11, your district's decision to prolong distance learning denies all students the access to brick-and-mortar school until as late as October 21. This far exceeds the time that was needed by Palm Beach County School District to provide brick-and-mortar options for all students when transitioning from Phase 1 to Phase 2. Palm Beach County School District was able to offer brick-and-mortar options to all students within 16 days of entering Phase 2 on September 4, 2020. Your plan does not offer that option for all students until 40 days from the time the county entered Phase 2, more than twice as long as Palm Beach County Schools. As noted at the beginning of this letter, I have grave concerns about the decision; therefore, I expect a detailed analysis for my review as indicated in this letter if the district chooses to delay the reopening of brick-and-mortar schools beyond October 5.

Your district has three options going forward. First, you can follow your approved plan. Second, you can submit an amended plan for approval, consistent with the guidance in this letter by October 2. Third, you can withdraw your plan and proceed under the existing statutory framework.

Sincerely,

Richard Corcoran



# Miami-Dade County Public Schools

*giving our students the world*

**Superintendent of Schools**
Alberto M. Carvalho

**Miami-Dade County School Board**
Perla Tabares Hantman, Chair
Dr. Steve Gallon III, Vice Chair
Lucia Baez-Geller
Dr. Dorothy Bendross-Mindingall
Christi Fraga
Dr. Lubby Navarro
Dr. Marta Pérez
Mari Tere Rojas
Luisa Santos

September 1, 2021

Mr. Richard Corcoran, Commissioner of Education
Florida Department of Education
Turlington Building
325 West Gaines Street, Suite 1514
Tallahassee, Florida 32399

Dear Commissioner Corcoran:

We received your letter of August 27, 2021, demanding that the School Board of Miami-Dade County, Florida ("School Board"), document its full compliance with Florida Department of Health Emergency Rule 64DER2l-12, Protocols for Controlling COVID-19 in School Settings ("Rule 64DER2l-12") by September 1, 2021. As you are aware, the Circuit Court of the Second Judicial Circuit in and for Leon County ("Court") *enjoined* administrative agencies from taking any enforcement actions stemming from the Governor's Executive Order 21-175. Consequently, your threatened enforcement of Rule 64DER2l-12 is not permitted. We would also note, in any event, it is our position that we have been in compliance with Rule 64DER2l-12 since it was issued, as well as recently adopted legislation including Florida Statute § 252.36(1)(c) and Florida Statutes, Chapter 1014, the "Parents' Bill of Rights."

As the Court ruled, it is *pursuant* to the Parents' Bill of Rights that school districts have the right to enact mask mandates in accordance with their constitutional duty under Article IX, § 1, of Florida's Constitution to provide safe, secure schools, as long as the mandates are reasonable, based on a compelling interest, are narrowly tailored, and are the least restrictive means available. Indeed, as the Court also held, it is actually the agency's infringement on a school district's right to enact such a mandate — *e.g.*, through prior restraints on local school board action — that violates the Parents' Bill of Rights and the Florida Constitution.[1]

It is clear that the School Board has a compelling state interest in controlling a deadly communicable disease, like COVID-19. Accordingly, the School Board relied on the advice of medical and public health experts and exercised its duty to protect the lives and health of students and employees through the least restrictive means possible. Miami-Dade County Public Schools ("M-DCPS") remains in compliance with

---

[1] Any position expressed in this response is without prejudice to or limitation of any legal positions the School Board of Miami-Dade County may adopt in other legal proceedings. The School Board is currently challenging Rule 64DER2l-12 through a petition to Florida's Third District Court of Appeal. *See School Board of Miami-Dade County, Florida v. Florida Department of Health and Scott A. Rivkees, as Surgeon General of Florida*, Case. No. 3D21-1748.

[2] Video of the Ad Hoc Medical and Public Health Experts Task Force's meeting of August 16, 2021, outlining its findings, is available online using the following link: https://m-dcps.eduvision.tv/Default.aspx?q=3SfVi13wT7SR7CKAQLbl7HfJBhsJkHGrh7orwU%252f0YSe5KH%252bzxzuOxw%253d%253d

the Parents' Bill of Rights and Article IX, § 1, by basing its local decision to "temporarily" require student facial coverings on the advice and recommendations of the Superintendent's Ad Hoc Medical and Public Health Experts Task Force[2], U.S. Centers for Disease Control and Prevention, Florida Department of Health[3], and American Academy of Pediatrics. Additionally, M-DCPS is monitoring county-wide health data including community transmission, vaccine availability for children, hospitalizations and ICU admissions versus capacity, and positivity rate on a regular and consistent basis, and adjusting our approach based on local public health conditions.

The School Board voted on August 18, 2021, at a regularly scheduled meeting, to authorize the Superintendent of Schools, among other things, to temporarily require facial coverings for all students except those with medical exemptions, in a manner consistent with section 1003.22, Florida Statutes, School Board policy, and based on local COVID-19 positivity rates, as well as to continuously review and assess local positivity rates and use such data and related information to modify and/or discontinue any established protocols and/or requirement for facial coverings. *See* Excerpts from Unofficial Minutes of August 18, 2021, School Board Meeting, attached as "Exhibit A"; *see also* Miami-Dade School Board Policy 8453, *Control of Communicable Diseases*, attached as "Exhibit B." Rule 64DER2I-12 generally requires an opt-out for parents but does not set forth the criteria or procedures for the opt-out. The establishment of criteria and procedures remains the responsibility of local school districts. Consequently, M-DCPS' ***temporary requirement of facial coverings, with an opt-out for medical conditions*** meets the requirements of Rule 64DER2I-12.

Further, in conformity with Florida Statute § 252.36(1)(c) and the Florida Legislature's express intent that "during an extended public health emergency, such as the COVID-19 pandemic, there should be a presumption that K-12 public schools, to the greatest extent possible, should remain open ***so long as the health and safety of students and school personnel can be maintained by specific public health mitigation strategies recommended by federal or state health agencies for educational settings***," the School Board has implemented a number of layered mitigation strategies. The health, safety and welfare of our students is our highest priority, and we will continue to uphold our constitutional duty to protect our students while respecting the rights of parents to make decisions about their children's health and upbringing.

Given the COVID-19 mitigation measures outlined herein, M-DCPS is in compliance with all applicable laws, rules and orders related to the operation of public schools. Further, based upon the Court's ruling, the initiation of an investigation regarding non-compliance with Rule 64DER2I-12 is unwarranted. Therefore, we respectfully request your review and reconsideration of the matter referenced in your letter dated August 27, 2021.

Perla T. Hantman
Perla Tabares Hantman, Chair
The School Board of Miami-Dade County, Florida

Sincerely,

Alberto M. Carvalho
Superintendent of Schools

Attachments

cc:   School Board Members
      School Board Attorney

---

[3] Florida Department of Health website: https://floridahealthcovid-19.gov/prevention/ How do I prevent and prepare for COVID-19? How can I protect myself?