# Exhibit – 22

# Florida Attorney General
# Advisory Legal Opinion

**Number: AGO 2021-01**
**Date: September 1, 2021**
**Subject: School boards - effect of statutes and regulations**

Leonard J. Dietzen, III
Board Attorney
Suwannee County School District
1740 Ohio Avenue, South
Live Oak, FL 32064

Dear Mr. Dietzen,

This office has received your inquiry on behalf of the Suwannee County School District (the "District"), asking substantially the following question:

> Whether Article IX, Section 4(b) of the Florida Constitution authorizes a school board to depart from (1) state law, or (2) emergency rules handed down by the Florida Department of Health dealing with communicable diseases, if that school board believes the laws or rules are invalid.

In sum:

> The District must comply with applicable statutes and regulations unless and until the judiciary declares them invalid.

## Background Facts

In your submittal letter, you explain that the Florida Department of Health has, by emergency rule, required that parents be able to op-out of mask requirements in public schools, *see* R. 64DER21-12, consistent with the Parents' Bill of Rights, codified in Sections 1014.01–06, Florida Statutes, and Executive Order 21-175. You indicate that the District has made the wearing of masks by students while in school optional, but that "the Suwannee County community is not unanimous," that "there has been some dissent," and that you are "aware of multiple school boards that have implemented policies that would appear to take positions that may be contrary to these legal authorities." You therefore inquire whether the District "must follow Florida law as written," or whether it can "selectively enforce it" if the District believes the relevant legal authorities are invalid. Notably, while you say that there is pending litigation regarding the validity of the underlying legal authorities, there does not appear to be pending litigation on the question whether school districts must comply with those authorities pending such litigation.

## Analysis

Article IX, Section 4(b) of the Florida Constitution authorizes local school boards to "operate, control and supervise all free public schools within the school district." Art. IX, § 4(b), Fla. Const. This authority is subject to several limits. As relevant here, it is subject to the Legislature's power to provide "by law for a uniform, efficient, safe, secure, and high quality system of free public schools." *Id.* § 1(a). Florida courts have described Florida's educational system as "a cooperative function of the state and local educational authorities" in which "[a]ll actions of district school officials [must] be consistent and in harmony with state laws." *Sch. Bd. of Collier Cnty. v. Fla. Dep't of Educ.*, 279 So. 3d 281, 285 (Fla. 1st DCA 2019) (quotations omitted).

Pursuant to its authority to legislate regarding public schools—especially school safety—the Florida Legislature has authorized the Department of Health to issue rules governing "the control of preventable communicable diseases" in schools. § 1003.22(3), Fla. Stat. Rule 64DER21-12 invokes that statute and says that schools "must allow for a parent or legal guardian," on behalf of a child, "to opt-out" of mask requirements. *See* R. 64DER21-12(1)(d).

Under Florida law, "public officials are obligated to obey the legislature's duly enacted statute until the judiciary passes on its constitutionality." *Sch. Dist. of Escambia Cnty. v. Santa Rosa Dunes Owners Ass'n*, 274 So. 3d 492, 494 (Fla. 1st DCA 2019). This principle applies not only to statutes, but to "regulations" that an official has "a clear statutory duty to comply with." *Dep't of Revenue v. Markham*, 396 So. 2d 1120, 1121 (Fla. 1981); *accord Graham v. Swift*, 480 So. 2d 124, 125 (Fla. 3d DCA 1985). And while the specific result in *Markham*—that a local property appraiser lacks standing to sue the Department of Revenue to invalidate a tax regulation, 396 So. 2d at 1121—was superseded by statute, *see* § 195.092, Fla. Stat., the general rule in *Markham* remains good law. *See Dep't of Transp. v. Miami-Dade Cnty. Expressway Auth.*, 316 So. 3d 388, 390–91 (Fla. 1st DCA 2021); *Santa Rosa Dunes Owners Ass'n*, 274 So. 3d at 494. Further, if a trial court declares any of these authorities invalid, the defendants would still be bound by the *Markham* rule pending appeal pursuant to the automatic stay provision of Florida Rule of Appellate Procedure 9.310(b)(2), unless a court vacates that stay. *See Fla. Dep't of Health v. People United for Med. Marijuana*, 250 So. 3d 825, 828 (Fla. 1st DCA 2018).

Conclusion

Based on the foregoing, it is my opinion that the District must comply with Rule 64DER21-12 and any other applicable authorities unless and

until the judiciary declares them invalid.[1]

Sincerely,

Ashley Moody
Attorney General

_____

[1] Neither this opinion, nor any of the authorities discussed herein, should be viewed as modifying a school district's responsibility under federal law to provide a free appropriate public education or otherwise accommodate a disabled student. School districts should continue to handle accommodation requests and determine disabilities in accordance with existing procedures on a case-by-case basis. It is beyond this opinion to comment on how COVID-19, with its widespread prevalence and its now endemic nature in the United States, could constitute a "disability" or lead to a "disability" under federal law. There would, however, seemingly be easy accommodations far short of requiring every student to be masked to comply with federal law