IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:21-CV-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of
W.H., a minor, ROBYN MCCARTHY and JOHN
MCCARTHY, individually and on behalf of L.M., a minor,
AMANDA BANEK, individually and on behalf of D.B.
and B.B, minor children, KAS ARONE-MILLER,
individually and on behalf of R.M. and L.M., Minor
children, ALISHA TODD, individually and on behalf of J.T,
a minor, JAMIE KINDER, individually and on behalf of
R.K., a minor, CHRIS RODRIGUEZ, individually and on
behalf of J.D.-F., a minor, JACK KOCH, individually and
on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of
P.T., a minor, EREN DOOLEY, individually and on behalf
of G.D., a minor, TOM COLLINS, individually and on
behalf of Q.C., a minor,

                                         Plaintiffs,

vs.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD
CORCORAN, in his official capacity as Commissioner of
the Florida Department of Education, ORANGE COUNTY
SCHOOL BOARD, MIAMI DADE COUNTY SCHOOL
BOARD, HILLSBOROUGH COUNTY SCHOOL
BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO
COUNTY SCHOOL BOARD, ALACHUA COUNTY
SCHOOL BOARD and VOLUSIA COUNTY SCHOOL
BOARD.

                                         Defendants.
_____/

**DEFENDANT, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA'S,
MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA (hereinafter,

"VCSB"), by and through its undersigned attorneys, hereby files its Motion to Dismiss Plaintiffs'

Complaint for Injunctive Relief, pursuant to Federal Rules of Civil Procedure (12)(b)(1),

(12)(b)(3), and 12(b)(6), for failure to state a claim, lack of subject matter jurisdiction and improper venue, and as grounds therefor, states as follows:

## INTRODUCTION

Plaintiffs' Complaint must be dismissed where it fails to state a cause of action, namely, it is devoid of factual allegations necessary to bring a claim that Defendants failed to provide reasonable accommodations or discriminated on the basis of their disability. The Complaint also fails to state a cause of action against VCSB where there are no allegations of any specific action by VCSB that would support any of the Plaintiffs' claims or their entitlement to relief from VCSB. Further, Plaintiffs' Complaint must be dismissed where Plaintiffs failed to exhaust administrative remedies as required under section 1415(*l*). Finally, Plaintiffs' Complaint must be dismissed for improper venue where VCSB is entitled to home venue privilege; alternatively, this matter must be transferred to the Middle District of Florida, Orlando division pursuant to 28 U.S.C. §1404(a).

## STATEMENT OF CASE AND FACTS

On July 30, 2021, Defendant, Florida Governor Ronald DeSantis, issued Executive Order 21-175, entitled "Ensuring Parents' Freedom to Choose – Masks in School" directing the Florida Department of Health and the Florida Department of Education to implement safety protocols for controlling the spread of COVID-19 in schools, but without violating parents' rights under Florida law to make health care decisions including masking for their children in relation to COVID-19. (Compl. ¶42, 43.) The Executive Order empowered the Florida Commissioner of Education to withhold state funds from noncompliant school boards. (Compl. ¶44.)

In response to the Governor's Executive Order, on August 6, 2021, Plaintiffs filed their Complaint for Injunctive Relief and Motion for Preliminary Injunction against the Defendants, naming as Defendants, Governor DeSantis, Florida Department of Education (FLDOE), Florida

Commissioner, Richard Corcoran, and eight School Boards across the State of Florida, including the School Board of Volusia County (VCSB). Plaintiffs are comprised of parents, individually and on behalf of minors, residing in the eight counties where the named school boards are located. (Compl. ¶¶1-27.)

Plaintiffs bring three counts against the Defendants, one of which is a state law claim. While Plaintiffs assert that the eight school boards named as Defendants are "indispensable but not adverse parties," all three counts are brought against the eight school boards. (Compl. ¶¶31-39.) Count I alleges that the Defendants violated the Americans with Disabilities Act (ADA); Count II alleges that the Defendants violated Section 504 of the Rehabilitation Act (Section 504), and Count III is a state law claim alleging that the Defendants violated the Florida Educational Equity Act (FEEA).

The gravamen of the Plaintiffs' Complaint is set forth in paragraph 56 of the Complaint, specifically, "The Governor's most recent executive order preventing school districts from putting protections in place for students, such as a mask mandate or testing requirements, combined with the refusal to extend funding for distance learning, has tied the hands of school districts from acting and made it impossible for school districts to provide students with disabilities a free appropriate public education in the least restrictive environment." (Compl. ¶56.)

