IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:21-cv-22863-KMM

JUDITH ANNE HAYES, individually and on behalf
of W.H., a minor, et. al.,

    Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; et.al.,

    Defendants.
_____/

## PLAINTIFFS' RESPONSE TO ORANGE COUNTY SCHOOL BOARD and PASCO COUNTY SCHOOL BOARD MOTION TO DISMISS

**COMES NOW**, Plaintiffs, JUDITH ANNE HAYES, individually and on behalf of W.H., a minor., et al., by and through the undersigned counsel, and hereby files response to the Motion to Dismiss filed by the Orange County School Board [DE-65] and the Pasco County School Board [DE-71], and states as follows:

The Orange County School Board [OCSB] and the Pasco County School Board [PCSB] Motions to Dismiss are based upon their belief that venue should be the Middle District of Florida, and for Orange County, it would be Orlando, and for Pasco County, it would presumably be downtown Tampa. As this is a systemic case which involves all Florida Defendants, and three of which are in the Southern District of Florida, venue is proper in the Southern District of Florida.

Pursuant to 28 U.S.C. § 1391,

> Venue in general. --A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

In this matter, all of the defendants reside in the state of Florida, and plaintiffs brought the case in a district in which several defendants reside. As such, venue is appropriate. There are no exceptions to the venue rule other than forum non-convenience.

In this case, each of the defendants believe that their form is more convenient, however due to the overall issues of law in dispute in this case and the use of remote proceedings during the pandemic, *forum non conveniens, 29 U.S.C. § 1404(a)*. The Defendants have not stated any specific reason why the Northern District, or the Middle District would be more convenient than the Southern District, other than to sever the plaintiffs' claims, which again, would bring inconsistent adjudications and would further delay the immediate relief that the Plaintiffs are requesting, and the same immediate relief would also inure to the benefits of the Defendants who should want their legal obligations resolved in light of the danger to their students.

In this case, the Governor and the State Defendants authorized actions against school districts that refused to comply with Florida Law and make school unsafe for children with disabilities by allowing them to be exposed, and at higher risk of becoming infected with COVID-19. At the time this suit was filed, there was a direction that the executive order be implemented and enforced upon all the school districts. In this matter, having all parties in one forum was to ensure that there were consistent obligations in the event of declaratory or injunctive relief.

Under Rule 19(a) of the Federal Rules of Civil Procedure, participation of the County School Boards is required for a just adjudication of this matter. First, complete relief cannot be granted in the County's absence. Rule 19(a), Fed. R. Civ. P. provides as follows:

(a) Persons Required to Be Joined if Feasible.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. The obligations as stated by this Court should not be subject to differing courts from differing districts as to whether this law, as applied to each of the School Boards as well as the Department of Education, and should be interpreted in a uniform matter for a uniform remedy.

> "Inconsistent obligations" are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

Delgado v. Plaza Las Ams., Inc., 139 F.3d 1, 3 (1st Cir.1998) (per curiam) (citations omitted); accord Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ., 584 F.3d 253, 282 (6th Cir.2009) (en banc); Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1040 (11th Cir. 2014).

    Lastly, the "Home Venue Privilege" is inapplicable. It provides that, absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters. Fla. Pub. Serv. Comm'n v. Triple "A" Enters., Inc., 387 So.2d 940, 942 (Fla.1980). Primarily, state created procedural rights must cede to federal rules and procedures. See Hanna v. Plumer, 380 U.S. 460, 473–74, 85 S. Ct. 1136, 1145, 14 L. Ed. 2d 8 (1965)("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-

created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act."). The procedural requirements of 28 U.S.C. 1391 supersede Florida law as to appropriate venue.

In this matter the plaintiffs have been asking for relief prior to thousands of children have been infected, before the infection led to the change in the policy, before the threats from the governor, and there is nothing that would indicate that this case should be subject to identical suits against each defendant in a different Florida District.

**WHEREFORE,** Plaintiffs, JUDITH ANNE HAYES, individually and on behalf of W.H., a minor., et al., respectfully requests that this Court DENY the Defendant's motion to dismiss and grant any further relief as this court deems just and equitable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 13, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

By: /s/*Matthew W. Dietz*
Matthew W. Dietz, Esq.
Florida Bar No. 84905
Stephanie Langer, Esq.
Florida Bar No. 149720
2990 Southwest 35th Avenue
Miami, Florida 33133
T: (305) 669-2822 / F: (305) 442-4181
slanger@justDIGit.org
mdietz@justdigit.org
aa@justdigit.org