UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HAYES et al.,                                CASE NO.: 21-22863-CIV-MOORE

       Plaintiffs,
v.

GOVERNOR RONALD DION DESANTIS,
et al.,

       Defendants.
_____/

**DEFENDANT, SCHOOL BOARD OF PALM BEACH COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

COMES NOW, Defendant, SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA (Palm Beach), by and through undersigned counsel, and files this Reply to Plaintiff's Response to Motion to Dismiss and states as follows:

Each of the Plaintiffs who live in Palm Beach County have claims that clearly fall within the Individuals with Disabilities Education Act (IDEA). Plaintiffs correctly point out on page 6 of their Response that exhaustion is not required, "when an action does not involve educational methods, and instead involves other types of discrimination, such as physical access or integration or transportation." Fry. V. Napoleon Cmty.Sch., 137 S. Ct. 743, 753-54, 197 L. Ed 2d 46 (2017). However, for the reasons set forth below, that is not the case here, so exhaustion is still required.

While they have individual circumstances, each of the Plaintiffs seek free appropriate public education (FAPE) in the least restrictive environment - relief that would only be available from a school district. To claim that the same allegations could be made against a public theater or library is disingenuous and fails to acknowledge that only a school district is obligated to provide the very relief sought: FAPE in the least restrictive environment.

1

In their misapplication of Fry, Plaintiffs overlook the fact that their complaint expressly alleges the denial of a FAPE as required in the Fry test.

> One clue to whether the gravamen of a complaint against a school concerns the denial of FAPE, or instead addresses disability-based discrimination, can come from asking a pair of hypothetical questions. First, could the plaintiff have brought **essentially the same claim** if the alleged conduct had occurred at a public facility that was *not* a school – say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—**have pressed essentially the same grievance**? When the answer to those question is yes, a complaint that does not expressly alleged the denial of a FAPE is also unlikely to be truly about that subject … for **the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.**

Fry, 137 S. Ct. at 756 (emphasis supplied)

The bottom line is not whether the public theater or library could be challenged for not mandating their patrons and/or employees wear masks. Rather, the question is whether the plaintiffs could have brought "essentially the same claim" against another entity. Since the gravamen of Plaintiff's claims is a denial of FAPE, Plaintiffs are required to exhaust administrative remedies. To claim that the same allegations could be made against a public theater or library is disingenuous.

Plaintiff Amanda Banek and her children's doctor have determined that it is too dangerous for them to attend in person school and have unilaterally concluded that virtual school is not an option as it does not have the supports, services and accommodations of their IEP's. They also claim that virtual school would not allow the children to be educated with their peers. These arguments fall squarely into a claim for denial of FAPE in the least restrictive environment. Accordingly, Ms. Banek and her children must exhaust administrative remedies.

Plaintiff Alisha (aka Alicia) Todd and her son J.T. claim J.T. is unable to work on social skills and peer interaction if he is attending school virtually or in a hospital-homebound setting.

J.T.'s mother is concerned that if he leaves the school system he would lose his rights to an IEP or the supports and therapies he can receive in the schools. Again, these arguments fall squarely into a claim for denial of FAPE in the least restrictive environment. Accordingly, Ms. Todd and her child must exhaust administrative remedies.

Plaintiff Tom Collins is worried about his son Q.C. having the ability to continue attending school and if and when his school does not follow CDC guidelines. He chooses to pick his son up during lunch time to avoid being around children who he believes may not be wearing masks or are not social distancing during that time. Plaintiffs allege that Q.C. has asthma and anxiety and that he "needs supports and services" through a 504 plan. To the extent that Q.C.'s parents believe he needs services including a "full panoply of services," such a claim falls squarely under the IDEA's child find and FAPE provisions. Accordingly, Mr. Collins and his child must exhaust administrative remedies.

Plaintiffs claim that they are not required to exhaust administrative remedies because doing so would be futile. However, the Division of Administrative Hearings (DOAH) has jurisdiction over claims relating to identification, eligibility, evaluation, placement and provision of free appropriate public education. DOAH judges regularly hear and decide similar claims relating to services, IEP implementation, implementation of accommodations and placement.

Respectfully submitted, this <u>10th</u> day of September 2021.

