UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-22863-KMM

JUDITH ANNE HAYES, individually and
on behalf of W.H., a minor, et al

      Plaintiffs,

vs.

GOVERNOR RONALD DION DESANTIS,
in his official Capacity as Governor of the
State of Florida et al

      Defendants.

_____/

## DEFENDANT BROWARD SCHOOL BOARD'S REPLY IN SUPPORT OF MOTION TO DISMISS

The Defendant School Board of Broward County ("Broward School Board"), by and through its undersigned attorneys and pursuant to Local Rule 7.1 submits its reply memorandum in support of said Defendant's Motion to Dismiss [ECF 68], and states as follows:

### Plaintiff's Response

The gravamen of Plaintiff's Complaint is that "by refusing to allow school districts to implement mask mandates, Governor DeSantis has placed an illegal barrier for students with disabilities which is preventing our states most vulnerable student from returning to public schools". [ECF 4 at ¶51]   With respect to the only Plaintiff who has previously attended Broward public schools, the complaint alleges that "it is too dangerous (for him) to return to brick and mortar school without such precautions as following the recommended CDC guidelines of mandatory masking and regular testing in schools." [ECF 4 at ¶135]   Finally, the

two federal claims asserted against the Broward School Board allege "as a result of the immediate implementation of the Executive Order of Governor DeSantis to deny these children the protection that they need to attend school in a safe environment, the Defendants have violated the regulations and provisions of the ADA (and Section 504)" by failing to make reasonable modifications under the circumstances, excluding Plaintiffs from participation in public education, failing to make services and programs readily accessible, administering a policy that has the effect of subjecting qualified individuals with disabilities to discrimination and failing to permit programs and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities. [ECF 4 at ¶¶172 and 184]

Plaintiff's response to the Broward School Board's Motion to Dismiss acknowledges that the Broward School Board has in place a mask mandate and goes beyond the allegations of the Complaint to further assert:

> While Broward School Board has put a mandate in place, it is only temporary.  The interim superintendent said just last night on television that the mandate is only in place through Labor Day. J.D.-F. would need a mask mandate to be in place for longer in order to be able to return to school safely.  There would further need to a decision to follow other CDC guidelines such as social distancing; mask at recess and a plan to be able to eat lunch safely since the students will necessarily need to be unmasked.  Then out of the mask mandate to be tested on a regular basis, thus the risk to J.D.-F remains too high. [ECF 93 at pg. 2]

Finally, Plaintiff's response asserts that it was necessary to join the Broward School Board as a party Defendant in order to facilitate Plaintiff's claim against Governor DeSantis and the Florida Department of Education, that there is no requirement that Plaintiff exhaust his remedies under the IDEA and that the claim against the Broward School Board is not moot [ECF 93 at pages 6, 9 and 14).

2

## No Viable Claim Against the Broward School Board

Plaintiff initially claims that the Broward School Board's mask mandate is temporary in nature.   While it is true that presumably any mask mandate will end at some point in time, the Complaint is devoid of any allegation to show that the mandate is not currently in effect. Moreover, even if the mask mandate for all students did cease, nothing would prevent parent Chris Rodriguez from requesting accommodations or adjustments that may then be needed for the education of his disabled child.   Second, the Florida Department of Education has adopted protocols for the 2021-22 School year which includes testing and quarantine measures for asymptomatic and symptomatic students. (See FDOE Covid 2122 Decision Tree attached hereto as Exhibit "A").   Third, the Broward School Board's policy 2170 does include social distancing measures at recess and during lunch which conform to the CDC's recommended three foot spacing. [ECF 44-1 at 1(a)(ii), 1(b)(ii) and (iii)]

Simply put, neither the Complaint nor Plaintiff's response sets forth any allegations to show that the Broward School Board is violating J.D.-F.'s rights under the ADA or Section 504. While Plaintiff asserts claims against the Governor and FDOE, the Complaint does not allege a viable claim against the Defendant Broward School Board.

## The Broward School Board is Not a Required Party

While Plaintiff's response asserts that the Broward School Board is a necessary and indispensable party, the only argument advanced by Plaintiff in its response to support such an assertion is that "there is no question that the State Defendants would have filed a motion to dismiss in this matter for failure to add in (sic) necessary and indispensable parties under Rule 19, Fed. R. Civ. P. if the School Boards were not added in as necessary and indispensable

parties…." [ECF 93 at pg. 6]    However, the claim that other defendants may have asserted that the Broward School Board was a required party does not make it so and does not justify the joinder of the Broward School Board as a party defendant in this action.   While the Complaint at times states that the School Boards are not adverse parties to the Plaintiffs, declaratory and injunctive relief and damages are sought against the School Board Defendants.   Clearly, there is no reason that the Court cannot accord Plaintiff's complete relief as against the State Defendants in the absence of the Broward School Board.

### Exhaustion is Required

Contrary to Plaintiff's response, the facts of this case demonstrate why administrative exhaustion is required.   Here, the Broward School Board has in effect the mask mandate and social distancing recommended by the CDC, and the FDOE has in place protocols for the testing and quarantining of symptomatic and asymptomatic persons.   Nevertheless, this Complaint and Plaintiff's response states that these measures are not sufficient to allow Plaintiff J.D.-F. to return to school.   Rather than seek declaratory and injunctive relief as well as damages against the Defendant Broward School Board, the Plaintiff should first request the reasonable accommodation needed to allegedly comply with federal law, and if not provided pursue the appropriate administrative relief.

