IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:21-cv-22863-KMM

JUDITH ANNE HAYES, individually and on behalf
of W.H., a minor, et. al.,

    Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; et.al.,

    Defendants.
_____/

## PLAINTIFFS' RESPONSE TO SCHOOL BOARD OF ALACHUA COUNTY MOTION TO DISMISS [DE-79]

**COMES NOW**, Plaintiffs, JUDITH ANNE HAYES, individually and on behalf of W.H., a minor., et al., by and through the undersigned counsel, and hereby files response to the Motion to Dismiss filed by the School Board of Alachua County [DE-79], and states as follows:

The School Board of Alachua County [SBAC] Motions to Dismiss are on identical grounds as the Motions filed by the School Boards of Pasco County [DE-71] and Orange County [DE-65], however, instead of the Middle District, which is Pasco and Orange County's preferred district, the School Board of Alachua County chooses the Northern District of Florida.

SBAC was one of the first who implemented a mask mandate without a parental opt-out and extended it until October 12th. DE 79, p. 4. Because of their disregard for Florida law, they have been subject to sanctions recommended by Defendant Corcoran. See DE 81-1; also, Press

Release dated August 30, 2021.[1] In addition to withholding the amounts equal to the salaries of the members of the board of education, the Order stated as follows:

> The State Board of Education may continue to review findings of the Commissioner of Education as he continues his investigation and retains the right and duty to impose additional sanctions, and take additional enforcement action, as necessary, to bring the School Board of Alachua County into compliance and better serve Florida's families pursuant to the duly adopted resolutions of that date.[2]

Kristen Thompson is the mother of P.T, a seven-year-old medically complex child who lives with Trisomy-18 and breaths through a tracheotomy. P.T. is currently home awaiting approval from the district's hospital homebound program in Alachua County. She would like to go back to school if she had some continuity and ensured that the mask mandate would be enforced. Once those assurances were in place, then other accommodations can be agreed to with the school districts when such protections are within their authority and control. Such other necessary accommodations are a safe space to eat lunch and a classroom with staff and students who are masked or were consistently tested. [ECF 80-10]. However, **SBAC is not disputing her standing, exhaustion of her remedies or the relief that she wants, only the venue**.

Due to the systemic relief that is demanded to provide school board officials, PT and other children in Alachua to ensure that their rights are not constantly threatened by the State of Florida so that a consistent plan can be made for the safe education of P.T. in school. Accordingly, it would make common sense for SBAC to join in the relief requested by P.T.'s mother in this matter.

---

[1] https://www.fldoe.org/core/fileparse.php/20001/urlt/Alachua5.pdf; see also Commissioner Richard Corcoran Announces the Withholding of Funds in Alachua and Broward Counties for their Continued Violation of State Law ~ State will continue to fight for parent rights - https://www.fldoe.org/newsroom/latest-news/commissioner-richard-corcoran-announces-the-withholding-of-funds-in-alachua-and-broward-counties-for-their-continued-violation-of-state-law.stml

[2] https://www.fldoe.org/core/fileparse.php/20001/urlt/Alachua5.pdf , ¶11.

However, this is not the case, and SBAC would prefer to delay relief and litigate this case in a different forum.

As this is a systemic case which involves all Florida Defendants, and three of which are in the Southern District of Florida, venue is proper in the Southern District of Florida.

Pursuant to 28 U.S.C. § 1391,

> Venue in general. --A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

In this matter, all of the defendants reside in the state of Florida, and plaintiffs brought the case in a district in which several defendants reside. As such, venue is appropriate. There are no exceptions to the venue rule other than forum non-convenience.

In this case, each of the defendants believe that their form is more convenient, however due to the overall issues of law in dispute in this case and the use of remote proceedings during the pandemic, *forum non conveniens, 29 U.S.C. § 1404(a).* The Defendants have not stated any specific reason why the Northern District, or the Middle District would be more convenient than the Southern District, other than to sever the plaintiffs' claims, which again, would bring inconsistent adjudications and would further delay the immediate relief that the Plaintiffs are requesting, and the same immediate relief would also inure to the benefits of the Defendants who should want their legal obligations resolved in light of the danger to their students. It would make sense for the claims for relief that are common should be brought together in one case. To argue that one forum is more convenient than another where all proceedings are conducted remotely is entirely without merit.

In this case, the Governor and the State Defendants authorized actions against school districts that refused to comply with Florida Law and make school unsafe for children with

disabilities by allowing them to be exposed, and at higher risk of becoming infected with COVID-19. At the time this suit was filed, there was a direction that the executive order be implemented and enforced upon all the school districts. In this matter, having all parties in one forum was to ensure that there were consistent obligations in the event of declaratory or injunctive relief.

Under Rule 19(a) of the Federal Rules of Civil Procedure, participation of the County School Boards is required for a just adjudication of this matter. First, complete relief cannot be granted in the County's absence. Rule 19(a), Fed. R. Civ. P. provides as follows:

> (a) Persons Required to Be Joined if Feasible.
>
>   (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>     (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. The obligations as stated by this Court should not be subject to differing courts from differing districts as to whether this law, as applied to each of the School Boards as well as the Department of Education and should be interpreted in a uniform matter for a uniform remedy.

> "Inconsistent obligations" are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

Delgado v. Plaza Las Ams., Inc., 139 F.3d 1, 3 (1st Cir.1998) (per curiam) (citations omitted); accord Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ., 584 F.3d 253, 282 (6th Cir.2009) (en banc); Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1040 (11th Cir. 2014).

Lastly, the "Home Venue Privilege" is inapplicable. It provides that, absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters. Fla. Pub. Serv. Comm'n v. Triple "A" Enters., Inc., 387 So.2d 940, 942 (Fla.1980). Primarily, state created procedural rights must cede to federal rules and procedures. See Hanna v. Plumer, 380 U.S. 460, 473–74, 85 S. Ct. 1136, 1145, 14 L. Ed. 2d 8 (1965) ("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act."). The procedural requirements of 28 U.S.C. 1391 supersede Florida law as to appropriate venue.

In this matter the Plaintiffs have been asking for relief prior to thousands of children have been infected, before the infection led to the change in the policy, before the threats from the governor, and there is nothing that would indicate that this case should be subject to identical suits against each defendant in a different Florida District.

**WHEREFORE,** Plaintiffs, JUDITH ANNE HAYES, individually and on behalf of W.H., a minor., et al., respectfully requests that this Court DENY the Defendant's motion to dismiss and grant any further relief as this court deems just and equitable.

*Hayes. v. DeSantis*
Case No.: 1:21-cv-22863-KMM
Page 6 of 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

By: /s/*Matthew W. Dietz*
Matthew W. Dietz, Esq.
Florida Bar No. 84905
Stephanie Langer, Esq.
Florida Bar No. 149720
2990 Southwest 35th Avenue
Miami, Florida 33133
T: (305) 669-2822 / F: (305) 442-4181
slanger@justDIGit.org
mdietz@justdigit.org
aa@justdigit.org