UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-22863-KMM-LFL

JUDITH ANNE HAYES, individually and on
behalf of W.H., a minor, et al.,

        Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in
his official Capacity as Governor of the State of
Florida, et al.,

        Defendants.

_____/

**DEFENDANT THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA'S[1]
REPLY IN SUPPORT OF MOTION TO DISMISS
<u>COMPLAINT FOR INJUNCTIVE RELIEF</u>**

    Defendant, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA ("HCSB"), replies in support of its Motion to Dismiss Complaint for Injunctive Relief (the "Motion to Dismiss") [ECF No. 67], and states:

**LEGAL ANALYSIS**

A. **This Court Should Drop HCSB as a Party to this Action under Federal Rule of Civil Procedure 21.**

    In their Response to the Motion to Dismiss (the "Response") [ECF No. 94], Plaintiffs fail to effectively address HCSB's arguments as to why HCSB should be dropped as a party. In particular, in the Motion to Dismiss, HCSB explained there is no relief sought against HCSB in this action, and HCSB is not alleged to have done anything wrong. *See* Motion to Dismiss at 4-5. Significantly, HCSB neither issued the Executive Order nor has the power to retract it. HCSB

---

[1] The proper name for the Defendant is The School Board of Hillsborough County, Florida. *See* § 1001.40, Fla. Stat.

implemented a universal face mask policy, despite the alleged prohibition against it the Executive Order. *See* Motion to Dismiss at 3-4. Simply put, HCSB is not a proper party to this case, and therefore must be dropped.

Plaintiffs' argument that, had they not included HCSB in this case, other defendants would have sought to join it as an indispensable party, is unconvincing. To support their argument, Plaintiffs point only to the State Defendants' argument, in their Motion to Dismiss, that the Florida Department of Health is an indispensable party. *See* Response at 7. Plaintiffs' argument fails.

The Department of Health is in a completely different position than HCSB in this matter. As the Court recognized in its Order Denying Preliminary Injunction [ECF No. 98], Plaintiffs are challenging a Department of Health rule. *See* Order Denying Preliminary Injunction at 3 (noting that "[f]ollowing the issuance of Executive Order 21-175, . . . [t]he Florida Department of Health issued a single emergency rule ('the FDH Rule')" governing masking requirements in schools). Indeed, as the Court found, "it is particularly perplexing that Plaintiffs have failed to join the Florida Department of Health to this action. Plaintiffs' failure to do so calls into question whether an injunction against Executive Order 21-175, alone, would have any impact on the FDH Rule . . . ." *Id.* at 24.

In contrast, there is no relief being sought against HCSB. HCSB has not issued any rule to which Plaintiffs raise a challenge. Plaintiffs themselves implicitly acknowledge as much. *See, e.g.*, Response at 10. Given this, the need to add the Department of Health to this suit is easily distinguishable from maintaining HCSB as a Defendant. HCSB is not indispensable and should be dropped as a party pursuant to Federal Rule of Civil Procedure 21.

    **B.**    **This Court Lacks Subject Matter Jurisdiction Under Rule 12(b)(1) Due to Plaintiffs' Failure to Exhaust Their Administrative Remedies Under the Individuals with Disabilities Education Act ("IDEA").**

Plaintiffs' argument that they were not required to exhaust administrative remedies under the IDEA has already been rejected by this Court, because Plaintiffs' argument lacks merit. In the Motion to Dismiss, HCSB explained that Plaintiffs' claims concern the provision of a "free and appropriate public education" ("FAPE"), but Plaintiffs admittedly failed to exhaust their administrative remedies. *See* Motion to Dismiss at 12-13. In response, Plaintiffs incorrectly argued that the administrative remedy requirement under the IDEA does not apply because their claims do not concern FAPE under *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 748 (2017), and that, regardless, any administrative remedies would be futile or inadequate. *See* Response at 13-17.

The Court recently rejected these same arguments by Plaintiffs in the Order Denying Preliminary Injunction. The Court considered *Fry* and found "Plaintiffs' attempt to characterize this case as one that involves a denial of access, and not a denial of FAPE, to be wholly untethered to the allegations in the Complaint, the request for relief in the Motion, and Plaintiffs' affidavits." *See* Order Denying Preliminary Injunction at 15. The Court rejected Plaintiffs' application of *Fry* and further noted that, "given the unique circumstances of each child . . . each of Plaintiffs' children would benefit from the individualized process afforded by the IDEA's administrative remedies." *Id.* at 17. The Court likewise rejected Plaintiffs' arguments that any administrative remedies would be futile or inadequate. *Id.* at 21 ("The Court finds all Plaintiffs would be substantially benefited by pursuing administrative remedies that can provide tailored solutions to each child's individual needs."); *Id.* at 23 ("[T]he Court's review would be greatly benefitted by an administrative record,

including relevant facts and potential accommodations, that would be developed during the administrative process.").

In their Response, Plaintiffs provide no clear explanation as to why exhaustion of administrative remedies would be futile or inadequate; rather, they claim that anything less than an injunction against Executive Order 21-175 would be futile and inadequate. *See* Response at 15-17. However, this runs counter to the individualized concerns at play here as to each of Plaintiff's children. *See* Response at 2-3 (listing the individualized concerns of Plaintiffs residing in Hillsborough County). Like the Court found in the Order Denying Preliminary Injunction, Plaintiffs' children would indeed benefit from the individualized process afforded by the IDEA's administrative remedies. That process would not be futile or inadequate. Accordingly, Plaintiffs' claims against HCSB, including ADA and Rehabilitation Act claims, should be dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies pursuant to the IDEA.

## CONCLUSION

For the reasons set forth in the Motion to Dismiss and this Reply, Plaintiffs' Complaint fails to seek relief against HCSB, improperly sues HCSB outside its home district, lacks subject matter jurisdiction, and fails to state a claim—each of which is sufficient to warrant dismissal *with prejudice*.

**WHEREFORE**, HCSB respectfully request that the Court drop HCSB as a party, dismiss HCSB from this action *with prejudice*, or transfer any claim against HCSB to the Middle District of Florida, and award such other relief as the Court deems just and proper.

Dated: September 20, 2021      Respectfully submitted,

*/s/ Jason L. Margolin*
**JASON L. MARGOLIN, ESQ.**
Florida Bar Number: 69881
Email: jason.margolin@akerman.com

**ZARRA R. ELIAS, ESQ.**
Florida Bar No. 089020
zarra.elias@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*And*

**CHRISTINE B. GARDNER**
Florida Bar No. 109903
Primary: christine.gardner@akerman.com
Secondary: lella.provoste@akerman.com
**AKERMAN LLP**
777 South Flagler Dr, Suite 1100 West Tower
West Palm Beach, Florida 33401
Telephone:  (561) 653-5000
Facsimile: (561) 659-6313

***Attorneys for Defendant, The School Board of Hillsborough County, Florida***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2021, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, who will provide electronic notification to all counsel of record.

*/s/ Jason L. Margolin*
Jason L. Margolin

60014089;3