IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:21-CV-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of
W.H., a minor, ROBYN MCCARTHY and JOHN
MCCARTHY, individually and on behalf of L.M., a minor,
AMANDA BANEK, individually and on behalf of D.B.
and B.B, minor children, KAS ARONE-MILLER,
individually and on behalf of R.M. and L.M., Minor
children, ALISHA TODD, individually and on behalf of J.T,
a minor, JAMIE KINDER, individually and on behalf of
R.K., a minor, CHRIS RODRIGUEZ, individually and on
behalf of J.D.-F., a minor, JACK KOCH, individually and
on behalf of R.K, B.K., and A.K., minor children,
KRISTEN THOMPSON, individually and on behalf of
P.T., a minor, EREN DOOLEY, individually and on behalf
of G.D., a minor, TOM COLLINS, individually and on
behalf of Q.C., a minor,
            Plaintiffs,

vs.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD
CORCORAN, in his official capacity as Commissioner of
the Florida Department of Education, ORANGE COUNTY
SCHOOL BOARD, MIAMI DADE COUNTY SCHOOL
BOARD, HILLSBOROUGH COUNTY SCHOOL
BOARD, PALM BEACH SCHOOL BOARD,
BROWARD COUNTY SCHOOL BOARD, PASCO
COUNTY SCHOOL BOARD, ALACHUA COUNTY
SCHOOL BOARD and VOLUSIA COUNTY SCHOOL
BOARD.
            Defendants.
_____/

**DEFENDANT, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA'S,
REPLY IN SUPPORT OF MOTION TO DISMISS**

   Defendant, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA (hereinafter, "VCSB"), by and through its undersigned attorneys, hereby files its Reply in Support of its Motion to Dismiss Plaintiffs' Complaint for Injunctive Relief, and as grounds therefor, states as follows:

### A. Plaintiffs' Response Improperly Relies on Documents Outside of their Complaint.

The Plaintiffs' Response to Defendant, VCSB's Motion to Dismiss, asserts that Ms. Kinder, the Plaintiff whose child, R.F., attends school in Volusia County, requested "several reasonable accommodations including asking for her classmate's teacher to be masked and that R.K. be able to eat and drink in an outdoor seating area." [ECF 103, p. 2.] To which, she allegedly was denied. *Id.* These allegations, as well as the allegations set forth in paragraphs 1 through 8 of the Plaintiffs' Response, are not based on the Complaint, but on affidavits that were filed by the Plaintiffs in support of their Amended Motion for Preliminary Injunction, which was denied by this Court. [ECF 80-8] Unfortunately for the Plaintiffs, the Court is constrained to review only the allegations as contained within the four corners of the Complaint and may not consider matters outside the pleading in ruling on a motion to dismiss. See *Austin v. Modern Woodman of America*, 275 Fed.Appx. 925, 926 (11th Cir. 2008).

Here, based solely on the allegations and documents referred to in the Complaint [ECF 4], VCSB reiterates again that R.F. and Ms. Kinder failed to allege that they specifically demanded reasonable accommodations. Moreover, as stated in VCSB's Motion, under the ADA, a student is not entitled to the accommodation of her choice, but only to a reasonable accommodation. *Redding v. Nova Southeastern University, Inc.*, 165 F.Supp.3d 1274, 1297 (11th Cir. 2016).

Indeed, the Complaint fails to state any specific action by VCSB which may be grounds for Plaintiffs' claims. Even in the Plaintiffs' Response, their allegations are directed at the Governor and his actions to "relentlessly enforce his Orders thought [sic] the Department of Education" and "attempt to revoke the school board member's salaries" and "in regulation relating to the requirement of a parental opt-out, the drafters provided a direct cause of action under the

parents' bill of rights, §1014.01, Fla. Stat., et seq. when a child who chooses not to wear a mask is subject to discrimination." [ECF 103, p. 9.]

Thus, the Complaint must be dismissed as to VCSB for failure to state a cause of action.

**B. Plaintiffs Failed to Exhaust Administrative Remedies.**

Even if this Court permits allegations outside of the Complaint to be considered, the Plaintiffs' Complaint must be dismissed where the Plaintiffs have failed to exhaust administrative remedies. The Plaintiffs assert that this Court, in denying their Motion for Preliminary Injunction, failed to recognize that "the **gravamen** of the case was the refusal of entry into the schoolhouse" and not the denial of FAPE. [ECF 103, p. 10.]

However, as evidenced by the Plaintiffs' Complaint, the gravamen of the Plaintiffs' Complaint seeks to enjoin Defendants "from interfering with [the Plaintiffs'] rights to a free and appropriate public education in the least restrictive environment." [ECF 4, ¶56; p. 32, 34; see also ¶¶ 78-89.] Even the Affidavit of Jamie Kinder — a document that the Plaintiffs' rely on in their Response but which is not a part of their Complaint — evidences that the Plaintiff challenges the alleged denial of FAPE. Specifically, Ms. Kinder alleges "R.K. deserves equal, free, safe public schooling under the law. In her case, and thousands of other[sic] like her around our county and state, a separate and isolated education is nowhere near an equal education….It is my understanding that the virtual program is abysmal this year because the district has not properly funded the same…." [ECF 80-8, ¶21, 24.] Accordingly, Plaintiffs were required to exhaust administrative remedies as set forth under IDEA. See *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017).

