IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:21-cv-22863-KMM

JUDITH ANNE HAYES, individually and on behalf
of W.H., a minor, et. al.,

    Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; et.al.,

    Defendants.
_____/

**RESPONSE TO THE SCHOOL BOARD OF VOLUSIA COUNTY
MOTION TO DISMISS AMENDED COMPLAINT [DE-131]**

**COMES NOW**, Plaintiffs, JUDITH ANNE HAYES, individually and on behalf of W.H., a minor., et al., by and through the undersigned counsel, hereby file their response to Defendant, VOLUSIA COUNTY SCHOOL BOARD, Motion to Dismiss Amended Complaint [DE-131], and states as follows:

    **I.**    **Facts:**

In this matter, the Plaintiff who lives in Volusia County is Jamie Kinder and her nine-year-old daughter, R.K., who is extremely immunocompromised. DE 121, ¶ 99. Her autoimmune disease makes it extremely risky to go to the schoolhouse to obtain the programs and services of the Volusia County School Board (VCSB). Ms. Kinder specifically made a request for reasonable accommodations **to VCSB**, and, like the other accommodation request of the other parents, made specific requests for reasonable accommodation tailored to R.K.'s needs and within the ability of VCSB to put into effect – "(a) That both students and employees wear a mask when in close proximity to R.K.; (b). That staff of SBHC that have in-person interaction with R.K.be vaccinated;

(c). That staff or students that are exposed to the Coronavirus be quarantined until there is no longer a threat of infection." DE 121, ¶ 104. She was told that the school was not permitted to accommodate Ms. Kinder's request due to the new laws from the state of Florida. DE 121, ¶ 107. In September of 2021, it was clear that "In the end, school board members said that even if they think requiring masks is a good idea, they believe their hands are tied legally with a recent judge's ruling that allowed Gov. Ron DeSantis's ban on school mask mandates to stand."[1] Since the Amended Complaint was filed and the numbers of those infected with COVID-19 decreased, R.K. was fully vaccinated, and went back to her school. In her school, (1) she wears an N-95 face mask, (2) she eats her lunch and snacks alone, (3) she is the permanent line leader, (4) she uses a separate private restroom, (5) she is seated near a window, and (6) she has a portable air purifier at her desk. Because of her extremely immunocompromised state, Ms. Kinder is still very concerned, and when there is another surge, she will be pulled out of school.

II.     **Standard of Review**:

The Plaintiffs' complaint pleads sufficient facts and the law to withstand a motion to dismiss. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if the allegations in the complaint fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the allegations of claims for relief. The dismissal of a complaint is warranted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Glover v. Liggett Group, Inc*.,* 459 F.3d 1304, 1308 (11th Cir. 2006).

---

[1] https://www.mynews13.com/fl/orlando/news/2021/09/14/volusia-county-schools-mask-mandate

When ruling on a motion to dismiss under Rule 12(b)(6) a court "accepts that allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Those "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 570). In short, the complaint cannot merely allege misconduct, but must demonstrate that it is plausible that the pleader is entitled to relief. Id.

**III.     R.K. and her mother states a claim upon which relief may be granted.**

In Alboniga v. Sch. Bd. of Broward Cty. Fla., 87 F. Supp. 3d 1319, 1338 (S.D. Fla. 2015), Judge Bloom analyzed the obligations of an ADA Title II public entity in assessing a reasonable accommodation of allowing a service animal in a school for a six-year-old boy with epilepsy and used a wheelchair.

> "In order to state a Title II claim, a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." Bircoll v. Miami–Dade Cnty., 480 F.3d 1072, 1083 (11th Cir.2007); see also Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir.2000) ("Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases."); Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir.1999) ("To establish a prima facie case of discrimination under the [Rehabilitation] Act an individual must show that (1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability.").
> …
> As to the third prong, "[i]f establishing discrimination by failure to make reasonable accommodation, a plaintiff who satisfies the first two prongs meets the

> last prong merely by showing that a reasonable accommodation was not provided." Pardo v. Napolitano, 2009 WL 3448181, at *2 (S.D.Fla. Oct. 26, 2009) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir.2001)); Nadler v. Harvey, 2007 WL 2404705, at *5 (11th Cir. Aug. 24, 2007) ("If establishing discrimination by failure to make reasonable accommodation, a plaintiff must merely show that (1) he was disabled, (2) he was otherwise qualified, and (3) a reasonable accommodation was not provided."). The ADA imposes only a "but-for" causation standard for liability, rather than a proximate causation standard. McNely v. Ocala Star–Banner Corp., 99 F.3d 1068, 1077 (11th Cir.1996) (" 'because of' conveys the idea of a factor that made a difference in the outcome").
> …
> As embodied in 28 C.F.R. § 35.130(b)(7), "[t]he ADA's 'reasonable modification' principle ... does not require a public entity to employ any and all means to" accommodate an individual with disability, "but only to make 'reasonable modifications' that would not fundamentally alter the nature of the service or activity of the public entity...." Bircoll, 480 F.3d at 1082.

