IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:21-cv-22863-KMM

JUDITH ANNE HAYES, individually and on behalf of W.H., a minor,
ROBYN MCCARTHY and JOHN MCCARTHY, individually
and on behalf of L.M., a minor, AMANDA BANEK, individually
and on behalf of D.B. and B.B., minor children, JAMIE KINDER,
individually and on behalf of R.K., a minor, KRISTEN THOMPSON,
individually and on behalf of P.T., a minor, EREN DOOLEY, individually
and on behalf of G.D., a minor,

    Plaintiffs,

v.

GOVERNOR RONALD DION DESANTIS, in his official
Capacity as Governor of the State of Florida; FLORIDA
DEPARTMENT OF EDUCATION, RICHARD CORCORAN,
in his official capacity as Commissioner of the Florida Department
of Education, FLORIDA DEPARTMENT OF HEALTH, JOSEPH A.
LADAPO, in his official capacity as the State Surgeon General,
ORANGE COUNTY SCHOOL BOARD, MIAMI DADE COUNTY
SCHOOL BOARD, PALM BEACH SCHOOL BOARD,
HILLSBOROUGH COUNTY SCHOOL BOARD, ALACHUA COUNTY
SCHOOL BOARD and VOLUSIA COUNTY SCHOOL BOARD,

    Defendants.
_____/

**DEFENDANTS ORANGE COUNTY SCHOOL BOARD,
ALACHUA COUNTY SCHOOL BOARD, VOLUSIA COUNTY SCHOOL BOARD,
AND THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA'S
JOINT EXPEDITED MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**

DEFENDANTS, ORANGE COUNTY SCHOOL BOARD ("OCSB"), ALACHUA COUNTY SCHOOL BOARD ("ACSB"), VOLUSIA COUNTY SCHOOL BOARD ("VCSB"), and THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA ("HCSB"), by and through undersigned counsel, file this Joint Expedited Motion for Protective Order to Stay

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

Discovery pursuant to Local Rule 26.1(g) and Federal Rule of Civil Procedure 26(c), and state in support:

## BACKGROUND AND PROCEDURAL POSTURE

1. On August 6, 2021, Plaintiffs filed a Complaint and Motion for Preliminary Injunction against the Defendants, including OCSB, ACSB, VCSB, and HCSB. (Docs 1, 3, 15, 21, 34, 35). Following an appeal of the Court's denial of their Motion for Preliminary Injunction, Plaintiffs dismissed the appeal and sought to amend the Complaint before the Southern District. The Court granted the request to amend, re-opened the current case, and Plaintiffs filed the operative Complaint on January 20, 2022. (Doc. 121).

2. In the Amended Complaint, filed on January 20, 2022, Plaintiffs are challenging Defendant Governor DeSantis' Executive Order 21-175, Florida Department of Health Rule No. 64DER21-12, Florida Department of Health Rule No. 64DER21-15, and legislation enacted in Chapters 112 and 1022 of the Florida Statutes in November 2021. (Doc. 121). Plaintiffs claim the executive order and law prevent school districts from meeting their obligations to students with disabilities pursuant to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

3. Defendants filed Motions to Dismiss the Amended Complaint on February 3, 2022, asserting that the Southern District has no jurisdiction over Defendants. (Doc. 125, 127, 130, 131). Plaintiffs filed Responses to these Motions on February 22, 2022 (Doc. 141, 144, 146, 147). VCSB and HCSB filed their Replies on March 1, 2022 (Doc. 151, 152). Thus this is ripe for Court action.

4. Three days later, Plaintiffs served Interrogatories and Requests for Production on OCSB, on February 25, 2022. The Interrogatories are attached hereto as Exhibit "A" and the Requests for Production are attached hereto as Exhibit "B."

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

5. On February 28, 2022, Plaintiffs served Interrogatories and Requests for Production on ACSB. The Interrogatories are attached hereto as Exhibit "C" and the Requests for Production are attached hereto as Exhibit "D."

6. On February 25, 2022 and February 28, 2022, Plaintiffs served Interrogatories and revised Requests for Production on VCSB. The Interrogatories are attached hereto as Exhibit "E" and the revised Requests for Production are attached hereto as Exhibit "F."