The only allegations specific to VCSB are that Plaintiffs, Jamie Kinder, individually, and Jamie Kinder on behalf of R.K., a minor, reside in Volusia County and that R.K., who allegedly suffers from a disability, attended a public school in Volusia County but is no longer able to attend due to COVID-19. (Compl. ¶¶ 14, 15, 129, 130.) Plaintiffs allege that R.K.'s treating doctors and specialists have informed her parents that it is too dangerous to return to a brick-and-mortar school without mandatory masking and regular testing in schools. (Compl. ¶131.) Plaintiff, Jamie Kinder,

individually, does not allege any specific harm to her except her assertion that she "now must decide whether to return her child to school putting her life at risk or leave the public school system." (Compl. ¶132.)

## MEMORANDUM OF LAW

A. **Plaintiffs' Complaint Against VCSB Must Be Dismissed Where Plaintiffs Fail to State a Claim Against VCSB Upon Which Relief May Be Granted.**

> Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. See *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)(internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. See *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).
>
> Legal conclusions, however, 'are not entitled to the assumption of truth.' *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). In fact, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.' *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Id.* (internal citations omitted).

*Cunningham v. School Board of Lake County*, 2016 WL 1755612, *2 (M.D. Fla. May 3, 2016).

Plaintiffs allege Defendants violated the ADA and Section 504 by failing to provide the Plaintiffs, who are allegedly disabled and qualified under Section 504, reasonable accommodation. (Compl. ¶ 172, 184.)  However, the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made. *Redding v. Nova Southeastern University, Inc.*, 165 F.Supp.3d 1274, 1294 (11th Cir. 2016) (citing *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.2d 1361, 1363 (11th Cir. 1999); see also *Johnson v. Gambrinus Co./Spoetzl Brewery,* 116 F.3d 1052, 1059 (5th Cir. 1997)("The plaintiff has the burden of proving that a modification

was requested and that the requested modification is reasonable"). Here, the Complaint is devoid of any allegations that the alleged disabled and qualified students requested reasonable accommodations from their schools. Indeed, in reviewing the allegations directed towards Volusia County, there are no allegations that R.K. even requested reasonable accommodations from VCSB or that any such requested accommodation is reasonable. In fact, Plaintiffs do not allege any specific action by VCSB which may be grounds for Plaintiffs' claims.

Moreover, under the ADA, a student is not entitled to the accommodation of her choice, but only to a reasonable accommodation. *Redding* at 1297. As alleged in the Complaint, Defendants provided students the option of attending virtual programs or receiving a voucher to attend a private school. (Compl. ¶84.)

As for Plaintiffs' third count – violation under the Florida Educational Equity Act, Plaintiffs assert conclusory allegations without delineating specific factual allegations to support their claim that VCSB discriminated against the Plaintiffs because of their disabilities.

Therefore, Plaintiffs' claims against VCSB must be dismissed for failure to state a cause of action.

**B. Plaintiffs' Complaint Must Be Dismissed Where the Plaintiffs' Failed to Exhaust Administrative Remedies.**

The Individuals with Disabilities Education Act (IDEA), 84 Stat. 175, as amended, 20 U.S.C. 1400 *et seq*., "offers federal funds to States in exchange for a commitment: to furnish a "free appropriate public education" – more concisely known as a FAPE – to all children with certain physical or intellectual disabilities." *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017). As the United Stated Supreme Court denotes in *Fry v. Napoleon Community Schools*, section 1415(*l*) requires plaintiffs bringing suit under the ADA, the Rehabilitation Act, or similar laws to first exhaust IDEA's administrative procedures when seeking relief for the denial of a

FAPE. *Id.* at 752. Where the Plaintiffs' Complaint charges such a denial, the Plaintiffs cannot escape § 1415(*l*) merely by bringing their suit under the ADA or Rehabilitation Act. See *id.* at 754; see also *M.T.V. v. DeKalb County School Dist.,* 446 F.3d 1153, 1158 (11th Cir. 2006)(The IDEA allows plaintiffs to seek 'remedies available under the Constitution, [the ADA, Section 504], or other Federal laws protecting the rights of children with disabilities.' Nonetheless, it also subjects these claims to an exhaustion requirement.") The Court looks to the gravamen of the suit to determine whether the exhaustion provision of IDEA applies. See *Fry*, 135 S. Ct. at 755 (What matters is the crux- or, in legal-speak, the gravamen – of the plaintiff's complaint, setting aside any attempts at artful pleading).