                                        The School Board of Palm Beach County, Florida
                                        Shawn Bernard, Esquire, General Counsel

                                    By: /s/ *Laura E. Pincus*
                                            Laura Esterman Pincus, Esq.
                                            Florida Bar No. 90018
                                            Jon Erik Bell, Esq.
                                            Florida Bar No. 328900

Lisa Anne Carmona, Esq.
Florida Bar No. 843490
Anna Patricia Morales, Esq.
Florida Bar No. 27634
Sean Fahey, Esq.
Florida Bar No. 101083
Office of General Counsel
3318 Forest Hill Boulevard, Suite C-331
West Palm Beach, Florida 33406
Tel: (561) 434-8748
Fax: (561) 434-8105
laura.pincus@palmbeachschools.org
merrie.mckenziesewell@palmbeachschools.org

**SERVICE LIST:**
Matthew W. Dietz
Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, FL 33133
Tel: (305) 669-2822
Fax: (305) 442-4181
e-mail: mdietz@justdigit.org
Stephanie Langer
Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, FL 33133
Tel: (305) 669-2822
Fax: (305) 442-4181
e-mail: slanger@justDIGit.org

Michael T. Burke
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
Telephone 954-463-0100
Burke@jambg.com
Cardona@jambg.com

JASON L. MARGOLIN, ESQ.
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333

Facsimile: (813) 223-2837
jason.margolin@akerman.com
ZARRA R. ELIAS, ESQ.
zarra.elias@akerman.com
MELISSA TORRES, ESQ.
melissa.torres@akerman.com

Raymond F. Treadwell
Chief Deputy General Counsel
Executive Office of the Governor
The Capitol, PL-5
400 S. Monroe Street
Tallahassee, Florida 32399
Telephone: (850) 717-9310
Ray.Treadwell@eog.myflorida.com
Gov.legal@eog.myflorida.com

AMY PITSCH, ESQ.
GREENSPOON MARDER LLP
201 E. Pine Street, Suite 500
Orlando, FL 32801
Telephone: (407) 425-6559
Facsimile: (407) 244-8143
amy.pitsch@gmlaw.com
SUSANA CRISTINA GARCIA, ESQ.
tina.garcia@gmlaw.com
Melissa.spinner@gmlaw.com
Attorneys for Defendant Orange County School Board

Dennis J. Alfonso, Esq.
MCCLAIN ALFONSO, P.A.
Post Office Box 4
37908 Church Avenue
Dade City, Florida 33526-0004
Telephone: (352) 567-5636
DAlfonso@mcclainalfonso.com
Eserve@mcclainalfonso.com
Attorney for the Defendant Pasco County School Boa

Sara M. Marken, Esq., Asst. School Board Attorney
Jordan A. Madrigal, Deputy Asst. School Board Attorney
Walter J. Harvey School Board Attorney
School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Suite 430

Miami, Florida 33132
smarken@dadeschools.net
jordanmadrigal@dadeschools.net
Attorneys for School Board of Miami-Dade County

Luis M. Garcia, Deputy Asst. School Board Attorney
Walter J. Harvey
School Board Attorney
The School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Suite 430
Miami, Florida 33132
lmgarcia2@dadeschools.net
Attorneys for School Board of Miami-Dade County

DELL GRAHAM, P.A.
David M. Delaney
Natasha S. Mickens
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
david.delaney@dellgraham.com
natasha.mickens@dellgraham.com
elizabeth.whisler@dellgraham.com
leann.campbell@dellgraham.com
Attorneys for School Board of Alachua County

DORAN, SIMS, WOLFE & YOON
Carol A. Yoon
Theodore R. Doran
Aaron Wolfe
1020 W. International Speedway Blvd.
Daytona Beach, Florida 32114
Telephone:(386)253-1111
awolfe@doranlam.com
cyoon@doranlam.com
lclavassaa@doranlaw.com
tdoran@doranlaw.com
Attorneys for School Board of Volusia County

Leanetta McNealy
Chair of the Alachua County School Board
620 East University Avenue
Gainesville, Florida 32601

Jordan Madrigal
Attorney for Miami Dade County School Board
1450 NE 2nd Avenue, Suite 700
Miami, Florida 33132

Teresa Jacobs
Chair of the Orange County School Board
445 West Amelia Street
Orlando, Florida 32801

Allen Altman
Chair of the Pasco County School Board
7227 Land O'Lakes Boulevard
Land O'Lakes, Florida 34638

Linda Cuthbert
Chair of the Volusia County School Board
200 North Clara Avenue
DeLand, Florida 32720

Anastasios Kamoutsas
anastasios.kamoutsas@fldoe.org
General Counsel
Florida Department of Education
325 West Gaines Street, Room 1544
Tallahassee, Florida 32399
Telephone: (850) 245-0442