### Conclusion

The Broward School Board is not joined in this action as a nominal party and is not a required party with respect to the relief sought against the State Defendants.   Neither the Complaint nor Plaintiff's response states a viable federal claim for relief against the Broward School Board.   To the extent it is claimed that the measures already taken by the Broward

School Board are insufficient to provide Plaintiff J.D.-F. a safe place to attend school, Plaintiff should be required to request the reasonable accommodation which is allegedly needed and if not provided pursue available administrative remedies.   As such, it is requested that the Court enter an order dismissing this action as against the Defendant Broward School Board.

Dated:  _September 15, 2021_____

                                    Respectfully submitted,

                                    _/s/Michael T. Burke_____
                                    Michael T. Burke, Esquire (338771)
                                    Burke@jambg.com
                                    Cardona@jambg.com
                                    Johnson, Anselmo, Murdoch,
                                    Burke, Piper & Hochman, P.A.
                                    2455 East Sunrise Blvd., Suite 1000
                                    Fort Lauderdale, Florida 33304
                                    Telephone: 954-463-0100
                                    *Counsel for Defendant,*
                                    *Broward County School Board*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 15th day of September, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> JOHNSON, ANSELMO, MURDOCH, BURKE,
> PIPER & HOCHMAN, P.A.
> *Counsel for Defendant,*
> *Broward County School Board*
> 2455 East Sunrise Boulevard, Ste. 1000
> Fort Lauderdale, FL 33304
> Telephone: 954-463-0100
>
>
> BY:  */s/Michael T. Burke*
>       MICHAEL T. BURKE
>       Florida Bar No. 338771

## SERVICE LIST

Matthew W. Dietz, Esq.
Stephanie Langer, Esq.
Disability Independence Group, Inc.
2990 Southwest 35th Ave.
Miami, FL 33133
305-669-2822
slanger@justdigit.org
mdietz@justdigit.org
aa@justdigit.org
***Attorneys for Plaintiff***

Jason L. Margolin, Esq.
Zarra R. Elias, Esq.
Christine B. Gardner, Esq.
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
jason.margolin@akerman.com
zarra.elias@akerman.com
christine.gardner@akerman.com
***Attorneys for School Board of Hillsborough County***

J. Erik Bell, Esq.
Sean Fahey, Esq.
Anna Patricia Morales Christensen, Esq.
Laura Esterman Pincus, Esq.
Lisa A. Carmona, Esq.
Office of General Counsel
3318 Forest Hill Boulevard, Suite C-331
West Palm Beach, Florida 33406
jon.bell@palmbeachschools.org
sean.fahey@palmbeachschools.org
anna.morales@palmbeachschools.org
laura.pincus@palmbeachschools.org
lisacarmona@palmbeachschools.org
merrie.mckenziesewell@palmbeachschools.org
***Attorneys for Palm Beach County School Board***

7

Anastasios Kamoutsas, Esq.
Fla. Bar ID No. 109498
General Counsel
Florida Department of Education
325 West Gaines Street, Room 1544
Tallahassee, Florida 32399
Telephone: (850) 245-0442
anastasios.kamoutsas@fldoe.org
*Attys. for Commissioner Richard Corcoran and the Florida Department of Education*

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
Telephone:   954-463-0100
Burke@jambg.com
Cardona@jambg.com
*Attorneys for Broward County School Board*

Dennis J. Alfonso, Esq.
MCCLAIN ALFONSO, P.A.
Post Office Box 4
37908 Church Avenue
Dade City, Florida 33526-0004
Telephone: (352) 567-5636
DAlfonso@mcclainalfonso.com
Eserve@mcclainalfonso.com
*Attorney for the Defendant Pasco County School Board*

AMY PITSCH, ESQ.
SUSANA CRISTINA GARCIA, ESQ.
GREENSPOON MARDER LLP
201 E. Pine Street, Suite 500
Orlando, FL 32801
Telephone: (407) 425-6559
amy.pitsch@gmlaw.com
tina.garcia@gmlaw.com
Melissa.spinner@gmlaw.com
*Attorneys for Defendant Orange County School Board*

Sara M. Marken, Esq., Asst. School Board Attorney
Jordan A. Madrigal, Deputy Asst. School Board Attorney
Walter J. Harvey School Board Attorney
School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Suite 430
Miami, Florida 33132
smarken@dadeschools.net
jordanmadrigal@dadeschools.net
***Attorneys for School Board of Miami-Dade County***

Luis M. Garcia, Deputy Asst. School Board Attorney
Walter J. Harvey
School Board Attorney
The School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Suite 430
Miami, Florida 33132
lmgarcia2@dadeschools.net
***Attorneys for School Board of Miami-Dade County***

DELL GRAHAM, P.A.
David M. Delaney
Natasha S. Mickens
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
david.delaney@dellgraham.com
natasha.mickens@dellgraham.com
elizabeth.whisler@dellgraham.com
leann.campbell@dellgraham.com
***Attorneys for School Board of Alachua County***

DORAN, SIMS, WOLFE & YOON
Carol A.Yoon
Theodore R. Doran
Aaron Wolfe
1020 W. International Speedway Blvd.
Daytona Beach, Florida 32114
Telephone:(386)253-1111
awolfe@doranlam.com
cyoon@doranlam.com
lclavassaa@doranlaw.com
tdoran@doranlaw.com
***Attorneys for School Board of Volusia County***

Leanetta McNealy
Chair of the Alachua County School Board
620 East University Avenue
Gainesville, Florida 32601

Jordan Madrigal
Attorney for Miami Dade County School Board
1450 NE 2nd Avenue, Suite 700
Miami, Florida 33132

Teresa Jacobs
Chair of the Orange County School Board
445 West Amelia Street
Orlando, Florida 32801

Allen Altman
Chair of the Pasco County School Board
7227 Land O'Lakes Boulevard
Land O'Lakes, Florida 34638

Linda Cuthbert
Chair of the Volusia County School Board
200 North Clara Avenue
DeLand, Florida 32720