Moreover, while exhaustion of administrative remedies is not required where resort to administrative remedies would be (1) futile or (2) inadequate, the Plaintiffs have failed to

previously allege futility or inadequacy. See *M.T.V. v. DeKalb County School Dist.,* 446 F.3d 1153, 1158 (11th Cir. 2006). As stated in VCSB's Motion, Plaintiffs' mere conclusory allegation that exhaustion would be futile is insufficient. *Id.*; [ECF, ¶ 164.]

Further, this Court has already held that the Plaintiffs must exhaust administrative remedies where the gravamen of their Complaint is the denial of FAPE and that exhaustion of administration remedies would not be futile. [ECF 98]

Thus, the Plaintiffs' failure to exhaust their administrative remedies warrants dismissal of this suit.

### C. Venue Must Be Transferred to the Middle District Court under Forum Non Conveniens Theory.

In its Response, the Plaintiffs falsely assert that VCSB has not stated "any specific reason why the Northern District, or the Middle District would be more convenient than the Southern District, other than to sever the claims." In its Motion, VCSB laid out the specific reasons pursuant to the Section 1404(a) factors why the Middle District would be more convenient. In summary, VCSB asserted in its Motion that venue must be transferred to the Middle District Court where seven (7) out of the ten (10) Defendants are located in the Middle District or the Northern District, and eight (8) out of the fifteen (15) minor children who are Plaintiffs in this case attend school in the Middle District, and it would be more convenient even for those Plaintiffs and Defendants in the Northern District to litigate their claims in the Middle District rather than the Southern District due to the distance. Arguably, while the Plaintiffs assert in their Response that the use of remote proceedings have made it convenient for all parties to litigate in the Southern District that will definitely not be the case in all situations. As we have seen in the most recent hearing before this Court, parties may be required to appear in person in the Southern District, unless permission is specifically granted by the Court to appear telephonically.

Secondly, the location of relevant documents and sources of proof makes the Middle District the appropriate forum for the eight minor children Plaintiffs and four Defendant school boards located in the Middle District of Florida.

Lastly, the locus of the operative facts underlying the Plaintiffs, Jamie Kinder's and R.K.'s claims against VCSB would have arisen from and occurred in Volusia County and have no connection to the Southern District of Florida. The same would be the case for the three other school boards located in the Middle District of Florida. Moreover, the operative facts underlying the Executive Order at issue here occurred in Tallahassee, Florida, which is in the Northern District of Florida, and would have no connection to the Southern District of Florida. Courts give less deference to a Plaintiff's chosen forum 'where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, and where the Defendants' "home venue privilege" weighs heavily in favor of transferring this case to the Middle District of Florida. *MSPA Claims 1, LLC v. Halifax Health, Inc.,* 2017 WL 7803813 *3, 5 (S.D. Fla. October 13, 2017).

Thus, for all the foregoing reasons, the totality of the circumstances necessitate a transfer of venue to the Middle District of Florida.

## CONCLUSION

For the aforementioned reasons, THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA, respectfully requests that the Court enter an Order dismissing the Plaintiffs' Complaint with prejudice; or alternatively, transferring this matter to the Middle District of Florida, Orlando division.

                                              DORAN, SIMS, WOLFE & YOON

                                              */s/ Carol A. Yoon*
                                              Theodore R. Doran, FBN 347515
Aaron Wolfe, FBN 766216
Carol A. Yoon, FBN 100804
1020 West International Speedway Boulevard
Daytona Beach, Florida 32114
Telephone: (386) 253-1111
Primary Email: awolfe@doranlaw.com
Primary Email: cyoon@doranlaw.com
Secondary Email: klavassaur@doranlaw.com
Attorneys for The School Board of Volusia County

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 28th, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this date via electronic mail to the following counsel of record:

Stephanie Langer, Esquire
Slanger@justdigit.org

Matthew Wilson Dietz, Esquire
Mdietz@justdigit.org

Lee A. Peifer, Esquire
Leepeifer@eversheds-sutherland.com

Raymond Frederick Treadwell, Esquire
Ray.treadwell@eog.myflorida.com

Rocco E. Testani, Esquire
roocotestani@evershed-sutherland.com

Stacey M. Mohr, Esquire
Staceymohr@eversheds-sutherland.com

Anastasios Kamoutsas, Esquire
anaskam@mail.regent.edu

Amy J. Pitsch, Esquire
Amy.pitsch@gmlaw.com

Luis Michael Garcia, Esquire
Lmgarcia2@dadeschools.net

Jordan Alexander Madrigral, Esquire
jordanmadrigal@dadeschools.net

Susan M. Marken, Esquire
smarken@dadeschools.net

Jason L. Margolin, Esquire
Jason.margolin@akerman.com

Melissa Torres, Esquire
Melissa.torres@akerman.com

Zarra Ramirez Elias, Esquire
Zarra.elias@akerman.com

Jon Erik Bell, Esquire
Jon.bell@palmbeachschools.org

Laura Esterman Pincus, Esquire
Laura.pincus@palmbeachschools.com

Lisa A. Carmona, Esquire
Lisa.carmona@palmbeachschools.com

Patricia Morales Christiansen, Esquire
Anna.morales@palmbeachschools.com

Sean Christian Fahey, Esquire
Sean.fahey@palmbeachschools.com

Michael Thomas Burke, Esquire
burke@jambg.com

Dennis John Alfonso, Esquire
dalfonso@mcclainalfonso.com

David McKinnon Delaney
David.delaney@dellgraham.com

                                    */s/ Carol A. Yoon*
                                    Carol A. Yoon