Id at 1337–38. In explaining the difference between a reasonable accommodation and a fundamental alteration, Judge Newsome of the Eleventh Circuit opined as follows: "This Court has explained—in imaginative terms—that '[t]he differences between [an] accommodation that is required and [a] transformation that is not is the difference between saddling a camel and removing its hump.'" Schaw v. Habitat for Human. of Citrus Cty., Inc., 938 F.3d 1259, 1265 (11th Cir. 2019) (quoting Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (11th Cir. 2001))

As a fundamental alteration, VCSB states that "requesting that a School violate Federal law is an unreasonable accommodation." DE 131, p. 6.  Primarily, the accommodation would not be unreasonable as many different schools have provided this accommodation around the country and around the world. Whether it would be a fundamental alteration is strictly a question of federalism and the Supremacy clause.

Any state law that conflicts with federal law is preempted by the federal law and is without effect under the Supremacy Clause of the Constitution. Lewis v. Brunswick Corp., 107 F.3d 1494, 1500 (11th Cir.1997) (*citing* Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516, 112 S.Ct. 2608,

120 L.Ed.2d 407 (1992)). State laws that "interfere with, or are contrary to the laws of congress, made in pursuance of the constitution" are invalid. Wis. Pub. Intervenor v. Mortier, 501 U.S. 597, 604, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991) (*citing* Gibbons v. Ogden, 9 Wheat. 1, 211, 6 L.Ed. 23 (1824)); see also U.S. Const. Art. VI, cl. 2. In evaluating whether federal law takes precedence over state law, the court begins with the presumption that "the historic police powers of the States were not to be superseded by [a] Federal Act unless that was the clear and manifest purpose of Congress." Jones v. Rath Packing Co., 430 U.S. 519, 523, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977) (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947) (quotations omitted)). Such conflicts exist not only where "it is impossible . . . to comply with both state and federal law," but also "where under the circumstances of [a] particular case, [the challenged state law] stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 372-3 (2000) (internal citation and quotation marks omitted). The Supreme Court has "held repeatedly that state laws can be pre-empted by federal regulations as well as by federal statutes," Hillsborough County v. Automated Med. Labs, Inc., 471 U.S. 707, 713 (1985), and that "[f]ederal regulations have no less pre-emptive effect than federal statutes," Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153 (1982).

The courts of appeals have repeatedly applied such principles in holding that federal disability rights laws, including the ADA, preempt state statutes to the extent that state laws conflict with federal mandates. See, e.g., Astralis Condo. Ass'n v. HUD, 620 F.3d 62, 69-70 (1st Cir. 2010) (defendant could not permissibly rely on Puerto Rico law to refuse to provide an accommodation required under the Fair Housing Act for a person with a disability); Crowder v. Kitagawa, 81 F.3d 1480 (9th Cir. 1996) (concluding that Hawaii's animal quarantine law, as

applied to guide dogs, denied plaintiffs access to state services, programs, and activities in violation of the ADA); Barber v. Colorado Dep't of Revenue, 562 F.3d 1222, 1233 (10th Cir.2009) (emphasizing that proposed accommodation under federal disability law is not unreasonable simply because it might require defendants to violate state law). As the Tenth Circuit has emphasized, "[r]eliance on state statutes to excuse non-compliance with federal law is simply unacceptable under the Supremacy Clause." Barber, 562 F.3d at 1233. Simply put, a defendant "is duty bound not to enforce a [state] statutory provision if doing so would either cause or perpetuate unlawful discrimination" under federal law. Astralis, 620 F.3d at 69. To the extent Florida law or regulation impedes any public accommodation's ability to comply with its ADA obligations, state law must "give way." North Carolina State Bd. of Educ. v. Swann, 402 U.S. 43, 45 (1971).

An example of an as-applied issue regarding the validity of local regulations to the Fair Housing Act is Warren v. Delvista Towers Condo. Ass'n, Inc., 49 F. Supp. 3d 1082, 1088 (S.D. Fla. 2014). In Warren, the court held that Miami-Dade's pit-bull ban could not prohibit a person from requesting to have a pit-bull as a reasonable accommodation for an emotional support animal, unless that specific animal posed a direct threat to the safety of others pursuant to the direct threat standards under the Fair Housing Act and its regulations. The same analysis is due in this case. Is the requested accommodation truly a fundamental alteration?