7. On February 25, 2022 and February 28, 2022, Plaintiffs served Interrogatories and revised Requests for Production on HCSB. The Interrogatories are attached hereto as Exhibit "G" and the revised Requests for Production are attached hereto as Exhibit "H."

8. Defendants' pending Motions to Dismiss asserting improper venue and *forum non conveniens* are both meritorious and case dispositive. Defendants request a stay of discovery until after this Court has ruled on Defendants' Motions to Dismiss the Amended Complaint.

9. This Motion seeks to temporarily excuse the moving Defendants from responding to any written discovery requests, as well as any subsequent requests to set depositions or comply with subpoenas, per Local Rule 26.1(g)(3). It is not directed to individual discovery requests, but rather, discovery as a whole.

## MEMORANDUM OF LAW

In cases where a dispositive motion is pending and no issues of fact need to be resolved via discovery to allow the court to rule, the court should resolve the motion before directing discovery to commence. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997). Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins. *See id*. In cases where a motion to dismiss for lack of personal jurisdiction or a motion to transfer is

pending, discovery on the merits of the case should not be permitted until resolution of the pending motion. *See id*. at 1367; *see also McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (district court directed to consider and rule on motion to transfer before discovery on the merits of the case). A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Chudusama*, 123 F.3d at 1366 ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them," particularly for pre-trial activities like discovery and scheduling).

> As the court found in *Chudusama*,
>
> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery, and if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1368.

In this case, Plaintiffs have promulgated voluminous requests for production and interrogatories on the moving Defendants that will impose significant costs, including Board staff time spent searching for and compiling relevant documents, as well as attorneys' fees generated in interpreting discovery requests, drafting responses to the discovery, advising as to which documents should be disclosed and which ones are withheld, and determining which information may be privileged. The moving Defendants should not be compelled to participate in this discovery in a case filed in the Southern District when each Defendant has credibly asserted, as a threshold matter, that this Court has no jurisdiction over them and should dismiss the claims against them

and transfer them to the proper venues (the Middle District and the Northern District). As no issues of fact exist that would impact the resolution of a pending dispositive motion – the case here – then resolution of the moving Defendants' Motions to Dismiss should precede any discovery in the case. *See id*. at 1367.[1]

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue a stay of discovery pending the resolution of a dispositive motion. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997), quoted with approval in *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014). In ruling on a motion to stay discovery, the court must determine if good cause and reasonableness to grant the motion exist, by weighing the potential harm in a discovery delay against the possibility that the motion will be granted, thus eliminating the need for the discovery altogether. *See Med-Care Diabetic*, 2014 WL 12284078 at *1. This analysis requires the Court to take a "'preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.*

Here, a stay of discovery is particularly suitable because the arguments raised by Defendants are dispositive and incurable by amendment. Indeed, the position of the moving Defendants is even stronger because this Court, *sua sponte*, directed Plaintiffs to show cause why their lawsuit should not be dismissed for lack of standing. (Doc. 148). So, not only do the moving Defendants have meritorious and dispositive motions pending alleging lack of personal jurisdiction, the Court has forecasted its own doubt as to the continued validity of Plaintiffs' suit for relief under Article III of the Constitution. *See* Doc. 148 ("Here, before ruling on the pending motions to dismiss in this case, the Court is obligated to inquire into its subject matter jurisdiction

---

[1] The moving Defendants do not believe any discovery is required to resolve the jurisdictional arguments contained in the pending Motions to Dismiss.

given that Plaintiffs' counsel has stated that there would be no basis for an across-the-board policy if the CDC were to revise its guidance to say that masks are not required or mandatory.").

HCSB has furthermore shown that, in the alternative, this Court lacks subject matter jurisdiction due to Plaintiffs' failure to exhaust their administrative remedies. (Doc. 125 at 10-12, Doc. 151). HCSB should not be compelled to participate in discovery where it has also shown, in addition to improper venue and *forum non conveniens*, that this Court lacks subject matter jurisdiction over the claims against it. *See Chevaldina v. Katz*, 17-22225-CIV, 2017 WL 6372620, at *1 (S.D. Fla. Aug. 28, 2017) (granting stay of discovery pending resolution of motion to dismiss based on lack of subject matter jurisdiction).