Here, the gravamen of the Plaintiffs' Complaint seeks to enjoin Defendants "from interfering with [the Plaintiffs'] rights to a free and appropriate public education in the least restrictive environment." [Compl. p.12, ¶56; p. 32, 34; see also ¶¶ 78-89.] Allegations specific to VCSB state that R.K is a student who is in need of supports and services through a 504 plan and that due to her disability she is unable to attend school. (Compl. ¶130.) There are no allegations that R.K. requested a due process hearing with DOAH or exhausted other administrative remedies. Moreover, while exhaustion of administrative remedies is not required where resort to administrative remedies would be (1) futile or (2) inadequate, the Plaintiffs have failed to allege futility or inadequacy. See *M.T.V.*, 446 F.3d at 1158. Plaintiffs' mere conclusory allegation that exhaustion would be futile is insufficient. (Compl. ¶ 164.) The burden of demonstrating futility is on the party seeking exemption from the exhaustion requirement, and the Plaintiffs clearly fail to meet their burden.

Thus, the Plaintiffs' failure to exhaust their administrative remedies warrants dismissal of this suit for lack of subject matter jurisdiction.

### C. Plaintiffs' Complaint Must Be Dismissed Where Venue Is Improper, Alternatively, Where Venue Must Be Transferred to the Middle District Court under Forum Nonconveniens Theory.

> It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency or subdivision, maintains its principal headquarters. Such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.

*MSPA Claims 1, LLC v. Halifax Health Inc.*, 2017 WL 7803813, * 4(S.D. Fla. October 13, 2017)(citing *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So.2d 362, 363-64 (Fla. 1977))(citations omitted). Further, absent waiver or application of an identified exception, the home venue privilege appears to be an absolute right. *Id.* (citing *Bush v. Florida*, 945 So.2d 1207, 1212 (Fla. 2006)).

VCSB is an agency or subdivision of the State of Florida, and maintains its principal headquarters in Volusia County, Florida. It has no ties, contacts or headquarters in the Southern District of Florida. There has been no waiver of venue by VCSB or identified exceptions by the Plaintiffs. See generally *Pinellas County v. Baldwin*, 80 So.3d 366 (Fla. 2d DCA 2012)("A trial court lacks the discretion to deny an assertion of the home venue privilege. On the contrary, 'a trial court must apply the home venue privilege unless one of the exceptions to the privilege is satisfied.'") The Plaintiff has the burden to assert exceptions to the privilege. See *id.*

Therefore, where VCSB asserts home venue privilege, the Court must apply it. Alternatively, this case must be transferred where the Middle District of Florida is the more appropriate venue to hear the Plaintiffs' Complaint pursuant to 28 U.S.C. § 1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…" 28 U.S.C. § 1404(a). The decision to transfer the case pursuant to Section 1404(a) should be based

on "an 'individualized, case-by-case consideration of convenience and fairness.'" *MSPA Claims 1, LLC v. Halifax Health Inc.*, 2017 WL 7803813, * 1(S.D. Fla. October 13, 2017)(quoting *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

> Courts embark on a two-prong inquiry when considering the several factors used to determine whether to transfer venue. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. Second, courts are to balance private and public factors to determine if transfer is justified."

*MSPA Claims 1, LLC, supra*, 2017 WL 7803813, at *1 (citations omitted). There can be no dispute that this action against VCSB could have been brought in the Middle District of Florida where the Middle District of Florida has subject matter jurisdiction over the action, personal jurisdiction over VCSB, and venue is proper in the Middle District of Florida where VCSB's principal headquarters is in the Middle District of Florida.

As for the second prong, section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.* at *1.

(1) <u>Convenience of the witnesses and the parties necessitate a transfer of venue to the Middle District of Florida.</u>

While the Plaintiffs assert that venue is proper in the Southern District of Florida because there are three Defendant school boards located in this judicial district, the totality of witnesses' and parties' locations necessitate a transfer to the Middle District of Florida. There are **four** Defendant school boards in the Middle District of Florida: Orange County School Board, Hillsborough County School Board, Pasco County School Board and Volusia County School Board. Moreover, there are three Defendants, Alachua County School Board, Governor DeSantis

and Commissioner Corcoran, who are located in the Northern District of Florida, which makes it extremely inconvenient for such Defendants and their witnesses to appear in the Southern District of Florida. The Middle District of Florida would be the middle-ground for all the Defendants.