**IV.  R.K. and her mother properly joined the VCSB because it directly caused the injury to R.K., notwithstanding the pressure of the State Defendants.**

The amended complaint is clear that Ms. Kinder is requesting a safe environment, and a reasonable and necessary accommodation for her daughter, and these requests were refused based on the enforcement of the executive order and the laws of Florida. DE 121, p. 28-29, 31-32. In

addition to the executive order, the relief also includes the school board's enforcement of Fla. Stat., 112.0441(2) and 1002.20(n). As such, there is a direct injury to Plaintiff because of the denial of an accommodation and the qualification standard enforced by VCSB.

V.     **Proper Venue**

The Plaintiffs' focused on one forum to resolve the issues relates to the need for uniformity and settled expectations, but the decision is directly attributable to the venue issues that are involved in this case. Pursuant to 28 U.S.C. § 1391,

> Venue in general. --A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

In this matter, all of the defendants reside in the state of Florida, and plaintiffs brought the case in a district in which two defendants reside. As such, venue is appropriate. There are no exceptions to the venue rule other than forum non-convenience. However, due to the overall issues of law in dispute in this case and the use of remote proceedings during the pandemic, *forum non conveniens, 29 U.S.C. § 1404(a)* is a non-issue, especially so when each defendant contends that each of its locations is a proper forum. The Defendants have not stated any specific reason why the Northern District, or the Middle District would be more convenient than the southern district, other than to sever the claims, which again, would bring inconsistent adjudications and would further delay the immediate relief that the Plaintiffs are requesting, and the same immediate relief would also inure to the benefits of the Defendants who should want their legal obligations resolved in light of the danger to their students.

Lastly, the "Home Venue Privilege" is inapplicable. It provides that, absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal

headquarters. Fla. Pub. Serv. Comm'n v. Triple "A" Enters., Inc., 387 So.2d 940, 942 (Fla.1980). Primarily, state created procedural rights must cede to federal rules and procedures. See Hanna v. Plumer, 380 U.S. 460, 473–74, 85 S. Ct. 1136, 1145, 14 L. Ed. 2d 8 (1965) ("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act."). The fact that federal law controls over the Home Venue Privilege was specifically addressed in Young v. Corizon LLC, 2019 WL 2587813, at *4, *rep. & rec. adopted*, 2019 WL 2583156 (N.D. Fla. 2019). Substantively, the Home Venue Privilege does not apply where conservation of government resources and convenience to the government are not better served. Id. at *4 (citing Bd. of Cty. Comm'rs of Madison Cty. v. Grice, 438 So. 2d 392, 394-95 (Fla. 1983)) As such, the procedural requirements of 28 U.S.C. 1391 supersede Florida law as to appropriate venue, and the Southern District of Florida is an appropriate venue.

Lastly, the obligations as stated by this Court should not be subject to differing courts from differing districts as to whether this law, as applied to each of the School Boards as well as the State of Florida and should be interpreted in a uniform matter for a uniform remedy.

> "Inconsistent obligations" are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

Delgado v. Plaza Las Ams., Inc., 139 F.3d 1, 3 (1st Cir.1998) (per curiam) (citations omitted); accord Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ., 584 F.3d 253, 282 (6th Cir.2009) (en banc); Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1040 (11th

Cir. 2014). There are no judicial interests that would indicate that this case should be subject to identical suits against the State Defendants and several school districts in each Florida District.

**VI.    The Volusia County School Board chose not to reassert failure to comply with Administrative Preconditions.**

**WHEREFORE,** Plaintiffs, JUDITH ANNE HAYES, individually and on behalf of W.H., a minor., et al., respectfully requests that this Court DENY Defendant, VOLUSIA COUNTY SCHOOL BOARD, Motion to Dismiss Amended Complaint [DE-131], and grant any further relief as this court deems just and equitable.

Respectfully submitted this February 22, 2022.

By: /s/*Matthew W. Dietz*_____
Matthew W. Dietz, Esq.
Florida Bar No. 84905

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

By: /s/*Matthew W. Dietz*_____
Matthew W. Dietz, Esq.
Florida Bar No. 84905
Stephanie Langer, Esq.
Florida Bar No. 149720
2990 Southwest 35th Avenue
Miami, Florida 33133
T: (305) 669-2822 / F: (305) 442-4181
slanger@justDIGit.org
mdietz@justdigit.org
aa@justdigit.org