With respect to these four Defendants, there is a strong likelihood that this Court has neither personal nor subject matter jurisdiction over them. As such, they should not be subjected to onerous discovery requests such as those promulgated on February 25, 2022, and February 28, 2022, prior to disposition of the Motions to Dismiss the Amended Complaint and the Court's own Order to Show Cause dated February 28, 2022.

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.1(a)(3), the undersigned certifies that she contacted counsel for the Plaintiffs via phone on March 10th concerning the relief requested herein and is authorized to represent that Plaintiffs oppose the relief requested in this Motion. During this conference with Plaintiffs' counsel, a request was also made that if the Court does not grant this motion, the Defendants request a three-week extension (from the current deadline) to respond to the extensive discovery requests, which Plaintiffs do not oppose.

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

Dated this 11th day of March, 2022.

                                            */s/ Amy J. Pitsch*
                                            **AMY J. PITSCH**

WHEREFORE, OCSB, ACSB, VCSB, and HCSB respectfully request that this Honorable Court order the following relief:

(1) a protective order staying discovery until the Court issues a ruling on OCSB, ACSB, VCSB, and HCSB's Motions to Dismiss and/or the pending Order to Show Cause; or

(2) in the alternative, a three-week extension (from the current deadlines) to respond to Plaintiffs' discovery requests; and

(2) any other relief this Court deems appropriate.

OCSB, ACSB, VCSB, and HCSB further respectfully request that this Honorable Court consider this Motion on an expedited basis, as their responses to Plaintiffs' pending discovery are currently due on March 28 and 30, 2022.

DATED: March 11, 2022.

                                         */s/ Amy J. Pitsch*
                                         **AMY J. PITSCH**
                                         Florida Bar No.: 0338280
                                         E-mail: apitsch@sniffenlaw.com
                                         **SNIFFEN & SPELLMAN, P.A.**
                                         123 North Monroe St.
                                         Tallahassee, FL 32301
                                         Telephone: (850) 205-1996
                                         Facsimile: (850) 205-3004
                                         *Attorney for Orange County School Board*

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

/s/ Natasha S. Mickens
Natasha S. Mickens
Florida Bar No.: 0112709
natasha.mickens@dellgraham.com
David M. Delaney
Florida Bar No.: 121060
david.delaney@dellgraham.com
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
*Attorneys for Alachua County School Board*

/s/ Carol A. Yoon
Carol A. Yoon
Florida Bar No.: 100804
cyoon@doranlaw.com
Theodore R. Doran
Florida Bar No.: 347515
tdoran@doranlaw.com
Aaron Wolfe
Florida Bar No.: 766216
awolfe@doranlaw.com
klavassaur@doranlaw.com
**DORAN SIMS WOLFE & YOON**
1020 West International Speedway Blvd.
Daytona Beach, FL 32114
(386)253-1111
*Attorneys for Volusia County School Board*

/s/ Christine B. Gardner
JASON L. MARGOLIN, ESQ.
Florida Bar Number: 69881
Email: jason.margolin@akerman.com
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

And

CHRISTINE B. GARDNER, ESQ.
Florida Bar Number: 109903
Email: christine.gardner@akerman.com
AKERMAN LLP
777 S. Flagler Drive, 1100 West Tower

*Judith Ann Hayes, et al. v. Governor Ronald Dion DeSantis, et al.*
*Case No. 1:21-cv-22863-KMM*

West Palm Beach, Florida 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
*Attorneys for Defendant, The School Board of Hillsborough County, Florida*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have filed the foregoing with the Clerk of Court via CM/ECF this 11th day of March, 2022. I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

*/s/ Amy J. Pitsch*
**AMY J. PITSCH**


*/s/ Natasha S. Mickens*
**NATASHA S. MICKENS**


*/s/ Carol A. Yoon*
**CAROL A. YOON**


*/s/ Christine B. Gardner*
**CHRISTINE B. GARDNER**

62570015;1