Additionally, of the fifteen (15) Plaintiffs who are minor children in this lawsuit, eight (8) of the minor children bringing suit in this case reside in and attend public schools in the Middle District of Florida. Thus, arguably, it would be more convenient for those Plaintiffs to litigate their claims in the Middle District of Florida. Furthermore, it would be also be more convenient for the Plaintiffs residing in the Northern District of Florida to litigate their claims in the Middle District of Florida than in the Southern District of Florida.

(2) <u>The location of the relevant documents and the relative ease of access to sources of proof</u>

The location of relevant documents and sources of proof for the eight minor children Plaintiffs and four Defendant school boards would be in the Middle District of Florida.

(3) <u>Locus of Operative Facts necessitate a transfer of venue to the Middle District of Florida</u>

To determine the locus of operative facts, courts look to where the events from which the claim arises occurred. *Id.* at *5.

Plaintiffs seek injunctive relief against the Defendants, specifically, to enjoin the Governor from enforcing its Executive Order 21-175 and to allow the school districts to implement the children's IEP and 504 plans. VCSB maintains all of its records, operates and manages its public schools, votes on policies, and conducts its business all within Volusia County, which is under the jurisdiction of the Middle District of Florida. If there are any actions by VCSB at issue in this case, they would be in Volusia County. Thus, the operative facts underlying the Plaintiffs, Jamie Kinder's and R.K.,'s claims against VCSB would have arisen from and occurred in Volusia County

and have no connection to the Southern District of Florida. The same would be the case for the three other school boards located in the Middle District of Florida.

Moreover, the operative facts underlying the Executive Order at issue here occurred in Tallahassee, Florida, which is in the Northern District of Florida, and would have no connection to the Southern District of Florida.

As for factor (9), Courts give less deference to a Plaintiff's chosen forum 'where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, and where the Defendants' "home venue privilege" weighs heavily in favor of transferring this case to the Middle District of Florida. *Id.* at *3, 5.

For all the foregoing reasons, the totality of the circumstances necessitate a transfer of venue to the Middle District of Florida.

## CONCLUSION

For the aforementioned reasons, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA, respectfully requests that the Court enter an Order dismissing the Plaintiffs' Complaint with prejudice; or alternatively, transferring this matter to the Middle District of Florida, Orlando division.

DORAN, SIMS, WOLFE & YOON

*/s/ Carol A. Yoon*
Theodore R. Doran, FBN 347515
Aaron Wolfe, FBN 766216
Carol A. Yoon, FBN 100804
1020 W. International Speedway Blvd.
Daytona Beach, Florida 32114
Telephone: (386) 253-1111
Primary Email: awolfe@doranlaw.com
Primary Email: cyoon@doranlaw.com
Secondary Email: klavassaur@doranlaw.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 7th, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this date via electronic mail to the following counsel of record:

Stephanie Langer, Esquire
Slanger@justdigit.org

Matthew Wilson Dietz, Esquire
Mdietz@justdigit.org

Lee A. Peifer, Esquire
Leepeifer@eversheds-sutherland.com

Raymond Frederick Treadwell, Esquire
Ray.treadwell@eog.myflorida.com

Rocco E. Testani, Esquire
roocotestani@evershed-sutherland.com

Stacey M. Mohr, Esquire
Staceymohr@eversheds-sutherland.com

Anastasios Kamoutsas, Esquire
anaskam@mail.regent.edu

Amy J. Pitsch, Esquire
Amy.pitsch@gmlaw.com

Luis Michael Garcia, Esquire
Lmgarcia2@dadeschools.net

Jordan Alexander Madrigral, Esquire
jordanmadrigal@dadeschools.net

Susan M. Marken, Esquire
smarken@dadeschools.net

Jason L. Margolin, Esquire
Jason.margolin@akerman.com

Christine B. Gardner, Esquire
Christine.gardner@akerman.com

Zarra Ramirez Elias, Esquire
Zarra.elias@akerman.com

Jon Erik Bell, Esquire
Jon.bell@palmbeachschools.org

Laura Esterman Pincus, Esquire
Laura.pincus@palmbeachschools.com

Lisa A. Carmona, Esquire
Lisa.carmona@palmbeachschools.com

Patricia Morales Christiansen, Esquire
Anna.morales@palmbeachschools.com

Sean Christian Fahey, Esquire
Sean.fahey@palmbeachschools.com

Michael Thomas Burke, Esquire
burke@jambg.com

Dennis John Alfonso, Esquire
dalfonso@mcclainalfonso.com

David McKinnon Delaney
David.delaney@dellgraham.com

                                                      */s/ Carol A. Yoon*
                                                      Carol A. Yoon